HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNTERS CAPITAL, LLC et al,

Plaintiffs,

v.

CITY OF SEATTLE,

Defendant.

Case No. 20-cv-00983 TSZ

CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY

NOTE ON MOTION CALENDAR:
Friday, September 25, 2020

## I.   RELIEF REQUESTED

The City of Seattle requests that the Court stay discovery pending issuance of its decision on the City's July 23, 2020, motion to dismiss. *See* Dkt. 11. Ninth Circuit and Supreme Court decisional law suggests that a stay while the City's motion to dismiss is pending is the "sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (because the "threat of discovery expense will push cost-conscious defendants to settle even anemic cases," courts must take care "to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence'" (citation omitted)).

CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY - 1
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

## II. PROCEDURAL POSTURE

**A.   The City's Pending Motion to Dismiss Seeks Dismissal for Reasons That Cannot Be Remedied by the Plaintiffs (Again) Amending the Complaint.**

The City's pending motion seeks dismissal of all claims on grounds of substance, not form. The fatal deficiencies in the complaint cannot be remedied by a second amended complaint; the plaintiffs already addressed their pleading problem by filing an amended complaint on July 10. *Compare* Dkt. 1 *with* Dkt. 9. The plaintiffs' complaint is fatally defective because it seeks redress for lawful government action.

The plaintiffs seek to hold the City responsible for acts of third parties in and around Cal Anderson Park in Seattle during mass protests that followed the killing of George Floyd. The plaintiffs allege that the City is responsible for acts of these third parties because it failed to stop them and the harm they caused. The predicate for the claim is false. The government cannot be held liable for the actions of others on the theory that it failed to prevent those actions. This theory has been uniformly rejected by the courts that have addressed it. In responding to the motion to dismiss, the plaintiffs did not cite a single case that supports their claims; the plaintiffs ask the Court to create a rule of law rather than apply existing law.

The City's motion to dismiss is sound, the issues can be resolved on the pleadings, and the motion is fully briefed.

**B.   Responses to the Plaintiffs' Discovery Requests, Served after Briefing Was Complete, Are Not Needed to Respond to the Motion to Dismiss.**

Ten days after briefing on the motion to dismiss was complete, the plaintiffs sent the City an enormously broad set of interrogatories and requests for production. *See* Groshong Decl. Exs. 1, 2. The City has started work on its responses. Groshong Decl. ¶ 4. Responding will require a huge investment of City resources, necessarily consuming massive amounts of human resources and a lot of money over a long period of time. Groshong Decl. ¶ 5.

In the parties' Rule 26(f) conferences on August 17 and September 9, the City requested an

CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY - 2
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

agreed stay of discovery pending the Court's ruling on the motion to dismiss.  Groshong Decl. ¶ 6.  Counsel for the plaintiffs declined the request but did not explain what discovery they needed, if any, in order to replead in the event the complaint is dismissed.  Groshong Decl. ¶ 6.  Counsel for the plaintiffs agreed that the parties should negotiate an agreement based on the Court's Model ESI Agreement, but were not prepared at the September 9 conference to discuss the custodians or search terms the City should utilize in searching for documents responsive to their requests as that agreement contemplates (*see* https://www.wawd.uscourts.gov/sites/wawd/files/ModelESIAgreement.pdf ("The parties shall timely confer to attempt to reach agreement on appropriate search terms . . . [and] data sources (including custodians) . . . before any such effort is undertaken.")); however, they agreed to extend by 30 days the deadline for responses to their requests.  Groshong Decl. ¶ 6.

This case is in its infancy.  Even if the claims are not dismissed on the pleadings, there is no apparent prejudice to the plaintiffs in a short discovery stay.  COVID-19 related delays affecting the entire judicial system also bear on the wisdom of modest delays where there might otherwise be reasons to press ahead.  If the Court's ruling does not dispose of the case but narrows the claims, that narrowing will narrow the scope of discovery and the City's discovery responses will be more efficient.

