THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

HUNTERS CAPITAL, LLC, a Washington limited liability company, NORTHWEST LIQUOR AND WINE LLC, a Washington limited liability company, SRJ ENTERPRISES, d/b/a CAR TENDER, a Washington corporation, THE RICHMARK COMPANY d/b/a RICHMARK LABEL, a Washington company, SAGE PHYSICAL THERAPY PLLC, a Washington professional limited liability company, KATHLEEN CAPLES, an individual, ONYX HOMEOWNERS ASSOCIATION, a Washington registered homeowners association, WADE BILLER, an individual, MADRONA REAL ESTATE SERVICES LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS IV LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS VI LLC, a Washington limited liability company, 12TH AND PIKE ASSOCIATES LLC, a Washington limited liability company, REDSIDE PARTNERS LLC, a Washington limited liability company, MAGDALENA SKY, an individual, OLIVE ST APARTMENTS LLC, a Washington limited liability corporation, BERGMAN'S LOCK AND KEY SERVICES LLC, a Washington limited liability company, MATTHEW PLOSZAJ, an individual, ARGENTO LLC, a Washington limited liability company,

Case No. 2:20-cv-00983 TSZ

OPPOSITION TO CITY OF SEATTLE'S MOTION FOR A STAY OF DISCOVERY

Noted: September 25, 2020

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1
2
3
4

RANCHO BRAVO, INC., a Washington corporation, SWAY AND CAKE LLC, a Washington limited liability company, SHUFFLE LLC d/b/a Cure Cocktail, a Washington limited liability company, on behalf of themselves and others similarly situated,

5                                         Plaintiffs,

6           vs.

7    CITY OF SEATTLE,

8                                         Defendant.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

I. **INTRODUCTION**

Defendant City of Seattle ("the City") has moved to stay discovery, but that motion is based on a misconstruction of the relevant law and facts. Most importantly, the City has overlooked the fact that a stay of discovery in this matter would be illogical given that Plaintiffs could use a public-records request to obtain all of the information it has sought in discovery here, even if a stay were ordered. But even aside from that, the City has failed to carry its heavy burden to demonstrate why the Court should enter a stay in this case, rather than follow the default rule that motions to dismiss do not stay discovery. Plaintiffs' discovery requests bear directly on a factual dispute at issue in the City's motion to dismiss, and the parties are already working cooperatively on the City's responses. The Court should deny to the motion to stay and allow that process to continue.

II. **BACKGROUND**

A. **The Parties Are Already Meeting and Conferring About Discovery**

The parties are already in the process of meeting and conferring about Plaintiffs' discovery requests, despite the City's attempt to portray Plaintiffs as unprepared or unwilling to do so. The parties held a productive conversation on September 9, 2020, about several items, including preliminary discussions about custodians. *See* Declaration of Tyler Weaver in Opposition to City's Motion to Stay, ¶ 3. The City had not mentioned prior to that phone call that it wanted to discuss possible custodians, so Plaintiffs could only give a general sense of possible custodians, and has since provided additional detail on that point, even though it is not their obligation to tell the City where to find responsive documents. *See id.* Plaintiffs have identified 10 custodians and have asked the City to assist in identifying others, but the City has thus far refused to provide organizational charts or clearly agree to look for or identify other potential custodians. *See id.* at ¶¶ 3, 5 and Ex.1. These discussions are, however, ongoing.

In addition, Plaintiffs have already agreed to extend by 30 days the deadline for the City to respond to their discovery requests and are actively discussing search terms and some possible

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ **-** 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1   limitations on their requests. *See id.* at ¶¶ 5, 6. In short, with relatively minor and cordial

2   disagreements that are typical of the discovery process, the parties are already working together on

3   the City's responses to discovery that the City is now seeking to stay.

4   **B.      Plaintiffs Served Discovery Almost Immediately Upon Being Able to Do So**

5           The City repeatedly refers to the fact that Plaintiffs did not serve discovery until after briefing

6   was complete on the motion to dismiss. Mtn. at 2, 6. Plaintiffs do not believe that has any bearing

7   on the present motion, but the City has eliminated all context surrounding that timing. The parties

8   held their initial Rule 26(f) conference on August 17, 2020, the same day Plaintiffs' opposition brief

9   was due. *See id.*, ¶ 2. At that conference, Plaintiffs made it clear that they would not agree to a stay

10  of discovery pending the motion to dismiss. *See id.*, ¶ 2.

