THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

HUNTERS CAPITAL, LLC, a Washington limited liability company, NORTHWEST LIQUOR AND WINE LLC, a Washington limited liability company, SRJ ENTERPRISES, d/b/a CAR TENDER, a Washington corporation, THE RICHMARK COMPANY d/b/a RICHMARK LABEL, a Washington company, SAGE PHYSICAL THERAPY PLLC, a Washington professional limited liability company, KATHLEEN CAPLES, an individual, ONYX HOMEOWNERS ASSOCIATION, a Washington registered homeowners association, WADE BILLER, an individual, MADRONA REAL ESTATE SERVICES LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS IV LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS VI LLC, a Washington limited liability company, 12TH AND PIKE ASSOCIATES LLC, a Washington limited liability company, REDSIDE PARTNERS LLC, a Washington limited liability company, MAGDALENA SKY, an individual, OLIVE ST APARTMENTS LLC, a Washington limited liability corporation, BERGMAN'S LOCK AND KEY SERVICES LLC, a Washington limited liability company, MATTHEW PLOSZAJ, an individual, ARGENTO LLC, a Washington limited liability company, RANCHO BRAVO, INC., a Washington corporation, SWAY AND

Case No. 2:20-cv-00983 TSZ

DECLARATION OF TYLER WEAVER IN SUPPORT OF OPPOSITION TO CITY OF SEATTLE'S MOTION FOR A STAY OF DISCOVERY

Noted: September 25, 2020

DECLARATION OF TYLER WEAVER
IN SUPPORT OF OPPOSITION TO CITY OF
SEATTLE'S MOTION FOR A STAY OF
DISCOVERY
(Case No. 2:20-cv-00983 TSZ)- 1

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

CAKE LLC, a Washington limited liability company, SHUFFLE LLC d/b/a Cure Cocktail, a Washington limited liability company, on behalf of themselves and others similarly situated,

Plaintiffs,

vs.

CITY OF SEATTLE,

Defendant.

I, Tyler Weaver, declare as follows:

1.      I am an attorney with Calfo Eakes LLP and represent Plaintiffs in the above-captioned action.  I am over eighteen years of age and am competent to testify herein.  I make the following statements based on my personal knowledge.

2.      I have already met and conferred about discovery with counsel for the City of Seattle three times in this case. The first was on August 17, 2020, when the parties held their Rule 26(f) conference (which was the same day our opposition to the City's motion to dismiss was due). During that conference, we made clear to opposing counsel that we would not agree to a stay of discovery pending a resolution on the motion to dismiss, and we also discussed the five departments of the City that we believe are most likely to have relevant information.

3.      We served our discovery requests on August 31, 2020 and had another discovery conference with the City's counsel on September 9, 2020, at the City's request. The City had not indicated in their request for a meeting that it wanted Plaintiffs to designate custodians (or believed we had to do so), so we did not have a list ready, but we again discussed the five departments we felt would be the most likely to have relevant information, and the heads of those various departments. We followed that up the next day, on September 10, 2020, with an email

DECLARATION OF TYLER WEAVER
IN SUPPORT OF OPPOSITION TO CITY OF
SEATTLE'S MOTION FOR A STAY OF
DISCOVERY
(Case No. 2:20-cv-00983 TSZ)- 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200    FAX (206) 407-2224

reiterating that custodians would need to include the heads of those five departments, as well as the custodian(s) of complaints in those departments. We also asked the City to work with us to identify additional custodians, and to provide us with organizational charts for those five departments, which the City has not done. A true and correct copy of my September 10 email is attached to this declaration as **Exhibit 1**.

4.    I also made it clear in on our September 9, 2020 phone call that Plaintiffs are not interested in searching every possible custodian in the City for email or other documents related to CHOP or CHAZ.

5.    We also met and conferred with the City on September 16, 2020, about our proposed ESI agreement, as well as several issues related to our discovery requests. That included, again, discussions about custodians. I asked counsel directly if the City intended to designate any custodians beyond what we had already specified, and counsel did not commit to doing anything to helping with custodian designations. However, I remain hopeful that the City will be more cooperative as the process develops.

6.    During that same call on September 16, we agreed to provide preliminary search terms (although it is unclear if we are required to do so) for the City to consider, as well as consider some basic limitations on discovery. We specifically discussed the City's concern that we might be interested in every utility bill sent to residents of CHOP, or every order for routine utility work in CHOP. I assured them that we are not.

