HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNTERS CAPITAL, LLC et al,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF SEATTLE,<br><br>    Defendant. | Case No. 20-cv-00983 TSZ<br><br>CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION FOR A STAY OF DISCOVERY<br><br>**NOTED ON MOTION CALENDAR:**<br>**Friday, September 25, 2020** |

## I. REPLY

In opposing the City's motion, the plaintiffs seek to create an erroneous impression—crafted from cherry-picked excerpts and inapposite cases—that the Court must deny the City's motion to stay discovery. In fact, the Court's wide discretion to stay discovery, and the reasons such stays are often implemented, are reflected in those cases and many others. The Court should grant the City's request. It squarely meets the criteria consistently applied by courts in similar situations, including (1) avoiding significant expenses the City will incur before the Court has determined whether the plaintiffs' claims survive the pending motion to dismiss while (2) having no material impact on the plaintiffs' opportunity to pursue the case if the motion to dismiss is denied.

CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION FOR A STAY OF DISCOVERY - 1
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

A. **The Potential Availability of City Documents by Way of Washington's Public Records Act Does Not Change the Analysis under the Federal Rules of Civil Procedure.**

The plaintiffs' primary argument against a stay is that they could obtain the same information through requests pursuant to Washington State's Public Records Act (PRA), chapter 42.56 RCW, suggesting that their decision to engage in the discovery process instead was made in the spirit of cooperation. *See* Dkt. 18, p. 4. But the potential PRA request has no bearing on the merits or value of a stay pending a decision on the motion to dismiss.

First, the PRA concerns documents only. The plaintiffs have already issued twenty-two interrogatories, which inquire into nearly every aspect of the City's response to the demonstrations in the Cal Anderson Park area. *See* Dkt. 17-2. They have also demanded that the City collect documents from (literally) hundreds of custodians from a wide variety of City departments (*see, e.g.,* Dkt. 17-1, Request No. 2[1]), indicating that they may seek leave of court to take far more than the ten depositions allowed by Rule 30. A stay would pause not only document production but also the City's need to respond to those questions and to defend depositions.

Second, the burden of responding to document requests through the discovery process is significantly greater than responding to PRA requests, in part because of the difference in response times. The City's response to a PRA request must be "timely." RCW 42.56.100. But timeliness is measured based on the City's own "reasonable estimate[s]," RCW 42.56.520. Strict compliance even with these estimates is not required. *See Andrews v. Washington State Patrol*, 334 P.3d 94, 97 (Wash. Ct. App. 2014) ("The PRA contains no provision requiring an agency to strictly comply with its estimated production dates."). The PRA permits the City additional time to respond as

---

[1] Requiring production of "all documents and communication . . . to, from, in in the possession of [etc.] which concern [etc.] the CHOP [etc.]" the "Mayor," "members of the Mayor's staff," the "City Council" and "their staff," "all members of the City's business liaison office," "the City's Office of Economic Development, including its members and staff," "the City Attorney's Office, including its members and staff," the "SPU Director" and "her staff," "SPU, including its leadership, staff, employees, agents, or contractors," the "SDOT Director" and "his staff," "SDOT, including its leadership, staff, employees, agents, or contractors," "Members of the City's policy staff," the "SPD Chief" and "her office or staff," "SPD, including its leadership, officers, staff, employees, agents, and contractors," "SFD Chief" and "his office or staff," and "SFD, including its leadership, staff, employees, agents, and contractors."

CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION FOR A STAY OF DISCOVERY - 2
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  needed "to locate and assemble the information requested," and the number of extensions is not
2  statutorily limited. RCW 42.56.520; *see also Andrews*, 334 P.3d at 98 ("[A]gencies [must] provide
3  'the fullest assistance to inquirers and the most timely possible action on requests for information,'
4  [but the statute] does not envision a mechanically strict finding of a PRA violation whenever
5  timelines are missed. Rather, the purpose of the PRA is for agencies to respond with reasonable
6  thoroughness and diligence to public records requests."). Depending on the breadth of a request, it
7  may take a municipality many months or even years to complete its production. *E.g. West v. Dep't*
8  *of Licensing*, 331 P.3d 72, 76 (Wash. Ct. App. 2014) (over ten-month response time "timely").

9      The civil discovery process provides much less flexibility and moves much more quickly.
10 A stay of discovery would defer the significant investment of time and money required to respond
11 until after the Court rules on the motion to dismiss. While similar requests can be made via public
12 records requests, the applicable standards would not require the City to delay other City work to
13 respond, and in any event, no response would be required before the motion to dismiss is decided.