### III.   ARGUMENT

Whether issued as a Rule 26(c) protective order or under the Court's inherent authority, this Court has broad authority to stay discovery in this case pending a ruling on the City's motion to dismiss.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery during pendency of motion for summary judgment based on the district court's "wide discretion in controlling discovery").[1]  The very purpose of a motion to dismiss is "to enable

---

[1] *See also Harmon v. Mack*, 508 F. App'x 636, 637 (9th Cir. 2013) (affirming order staying discovery); *United States v. U.S. Dist. Ct.*, 694 F.3d 1051, 1058 (9th Cir. 2012) ("A district court "has inherent power 'to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (citation

CITY OF SEATTLE'S MOTION  
FOR A STAY OF DISCOVERY - 3  
(Case No. 20-cv-00983 TSZ)

LAW OFFICES  
**HARRIGAN LEYH FARMER & THOMSEN LLP**  
999 THIRD AVENUE, SUITE 4400  
SEATTLE, WASHINGTON 98104  
TEL (206) 623-1700   FAX (206) 623-8717

defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co.*, 829 F.2d at 738.  So it is "sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim *before* forcing the parties to undergo the expense of discovery." *Id.* (emphasis added).[2]

In approving a stay in *Rae v. Union Bank*, 725 F.2d 478 (1984), the Ninth Circuit stated that a stay would be inappropriate only "where there are factual issues raised by the motion." *Id.* at 481.  This "preliminary peek" at the pending motion assesses only "whether (1) the pending motion would be potentially dispositive of the entire case . . . and (2) the pending potentially dispositive motion can be decided without additional discovery." *Bosh v. United States*, No. 19-5616 BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019) (issuing stay) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and *Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013)); *see also Roberts v. Khounphixay*, No. 18-746 MJP/BAT, 2018 WL 5013780, at *1-2 (W.D. Wash. Oct. 16, 2018) (issuing stay after applying same two-part "preliminary peek" test).  Here, as in *Rae*, there are "no factual issues" to be decided in the pending motion.  Following these authorities, courts in this district routinely stay discovery during the pendency of a dispositive motion to promote efficiency and judicial economy.[3]

---

omitted));  *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming stay issued under Rule 26(c)); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay issued pursuant to court's inherent power); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay issued pursuant to court's inherent power); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (affirming stay issued under Rule 26(c)).

[2] The Eleventh Circuit has held that this means that "challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, *should . . . be resolved before discovery begins*" and that the district court abuses its discretion by allowing discovery to proceed.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added).

[3] *E.g., Lloyd v. Fitzwater*, No. 17-5627 BHS/TLF, 2020 WL 1890591, at *1 (W.D. Wash. Apr. 15, 2020) (finding "a stay of discovery" until the court rules on the pending motion to dismiss "will facilitate the orderly and efficient progress of this case"); *Lloyd v. Buzell*, 18-06038 RBL/DWC, 2019 WL 2646243, at *1 (W.D. Wash. June 27, 2019) (issuing stay because motion "may result in an amended complaint or dismissal of the entire action and can be decided without additional discovery" and "a stay would advance the efficiency for the Court and the litigants"); *Silbaugh v. Chao*, No. 17-1759 RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (issuing stay because the defendant "has raised a threshold question of subject matter jurisdiction that should be answered before proceeding with discovery" and, "[b]y moving now, Defendant may save both parties time and money"); *S.S. v. Microsoft Corp. Welfare Plan*, No. 14-0351 RSM, 2014 WL 12641201, at *1 (W.D. Wash. Dec. 15, 2014) (stay was appropriate

CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY - 4
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

A stay of discovery is particularly appropriate in class actions to ensure that a viable claim exists before a party is ordered to undertake discovery of the breadth that may be appropriate if the class action survives the motion. *See Twombly*, 550 U.S. 544. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citations omitted). Because the "threat of discovery expense will push cost-conscious defendants to settle even anemic cases," the courts must take care "to avoid the potentially enormous expense of discovery in cases with no 'reasonably founded hope that the [discovery] process will reveal relevant evidence.'" *Id.* at 559 (citation omitted).