11          Pursuant to Rule 26(d)(1), Plaintiffs could not serve requests before that conference. But

12  Plaintiffs did serve them just two weeks later, on August 31, 2020.  *See id.*, ¶ 3. This was not a

13  strategically delayed timing of the discovery requests, as the City apparently contends.

14  **C.      Regardless of the Outcome of the Motion to Dismiss, Plaintiffs Will Be
           Entitled to Amend the Complaint Again**

15

16          The City claims Plaintiffs will not or should not be allowed to amend their complaint again,

17  thus contending that any stay will necessarily be resolved by the pending motion to dismiss. But

18  regardless of the outcome of the present motion, Plaintiffs anticipate that they will again seek leave

19  to amend their complaint because they have two state-law claims (nuisance and negligence) that are

20  presently in the City's tort-claims process. Plaintiffs filed these tort claims with the City on August

21  21, 2020 and cannot add them to this action until at least 60 days later, on October 20, 2020. *See*

22  Weaver Decl., ¶ 8 and Ex. 2; RCW 4.92.110. Plaintiffs fully expect the City to move to dismiss those

23  claims as well, thereby guaranteeing that the motion(s) to dismiss in this case will not be resolved

24  for a very significant length of time.

25

26

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ **-** 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1

**D.    The City's Pending Motion to Dismiss Concerns Factual Issues**

2    The City claims its motion to dismiss does not raise any factual issues. But any fair reading

3  of the briefing on that motion reveals the two sides have a fundamental factual disagreement. The

4  City's position is that Plaintiffs have sued the City not for the City's behavior, but rather the behavior

5  of third parties. *See, e.g.,* Dkt. No. 11 at p. 2 ("Plaintiffs seek to hold the City responsible for the acts

6  of private parties in and around the Capitol Hill Organized Protest ('CHOP'). However, the City is not

7  liable for those private acts and the complaint fails to state a claim as a matter of law."). Plaintiffs,

8  meanwhile, argue that their case rests on affirmative actions the City took.  *See, e.g.,* Dkt. No. 12 at p. 1

9  ("**For more than 3 weeks in June 2020, Defendant City of Seattle ("the City") facilitated the private

10  occupation of an entire neighborhood in Capitol Hill. … The occupation received material physical

11  and political support from the City, as well as the full-throated endorsement of Seattle Mayor Jenny

12  Durkan.…**").

13    Plaintiffs believe that they have more than sufficiently pled enough facts to support their

14  theory of the case, but the City clearly believes otherwise. And Plaintiffs' discovery requests are

15  aimed at uncovering further actions that the City took that Plaintiffs may not already know about.

16  *See* Weaver Decl. ¶ 7 and Groshong Decl., Exs. 1 and 2.

17    **III.    ARGUMENT**

18  **A.  The City Has a Duty to Produce Public Records Independent of this Litigation**

19    The Court should also deny the City's motion for the simple reason that everything Plaintiffs

20  seek in their discovery requests in this case is available via a public-records request, thus rendering

21  any stay both unnecessary and illogical.

22    The City is a government agency subject to the requirements of the Public Records Act,

23  RCW 42.56.010, *et. seq.*, which "requires all state and local agencies to disclose

24  any public record upon request, unless the record falls within certain very specific exemptions."

25  *Progressive Animal Welfare Soc. v. Univ. of Washington*, 125 Wn. 2d 243, 250 (1994). That

26

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ **-** 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1  includes everything that would be normally available to a party in litigation with the City. *See, e.g.*,

2  RCW § 42.56.290; *O'Connor v. Wn. Dep't. of Social and Health Servs.*, 143 Wn.2d 895, 906-910

3  (2001) (court cannot require party to seek discovery under court rules rather than the Public Records

4  Act). This is, moreover, subject to a penalty for failing to provide responsive documents. *See* RCW

5  42.56.550(4).

6        Thus, even if a court rules that it would be "unduly burdensome" to require a public agency

7  to respond to a discovery request that requires production of 174,000 emails, that request is still

8  proper under the PRA and those same documents must be produced to the party seeking the

9  documents under the PRA. *See Wn. Dep't of Transp. v. Mendoza de Sugiyama*, 182 Wn. App. 588,

10  596-604 (2014).