7.    The discovery requests that Plaintiffs served on the City do not seek any information that we would not seek on behalf of these same clients, and on these same legal theories, if this case was not a putative class action. The information we seek is relevant to establishing the City's liability, especially at uncovering *all* of the City's affirmative acts, and a single plaintiff would have to seek the same information.

DECLARATION OF TYLER WEAVER
IN SUPPORT OF OPPOSITION TO CITY OF
SEATTLE'S MOTION FOR A STAY OF
DISCOVERY
(Case No. 2:20-cv-00983 TSZ)- 3

8.    Plaintiffs filed two state-law tort claims (nuisance and negligence) with the City on August 21, 2020. A true and correct copy of selected pages of that filing is attached to this declaration as **Exhibit 2.**

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 21st day of September, 2020 at Seattle, Washington.

_____*s/ Tyler Weaver*_____
Tyler Weaver

DECLARATION OF TYLER WEAVER
IN SUPPORT OF OPPOSITION TO CITY OF
SEATTLE'S MOTION FOR A STAY OF
DISCOVERY
(Case No. 2:20-cv-00983 TSZ)- 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 407-2200   FAX (206) 407-2224

# Exhibit 1

**From:** Tyler Weaver
**Sent:** Thursday, September 10, 2020 5:08 PM
**To:** Kristin Ballinger <kristinb@harriganleyh.com>; Andrew DeCarlow <andrewd@calfoeakes.com>
**Cc:** Tyler Farmer <tylerf@harriganleyh.com>; Groshong, Joseph <Joseph.Groshong@seattle.gov>; Florine Fujita <florinef@harriganleyh.com>; Kellie McDonald <KellieM@harriganleyh.com>; Art Harrigan <harrigan@seanet.com>; Caitlin Pratt <caitlinp@harriganleyh.com>
**Subject:** RE: Hunters Capital LLC v City of Seattle. Model ESI Agreement

We are available to talk on Wednesday the 16th between 10 to 11 and 1 to 3. Let us know if either of those windows will work.

With regard to custodians, it's our understanding of the ESI protocol that each party is supposed to suggest custodians on their side that they believe will have relevant information. That said, as we said yesterday and in our initial call, and indicated in our requests, we are primarily interested in the Mayor's office, the fire department, the police department, the city transportation department, and public utilities.

In each of those departments, we need the head of each department (Durkan, Best, Scroggins, etc.), the person or people in charge of receiving complaints, and most likely one or two additional custodians from each department.

The City could assist substantially in the process by sending us the organization charts for each of these five departments so that we have a common basis to work from.

Tyler Weaver
**CALFO EAKES LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
T: 206 407 2237 | www.calfoeakes.com

*Notice: this internet e-mail message may contain confidential, privileged information that is intended only for the addressee. If you have received this e-mail message in error, please call us immediately at (206) 407-2210 and ask to speak to the message sender. Thank you. We appreciate your assistance in correcting this matter.*

**From:** Kristin Ballinger <kristinb@harriganleyh.com>
**Sent:** Wednesday, September 9, 2020 4:35 PM
**To:** Tyler Weaver <TylerW@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>
**Cc:** Tyler Farmer <tylerf@harriganleyh.com>; Groshong, Joseph <Joseph.Groshong@seattle.gov>; Florine Fujita <florinef@harriganleyh.com>; Kellie McDonald <KellieM@harriganleyh.com>; Art Harrigan <harrigan@seanet.com>; Caitlin Pratt <caitlinp@harriganleyh.com>
**Subject:** Hunters Capital LLC v City of Seattle. Model ESI Agreement

Hi Tyler and Andrew,

Here is a Word version of the Court's 2020 Model ESI agreement and a Word version of the agreement redlined against the older version.  Let us know good times for you next week to discuss the agreement and perhaps even implementation of the agreement as to your pending RFPs.

I've copied on this email Caitlin Pratt (our associate), Florine Fujita (our legal assistant), and Kellie McDonald (our paralegal), all of whom should probably be on any emails to our firm about the case.

Thanks very much,
Kristin

Kristin Ballinger
HARRIGAN LEYH FARMER & THOMSEN LLP
999 Third Avenue, Suite 4400 | Seattle, WA 98104
T: 206 294 7418 | F: 206 623 8717
Chambers USA | Best Lawyers | LinkedIn
www.harriganleyh.com

Exhibit 2

**From:** City Clerk Filing <CityClerkFiling@Seattle.gov>
**Sent:** Friday, August 21, 2020 1:19 PM
**To:** Lixi Colmenero <LixiC@calfoeakes.com>
**Subject:** RE: Hunters Capital LLC, et al. v. City of Seattle

Good afternoon, and thank you for your e-mail. Your documents have been forwarded to the City Attorney's Office for follow-up.