14     In discovery, documents must be produced 30 days after the request "or another reasonable
15 time specified in the response," Fed. R. Civ. P. 34(b)(2)(B), and obviously before the discovery
16 deadline. This limited timeframe can strain dedicated city resources, particularly where the
17 requests are as broad and deep as those propounded here. *See* Dkt. 17-1, 17-2. In response to
18 these constraints, the City must either displace other important government work, including its
19 responses to PRA requests, or contract with others to accomplish it, often at great cost.

20     The Court should exercise its discretion to stay discovery until the court determines that the
21 plaintiffs have stated a viable claim for relief. The plaintiffs may also choose to seek records via
22 PRA requests, which will be handled in the normal course.

23 **B.    The City Has Justified Its Request to Stay Discovery.**

24     The following principles relevant to the City's motion to stay discovery are beyond dispute:
25     -    While the Federal Rules of Civil Procedure do not provide for an automatic stay

CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION FOR A STAY OF DISCOVERY - 3
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

based on a pending motion to dismiss, the Court has "wide discretion" to grant such a stay. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery during pendency of motion based on the district court's "wide discretion in controlling discovery").

- A discovery stay is appropriate where the motion to dismiss (1) is dispositive of the entire case and (2) can be decided without additional discovery. *Bosh v. United States*, No. C19-5616 BHS, 2019 WL 5684162, at *1 (W.D. Wash. Nov. 1, 2019); *Roberts v. Khounphixay*, No. 2:18-cv-00746-MJP-BAT, 2018 WL 5013780, at *1-2 (W.D. Wash. Oct. 16, 2018). Courts make these determinations by taking a "preliminary peek" at the pending motion. *Bosh*, 2019 WL 5684162, at *1; *Roberts*, 2018 WL 5013780, at *1.

- Staying discovery where those conditions exist "furthers the goal of efficiency for the court and litigation." *Little*, 863 F.2d at 685.

The plaintiffs recognize that the City cited an "impressive number of cases" applying these principles. Dkt. 18, p. 6. Rather than acknowledging the Court's discretion and then arguing it should not be exercised here, the plaintiffs attempted to marginalize these decisions by claiming that they are exceptions to an imagined rule disfavoring such stays. There is no such rule: (1) even as enunciated by the plaintiffs, the exceptions swallow the supposed rule;[2] (2) the cases plaintiffs cite do not support their argument.

- In *Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, No. C16-0341JLR, 2017 WL 4221091 (W.D. Wash. Sept. 21, 2017), no motion to dismiss was pending when a discovery stay was requested; the request was based on the party's *intention* to file one *in the future*. *Id.* at *5.

- In *Magassa v. Wolf*, No. 2:19-CV-02036-RSM, 2020 WL 2307477 (W.D. Wash. May 8, 2020), the court *granted* the requested discovery stay, ruling:

> given the early stage of this case, the nature of the arguments raised in Defendants' motions to dismiss, and the fact that both dispositive motions will be fully briefed

---

[2] "[T]he cases demonstrate that the stays in those cases were predominantly granted either because the pending motion raised the particular issues of immunity, jurisdiction, or antitrust, *or because the case involved some factor that simply does not exist in this case*." Dkt. 18, p. 6 (emphasis added) (citation omitted).

CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION FOR A STAY OF DISCOVERY - 4
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

as of [the date of the ordered stay], the Court finds that a brief stay of discovery is warranted and in the interests of judicial economy.  If the motions to dismiss are denied in whole or in part, discovery will proceed. [*Id.* at *1]

- In *Old Republic Title, Ltd. v. Kelley*, No. C10-0038JLR, 2010 WL 4053371 (W.D. Wash. Oct. 13, 2010), the court was provided two bases for granting a stay of discovery: a pending motion to dismiss and an upcoming election, in which one of the defendants was a candidate. *Id.* at *4.  While the court summarily ruled that neither basis amounted to good cause for granting the requested stay, the court nevertheless issued a short stay of discovery, which extended beyond the date scheduled for a hearing on the pending motion to dismiss.  *Id.*

- In *Rosario v. Starbucks Corp.*, No. 2:16-cv-01951 RAJ, 2017 WL 4122569 (W.D. Wash. Sept. 18, 2017), the party seeking a discovery stay apparently provided no basis for the request beyond the existence of its pending motion to dismiss.  *Id.* at *1.  Moreover, the stay requested would have denied the other party certain discovery, not just delayed it, and, for this reason only, the court applied the significantly more onerous "heavy burden" standard.  *Id.*

- Neither *Magassa* nor *Williams v. Sampson*, No. C17-0092-JCC, 2017 WL 1330502 (W.D. Wash. Apr. 11, 2017), states that "issues of jurisdiction or immunity" are the exclusive bases for granting a discovery stay based on a motion to dismiss.  Both cases simply offer those as examples of issues that may support staying discovery.  Nor did the courts in *Bosh*, 2019 WL 5684162, or *Roberts*, 2018 WL 5013780, suggest that their analyses meant that a stay should issue only when the pending motion involved jurisdiction or immunity.