Stays of discovery also are appropriate to protect a municipal defendant like the City from the "substantial diversion of public resources" required to "compl[y] with the proposed discovery," when such expenditures "might not ultimately be necessary." Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2037 n.18 (3d ed.).

The plaintiffs' very broad discovery requests lend further support to the general reasons for deferring discovery. Responding to the plaintiffs' requests for production will require a massive collection, search, and review effort. For instance, the plaintiffs seek "all documents and communications relating to or referring to any complaints" about "the CHOP, conditions on Capitol Hill during the Chop occupation, the CHOP zone, or CHOP participants." Groshong Decl. Ex. 1, RFP 1. A massive amount of body-worn video from the Seattle Police Department is responsive to this request. And that is just one category of responsive materials. Responding to this request (as to the others) will require a City-wide review of all City employee emails and other communications to see if they referenced the CHOP. Even if narrowed by agreement, the process of negotiating the contours of the City's collection, search, review, and production, and then

---

"particularly given the possibility that claims could be dismissed and the expenses associated therewith would not be necessary at this time"); *Todd v. City of Aberdeen*, No. 09-1232 JCC, 2009 WL 10676365, at *2 (W.D. Wash. Nov. 19, 2009) (staying discovery in putative class action pending resolution of Rule 12 motions).

CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY - 5
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

executing on that plan, will be massive, very time-consuming, and costly.  Groshong Decl. ¶ 5. Responding to the plaintiffs' interrogatories will also require a huge effort: among other requests, they ask the City to explain in exhaustive detail the City's involvement in the CHOP down to the individual provision of municipal services such as water, sewer, and garbage to CHOP residents and businesses.  *E.g.,* Groshong Decl. Ex. 2, Interrog. 6.

None of the plaintiffs' requested discovery bears on the City's pending motion to dismiss, filed on July 23.  The plaintiffs have already amended their complaint, which still fails as a matter of law; they served discovery on August 31, ten days *after* briefing was complete on the motion to dismiss; and nine days after service of those requests, they were not prepared to discuss how the City should search for responsive documents (*e.g.,* custodians and search terms) as will be required if the parties utilize the Court's Model ESI Agreement.  Discovery should be stayed until the Court has had an opportunity to rule on the City's motion.

### IV.   CONCLUSION

For the foregoing reasons, the City requests that the Court stay discovery pending issuance of its ruling on the City's motion to dismiss.

DATED this 10th day of September, 2020.

| PETER S. HOLMES<br>Seattle City Attorney<br><br>By: *s/ Joseph Groshong*<br>　Joseph Groshong, WSBA #41593<br>　Assistant City Attorney<br>　Seattle City Attorney's Office<br>　701 Fifth Avenue, Suite 2050<br>　Seattle, WA 98104<br>　Tel:  (206) 684-8200<br>　Joseph.Groshong@seattle.gov | HARRIGAN LEYH FARMER & THOMSEN LLP<br><br>By: *s/ Arthur W. Harrigan, Jr.*<br>By: *s/ Tyler L. Farmer*<br>By: *s/ Kristin E. Ballinger*<br>　Arthur W. Harrigan, Jr., WSBA #1751<br>　Tyler L. Farmer, WSBA #39912<br>　Kristin E. Ballinger, WSBA #28253<br>　999 Third Avenue, Suite 4400<br>　Seattle, WA 98104<br>　Tel:  (206) 623-1700<br>　arthurh@harriganleyh.com<br>　tylerf@harriganleyh.com<br>　kristinb@harriganleyh.com |

*Attorneys for the City of Seattle*

CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY - 6
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717