11        Plaintiffs *could* have elected to seek, through a public-records request, the same documents

12  Plaintiffs have sought through discovery. Plaintiffs instead chose to participate in the more

13  cooperative process under the Federal Rules that functions with the Court's oversight. To enter a

14  stay in this case would lead to the absurd result that Plaintiffs could not seek through litigation what

15  they could seek through a public-record request. Plaintiffs believe that proceeding through the

16  discovery process with this Court is likely to be both more efficient and cheaper for the parties than

17  a public-records request, and could be much less burdensome for the City, but a stay in this case

18  might force Plaintiffs to consider pursuing that avenue. Plaintiffs instead ask that the Court allow

19  the parties to continue the process that has already commenced.

20

21      **B. Motions to Dismiss Should Not Result in a Stay Except in Circumstances that Do Not Apply Here**

22        If the Court is nonetheless inclined to consider a stay, the City's motion still fails on the

23  merits of the City's argument.

24        The basic rule is that "a pending motion to dismiss is not grounds for staying discovery."

25  *Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, 2017 WL 4221091, at *5 (W.D. Wash. Sept. 21,

26

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ **-** 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1   2017) (internal quotations omitted). *See also Magassa v. Wolf*, No. 2020 WL 2307477, at *1 (W.D.

2   Wash. May 8, 2020) ("a pending motion to dismiss does not ordinarily warrant

3   a stay of discovery"); *Old Republic Title, Ltd. v. Kelley*, 2010 WL 4053371, at *4 (W.D. Wash. Oct.

4   13, 2010) ("A motion to dismiss is not grounds for staying discovery.") For that reason, the City

5   carries a "heavy burden" of demonstrating that the Court should grant a stay. *See, e.g., Rosario v.*

6   *Starbucks Corp.*, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017).

7           As another judge of this Court has explained:

8           > Had the Federal Rules contemplated that a motion to dismiss under
            > Fed. R. Civ. Pro. 12(b) (6) would stay discovery, the Rules would

9           > contain a provision to that effect. In fact, such a notion is directly at
            > odds with the need for expeditious resolution of litigation.

10

11  *Old Republic Title, Ltd.*, 2010 WL 4053371, at *4 (citation omitted).

12          While it may be within the Court's discretion to enter a stay of discovery, that discretion

13  should only be exercised when the motion to dismiss raises "issues of jurisdiction or immunity."

14  *Magassa*, No. 2020 WL 2307477, at *1. *See also, e.g.*, *Williams v. Sampson*, 2017 WL 1330502,

15  at *1 (W.D. Wash. Apr. 11, 2017). The City's motion to dismiss presents no such issue.

16          Instead, as discussed in I.D., *supra*, the City's motion raises the question of whether the

17  facts Plaintiffs have alleged state a claim against the City for its actions, as opposed to the actions

18  of third parties. And even the authorities the City relies on indicate that a stay is inappropriate where

19  the motion turns on a "factual issue." *See, e.g., Rae v. Union Bank*, 725 F.2d 478, 481 (1984); *Jarvis*

20  *v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

21          While the City encourages the Court to take a "preliminary peek" at the substance of the

22  motion, that would simply amount to an improper preliminary finding of the likelihood of

23  success on the motion to dismiss, and circumvent the procedure for the full resolution of

24  that motion. *See Rosario*, 2017 WL 4122569, at *1 (W.D. Wash. Sept. 18, 2017). Further, the

25  cases the City cites to support this "preliminary peek" concept were both cases where the motions

26

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ **-** 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1 | to dismiss turned on the exceptional issues of immunity and jurisdiction. *See Bosh v. U.S.*, 2019

2 | WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019) (jurisdiction); *Roberts v. Khounphixay*, 2018 WL

3 | 5013780, at *1-2 (W.D. Wash. Oct. 16, 2018) (qualified immunity).

4 |       The City has cited an impressive number of cases in support of its motion, but upon a close

5 | review of those citations, the cases demonstrate that the stays in those cases were predominantly

6 | granted either because the pending motion raised the particular issues of immunity, jurisdiction, or

7 | antitrust,[1] or because the case involved some factor that simply does not exist in this case.[2] The City

8 | has not carried its heavy burden of showing that the Court should reject the basic rule that motions

9 | to dismiss do not warrant stays of discovery.