Sincerely,



Janet Polata
Information Services Supervisor
Office of the City Clerk, Legislative Department
O: 206-684-8344 | CityClerk@seattle.gov

---

**From:** Lixi Colmenero <LixiC@calfoeakes.com>
**Sent:** Friday, August 21, 2020 1:11 PM
**To:** City Clerk Filing <CityClerkFiling@Seattle.gov>
**Cc:** Angelo Calfo <angeloc@calfoeakes.com>; Tyler Weaver <TylerW@calfoeakes.com>; Andrew DeCarlow <andrewd@calfoeakes.com>; Henry Phillips <HenryP@calfoeakes.com>; Nancy Carriaga <NancyC@calfoeakes.com>; Patty Ahearn <PattyA@calfoeakes.com>
**Subject:** Hunters Capital LLC, et al. v. City of Seattle

| CAUTION: External Email |
| --- |

Good Afternoon,

On behalf of Calfo Eakes LLP, attached please find a Claim for Damages in regards to the above-mentioned matter.

Please feel free to contact our office should you have any questions.

Thank you,

Lixi Aylin Colmenero | Legal Assistant
**CALFO EAKES LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101-3808
T: 206 407-2242 | Email: lixic@calfoeakes.com | **www.calfoeakes.com**

**City of Seattle**
**CLAIM FOR DAMAGES**

Note:
**Type or Print Legibly.**
See instructions on back.

| CITY USE ONLY |
| --- |
| CLAIM NUMBER |
| DATE FILED |

| CLAIMANT | NAME (FIRST – MIDDLE – LAST, OR BUSINESS NAME) Hunters Capital, LLC and others; see attached | DATE OF BIRTH | HOME PHONE |
| --- | --- | --- | --- |

| CURRENT HOME ADDRESS (NUMBER – STREET – CITY – STATE – ZIP) c/o Angelo Calfo, Calfo Eakes LLP, 1301 2nd Avenue, Seattle, WA 98110 | | BUS. PHONE (206) 407-2200 |
| --- | --- | --- |

| HOME ADDRESS AT THE TIME THE CLAIM AROSE (NUMBER – STREET – CITY – STATE – ZIP) See Attachment A | CELL PHONE |
| --- | --- |
| | E-MAIL ADDRESS info@calfoeakes.com |

| ACCIDENT/LOSS | DATE 6/9/2020-present    TIME | DIAGRAM Use if this will help you locate or describe what happened |
| --- | --- | --- |
| LOCATION/SITE | BE VERY SPECIFIC: STREETS, ADDRESSES, etc. See Attachment A | |

| WHAT HAPPENED? | DESCRIBE IN YOUR OWN WORDS HOW THIS LOSS OCCURRED AND WHY YOU BELIEVE THE CITY IS RESPONSIBLE. (additional space on reverse side or attach additional pages and supportive documents as needed) |
| --- | --- |

See Attachnment A

NAMES, ADDRESSES, AND PHONE NUMBERS OF ALL PERSONS INVOLVED IN OR WITNESS TO THIS INCIDENT

1) See Attachment A.          2) _____   3) _____

_____   _____   _____

Ph:_____   Ph:_____   Ph:_____

| CITY DEPT? |
| --- |
| CITY EMPLOYEE |
| CITY VEHICLE NUMBER, LICENSE, etc. |

**WAS YOUR PROPERTY DAMAGED?** (i.e. Home, Auto, Personal Property)

■ YES   IF SO, THEN FULLY DESCRIBE – SUCH AS AGE, MAKE, MODEL, CONDITION, VALUE, OR EXTENT OF DAMAGE
□ NO    (additional space on reverse side or attach additional pages and supportive documents as needed)

See Attachment A. Amount claimed is presently unknown and damages are ongoing.

| **WERE YOU INJURED?** | ■ YES   IF YES, THEN COMPLETE THE FOLLOWING: □ NO   (additional space on reverse side or attach additional pages and supportive documents as needed) |
| --- | --- |

DESCRIBE YOUR INJURY (IDENTIFY YOUR DOCTOR(S))   See Attachment A. Not physically injured. Amount claimed is presently unknown and damages are ongoing.