The City has met the standard for issuance of a stay: (1) the City's pending motion is dispositive of the plaintiffs' case as currently pled and (2) the motion can be decided without additional discovery.  The issue is not whether the *complaint* raises a factual dispute, as the plaintiffs now claim (*see* Dkt. 18, p. 3, 6); the issue is whether the *motion* requires factual development before it can be rebutted.  The City's motion seeks dismissal because the facts *as pled by the plaintiffs* do not provide a legally sufficient basis for the plaintiffs' claims.  Applying the

CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION FOR A STAY OF DISCOVERY - 5
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

law to the facts alleged does not transform a legal dispute into a factual one.[3]  The plaintiffs also failed to address the other factors weighing in favor of a stay: that the case involves a putative class action (which entails greater discovery-related costs) and is against a public entity with limited resources to perform its integral functions on behalf of its citizens.  Dkt. 16, pp. 1, 5.

The plaintiffs claim that a stay will delay discovery by a substantial period, but then admit that it is *they* who will be the cause of additional delay.  The plaintiffs state that they intend to move to amend their complaint for the second time, expect that the City will move to dismiss their second amended complaint, and anticipate that a stay extending during the pendency of these motions could be significant.  Dkt. 18, p. 2.[4]  These statements only underscore the propriety of a stay.  Given the plaintiffs' apparently premature pleading decisions, and their intention to amend their complaint again, there is good cause for concern that discovery will be used as an improper fishing expedition to rescue the plaintiffs' fatally flawed complaint.  *See Intellicheck Mobilisa*, 2017 WL 4221091, at *5 ("conducting discovery in hopes of finding a viable cause of action is improper").[5]  Moreover, if the plaintiffs' projected timeline is accurate, unless a stay issues, the City could expend massive resources in unnecessary discovery efforts related to claims later dismissed for legal insufficiency.

## II.   CONCLUSION

The City asks the Court to stay discovery pending further order of the Court.

---

[3] *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion. . . . [T]he district court accepted the facts alleged by the appellants as true, but found them deficient as a matter of law." (citations omitted)); *Rae v. Union Bank*, 725 F.2d 478, 481 (1984) ("[D]iscovery is appropriate where there are factual issues raised by the motion. . . . The district court took all the facts alleged in the complaint as true and decided that the facts as alleged did not" state a claim.).

[4] In fact, the City will oppose as futile the motion to amend to add state law tort claims.  *See Bosteder v. City of Renton*, 117 P.3d 316, 330 (Wash. 2005) (requirement that tort claim be noticed before "commence[ment]" of the "action" meant that plaintiff could not amend to add a claim after expiration of notice period).

[5] *See also In re. Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, No. 08-1905, 2009 WL 294353, at *4 (D. Minn. Feb. 5, 2009) ("Plaintiffs have failed to allege any viable causes of action. Accordingly, they are not entitled to 'conduct a fishing expedition for discovery, and only then amend [their] complaint in order finally to set forth well-pleaded allegations.'" (alteration in original)); *Bergin v. Teamsters Local Union No. 77*, No. 10–2289, 2011 WL 486230, at *1 (E.D. Penn. Feb. 4, 2011) ("Defendant correctly argues that such 'fishing expeditions' to seek out the facts needed to bring a legally sufficient complaint are barred . . .").

CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION FOR A STAY OF DISCOVERY - 6
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    DATED this 25th day of September, 2020.

| PETER S. HOLMES | HARRIGAN LEYH FARMER & THOMSEN LLP |
|---|---|
| Seattle City Attorney | |
| | By: *s/ Arthur W. Harrigan, Jr.* |
| By: *s/ Joseph Groshong* | By: *s/ Tyler L. Farmer* |
| Joseph Groshong, WSBA #41593 | By: *s/ Kristin E. Ballinger* |
| Assistant City Attorney | Arthur W. Harrigan, Jr., WSBA #1751 |
| Seattle City Attorney's Office | Tyler L. Farmer, WSBA #39912 |
| 701 Fifth Avenue, Suite 2050 | Kristin E. Ballinger, WSBA #28253 |
| Seattle, WA 98104 | 999 Third Avenue, Suite 4400 |
| Tel:  (206) 684-8200 | Seattle, WA 98104 |
| Joseph.Groshong@seattle.gov | Tel:  (206) 623-1700 |
| | arthurh@harriganleyh.com |
| | tylerf@harriganleyh.com |
| | kristinb@harriganleyh.com |

*Attorneys for the City of Seattle*

CITY OF SEATTLE'S REPLY IN SUPPORT
OF MOTION FOR A STAY OF DISCOVERY - 7
(Case No. 20-cv-00983 TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717