10 |       That fact does not change just because there is a putative class in this case. Plaintiffs'

11 | discovery requests are aimed at demonstrating the City's knowledge and actions with regard the

12 | Capitol Hill Occupied Protest. *See* Groshong Decl., Exs. 1 and 2. The same information and

13 | documents would be needed even in an individual, single-plaintiff case against the City.   *See*

14 | Weaver Decl., ¶ 7. This case is certainly not *Twombly*, where the plaintiffs sought to represent a

15 | class "of at least 90 percent of all subscribers to local telephone or high-speed Internet service in

16 | the continental United States, in an action against America's largest telecommunications firms."

17 | *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S. Ct. 1955 (2007). Plaintiffs have made discrete

18 | requests and need responses to their discovery to prove their claims, regardless of whether a Class

19 | is ultimately certified.

20 |

21 | [1] *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (antitrust case, noting that stays require special consideration in antitrust because "the costs of discovery in such actions are prohibitive") *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (immunity); *Silbaugh v. Chao*, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (jurisdiction).

22 |

23 | [2] *See Harmon v. Mack*, 508 F. App'x 636, 637 (9th Cir. 2013) (*pro se* plaintiff; not addressing motion to stay); *U.S. v. U.S. Dist. Ct.*, 694 F.3d 1051, 1058 (9th Cir. 2012) (not addressing a motion to stay); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (plaintiff had "zero" chance of prevailing on the merits); *Lloyd v. Fitazwater*, 2020 WL. 189051, at *1 (W.D. Wash. Apr. 15, 2020) (*pre se* prisoner plaintiff); *Lloyd v. Buzell*, 2019 WL 2646243, at *1 (W.D. Wash. June 27, 2019) (plaintiff did not oppose stay); *S.S. v. Microsoft Corp. Welfare Plan*, 2014 WL 12641201, *1 (W.D. Wash. Dec. 15, 2014) (court had not yet issued order pursuant to Rule 26(f)); *Todd v. City of Aberdeen*, 2009 WL10676365, at *2 (plaintiffs wanted discovery to respond to arguments in motion to dismiss, but no factual dispute existed).

24 |

25 |

26 |

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ **-** 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1   Further, the City's apocalyptic statements (*e.g.*, Mtn. at 5) about the steps needed to respond

2   to discovery are greatly exaggerated. Plaintiffs are not interested in a "City-wide review of all City

3   employee emails and other communications to see if they referenced CHOP," Mtn. at 5, as they

4   made clear to the City before it filed its motion. *See* Weaver Decl., ¶ 4. Nor are Plaintiffs interested

5   in every utility bill provided to residents of the area. *See id.* at ¶ 6. And the City's unsupported

6   statement that there is "a massive amount of body-worn video from the Seattle Police Department,"

7   Mtn. at p. 5, seems inherently overblown given that one of the fundamental problems with the City's

8   response to CHOP was that police did ***not*** respond to complaints in the area. *See, e.g.*, Dkt. No. 9,

9   ¶¶ 55-68 (First Amended Complaint).

10                          IV.   **CONCLUSION**

11       There is no reason to stay discovery in this case. The parties have already been productively

12   meeting and conferring about the responses, and Plaintiffs could seek the same information through

13   a public-records request. For the reasons stated above, Plaintiffs respectfully submit that the Court

14   should deny the City's motion to stay discovery.

15       DATED this 21st day of September, 2020.

16                          CALFO EAKES LLP

17                          By  */s Patty A. Eakes*
                                Patty A. Eakes, WSBA #18888
18                              Angelo J. Calfo, WSBA #27079
                                Tyler S. Weaver, WSBA #29413
19                              Andrew DeCarlow, WSBA #54471
                                Henry Phillips, WSBA #55152
20                              1301 Second Avenue, Suite 2800
                                Seattle, WA  98101
21                              Phone: (206) 407-2200
                                Fax: (206) 407-2224
22                              Email:     pattye@calfoeakes.com
                                           angeloc@calfoeakes.com
23                                         tylerw@calfoeakes.com
                                           andrewd@calfoeakes.com
24                                         henryp@calfoeakes.com
                                *Attorneys for Plaintiffs*
25

26

OPPOSITION TO CITY OF SEATTLE'S MOTION
FOR A STAY OF DISCOVERY
Case No. 2:20-cv-00983 TSZ **-** 7