WAGE LOSS  □ YES  ■ NO  IF YES, THEN RATE OF PAY: _____

KIND OF WORK_____EMPLOYER_____

**AMOUNT CLAIMED** (if known)  $

**SIGNATURE OF CLAIMANT**
(AND TITLE, IF A BUSINESS)

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct

This claim form must be signed by the Claimant, verifying the claim; or pursuant to a written power of attorney, by the attorney in fact for the claimant; or by an attorney admitted to practice in Washington State on the claimant's behalf; or by a court-approved guardian or guardian ad litem on behalf of the claimant.

EXECUTED this 21st day of August 2020,

At Seattle, King County, Washington

X _____

**ATTACHMENT A TO CLAIM FOR HUNTERS CAPITAL, LLC, *ET. AL.***


This claim is submitted on behalf of the individuals and entities ("the Named Claimants") listed in the attached First Amended Class Action Complaint ("the FAC") that has been filed in the Western District of Washington in Case No. 2:20-cv-00983 TSZ. It is also submitted on behalf of the following Class:  All persons or entities who own property in, have a business in, or reside in the area in the City of Seattle bounded by Denny Way, Union Street, Thirteenth Avenue, and East Broadway. The Class excludes the City of Seattle and any departments or agencies of the City of Seattle.

The precise locations for each Named Claimant are as listed in paragraphs 14 through 32 of the FAC. Facts specific to each Named Claimant's injuries are listed in paragraphs 80 through 172 of the FAC. Facts generally applicable to all Named Claimants and all members of the Class are described throughout the FAC, including in paragraphs 35 to 79 and 173 to 184.

The damages suffered by each Named Claimant and member of the Class are described throughout the FAC, and especially in paragraphs 30 to 179 of the FAC and the causes of action stated in the FAC. The Named Claimants do not presently know the full amount of damages that they have suffered, and the damages from the City's actions are ongoing.

In addition to the causes of action stated in the FAC, the Named Claimants on behalf of themselves and the Class contend that in addition to the causes of action stated in the FAC, the facts described in the FAC give rise to a cause of action for damages pursuant to the theories of nuisance and negligence.

With regard to nuisance, the Named Claimants state on behalf of themselves and the Class that they were harmed by a nuisance under RCW 7.48.010, *et. seq.*. As a direct result of the City's actions, foot and vehicular traffic on the public streets, sidewalks, and other right of ways surrounding Plaintiffs' businesses and residences were physically blocked and/or impeded. The blocking and impeding of foot and vehicular traffic substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their properties, including by blocking access to those properties, and has caused harm to Plaintiffs, including by reducing property values and resulting in lost revenues. The City directly participated in the creation and maintenance of this nuisance, including by providing concrete barriers to be

used for this specific purpose to the CHOP participants. In addition to blocking public rights-of-way, the City's actions created and maintained a series of unlawful and/or unreasonable conditions, including excessive noise, public safety hazards, vandalism, and poor health and sanitation conditions. Those conditions annoyed, injured, and endangered the comfort, repose, health, and safety of Plaintiffs, and rendered Plaintiffs insecure in the use of their properties. These conditions substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their properties, including by creating a reasonable fear among Plaintiffs of using their properties, and caused harm to Plaintiffs, including by reducing property values, inflicting property damage, and causing lost revenues.

With regard to negligence, the Named Claimants state on behalf of themselves and the Class that they were harmed by the City's negligence. The City's affirmative actions as described in the FAC placed the Named Claimants and the Class at substantial risk of foreseeable harm, including but not limited property damage, lost income and revenue, excessive noise, public safety hazards, vandalism, and decreased or lost access to their homes, properties, and businesses. This created a duty for the City to protect the Named Claimants and the Class from that foreseeable harm, a duty that the City breached. The City also owed the Named Claimants and the Class a duty pursuant to at least Seattle Municipal Code Chapter 15.52, which required the City to protect Named Claimants and the Class from unreasonable risks of property damage and other harm and dangers by designating an alternate proposal for those who wished to create and participate in CHOP. The City also breached this duty. The City's breach of its duties proximately caused harm to Named Claimants and the Class, including but not limited to property damage, lost income and revenue, exposure to excessive noise and public safety hazards, increased expenses for security, and lost property value.

There are thousands of witnesses to these events, and the Named Claimants' investigation is ongoing. Witnesses that the Named Claimants can identify at this time include the Named Claimants and their neighbors, customers, employees, and tenants, as well as the following individuals employed by the City of Seattle:

- Mayor Jenny Durkan
- Chief of Police Carmen Best
- Seattle Fire Chief Harold Scoggins
- Seattle Department of Transportation Director Sam Zimbabwe
- The primary assistants and staff of each of the above