THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

HUNTERS CAPITAL, LLC, a Washington limited liability company, et al., on behalf of themselves and others similarly situated,

Plaintiffs,

vs.

CITY OF SEATTLE,

Defendant.

Case No.  2:20-cv-00983 TSZ

JOINT STATUS REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, LCR 26(f), and the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, Dkt. No. 7, filed on June 30, 2020, counsel for the parties conducted telephone conferences on August 17, 2020, and September 9, 2020.

The parties hereby present their Joint Status Report as follows:

**1.      Statement of the Nature and Complexity of the Case:**

Plaintiffs are businesses, residents, and property owners in Seattle's Capitol Hill neighborhood. From June 8, 2020, until the morning of July 1, 2020, portions of that neighborhood were occupied by a loosely organized group of individuals who identified themselves by various

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

names, eventually settling on "CHOP," standing for Capitol Hill Occupied Protest. During the existence of CHOP, some public streets and sidewalks in the area were blocked to various degrees with barriers, tents, and other obstacles. The public Cal Anderson Park was part of CHOP and included numerous encampments.

Plaintiffs allege, on behalf of themselves and a class of others similarly situated, that the existence of CHOP caused them substantial property and economic damage, severely restricted their ability to use and enjoy their properties and access the public streets, and subjected them to incessant harassment and noise. Plaintiffs allege that Defendant City of Seattle ("the City") is liable for this harm because of its actions in assisting and endorsing CHOP. Plaintiffs have pled several constitutional theories: procedural due process, substantive due process, equal protection, and takings. Plaintiffs also have placed the City on formal notice of their claims for state-law nuisance and negligence and anticipate seeking to amend their allegations to include those claims once the mandatory period of notice has expired under Washington law. Plaintiffs will address the City's futility argument raised below as needed in briefing, but they note for present purposes that the case the City has cited is inapposite.

The City contends that it is not responsible for the actions of third parties and has no obligation to prevent the criminal and other acts of such third parties identified by Plaintiffs.  The City has moved to dismiss all of Plaintiffs' claims and briefing on that motion is complete.  The City anticipates that the complexity of making individualized determinations of liability (including causation) and damages will defeat class certification.  The City will oppose amendment to add tort claims as doing so is futile.  *See Bosteder v. City of Renton*, 117 P.3d 316, 330 (Wash. 2005) (requirement that tort claim be noticed before "commence[ment]" of the "action" meant that plaintiff could not amend to add a claim after expiration of notice period)."

**2.** **Deadline for the joining of additional parties:** The parties jointly propose February 12, 2021, as the deadline for joining additional parties.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200  FAX, (206) 407-2224

1     **3.**     **Magistrate Judge:** No.

**4.**     **Discovery Plan:** Plaintiffs do not anticipate difficulty in conducting discovery in this lawsuit.  The City anticipates difficulty in conducting and agreeing to reasonable limits on discovery based on Plaintiffs' initial set of discovery to the City and has sought to stay discovery until after the Court rules on the City's motion to dismiss.  The parties report as follows regarding other aspects of discovery:

     **A.**     **Initial disclosures:** The parties exchanged initial disclosures on September 28, 2020.

     **B.**     **Subjects, timing, and potential phasing of discovery:** Plaintiffs do not foresee the need for phasing of discovery. Plaintiffs have opposed the City's motion to stay and will not revisit that argument here.  In addition, the City also proposes below that if discovery is not stayed, that the Court bifurcate of discovery into issues related to class certification, as opposed to other issues, but the two areas of discovery cannot be reasonably separated from each other in this case. For example, as stated above in section 1, the City intends to defeat class certification by establishing that there are predominating individual issues of causation and damages. Examination and testing of the City's theory will necessarily require inquiry into questions bearing on liability, such as what exactly the City did or did not do, and whether those actions or inactions caused Plaintiffs and the class harm. If the Court is nonetheless inclined to consider bifurcation of discovery, Plaintiffs suggest the Court either have briefing or a hearing on that issue to allow the parties to expound upon these issues more than is appropriate in a joint status report.

The City disagrees.  In consideration of its motion to dismiss, the City requested that the Court stay discovery pending further order of the Court.  If the Court determines that the plaintiffs have pled claims for which relief may be granted, the City asks the Court to then phase discovery such that, until a decision on class certification is made, the only discovery permitted is that relevant to the determination of whether a class action may be maintained.

JOINT STATUS REPORT - 3
Case No. 2:20-cv-00983 TSZ

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

**C.      Electronically stored information:** The parties have discussed electronically stored information (ESI) and are negotiating an ESI agreement based upon the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

**D.      Privilege issues:** The parties have agreed to enter into an agreement based upon the Model Stipulated Protective Order to protect against the release of certain confidential information.

**E.      Proposed limitations on discovery:** Plaintiffs do not foresee the need for a limitation on discovery at this time, but they will bring any issues that may arise regarding scope to the Court's attention. The City disagrees and, as described above in Section B, sees (1) the need for a stay of discovery to avoid very significant expense pending the Court's ruling on the City's motion to dismiss; and (2) the need to phase discovery.

**F.      The need for any discovery related orders:** The parties have agreed to enter into the Court's Model Stipulated Protective Order, subject to certain potential revisions to be agreed upon by the parties.  As described above in Sections B and E, the City has sought to stay discovery and seeks phased discovery if the case proceeds.

**5.      Local Rule 26(f)(1):** Plaintiffs do not anticipate any need for phased discovery, or phasing of motions, or any deviation from the processes that are provided for under the Federal Rules of Civil Procedure or this Court's Local Rules. The City disagrees, and, as described above in Sections B, E, and F, the City has sought to stay discovery and seeks phased discovery if the case proceeds.

**A.      Prompt case resolution:** The parties have not engaged in preliminary settlement discussions. The parties have not yet determined the feasibility of early settlement or whether mediation would be helpful at this time or later in the litigation.

**B.      Alternative dispute resolution:** The parties are mindful of the potential benefits associated with early or other participation in mediation or other dispute resolution

JOINT STATUS REPORT - 4
Case No. 2:20-cv-00983 TSZ

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

processes. They are not prepared to engage in alternative dispute resolution at this time, but they will continue to evaluate the potential benefits of doing so as the litigation progresses. Mediation or other ADR may be helpful after the parties have engaged in or finished discovery.

**C.   Related cases:** There are no related cases that have been served on the City.

**D.   Discovery management:**  The parties` agree to share discovery from third parties, but not the cost of obtaining that discovery.  *See* LCR(f)(1)(D)(ii).  The City believes that Court involvement in discovery may be required early in this case and requests that the Court convene a discovery conference if the Court denies the motion to dismiss or grants the motion to dismiss with leave to amend.  *See* LCR(f)(1)(D)(iii).  The parties agree to work cooperatively to avoid unnecessary discovery disputes and discovery costs.

**E.   Anticipated Discovery Sought**. Plaintiffs anticipate seeking discovery from the City and various custodians employed by the City on the following range of topics: actions taken by the City to support and endorse CHOP, the City's knowledge of injuries to Plaintiffs and others in and near CHOP and evaluation of those injuries or damages, and the actions taken by the City during the same time period in other areas of the City. Plaintiffs anticipate that this discovery will be sought through discovery requests and depositions. Plaintiffs may also seek depositions or other discovery from other individuals and entities harmed in the area who are not named Plaintiffs in this case.

The City anticipates that, if the Court determines that Plaintiffs have stated a claim upon which relief may be granted, it will seek discovery from each Plaintiff regarding causation and damages, as well as discovery from a broad range of sources to identify the private actors who caused the damages and injuries identified by Plaintiffs in their complaint.

**F.   Phasing of motions:** The parties do not anticipate the need for specific phasing of motions.  Plaintiffs anticipate a deadline of July 30, 2021, would be appropriate for a motion concerning class certification, assuming that there is no stay of discovery.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL. (206) 407-2200   FAX, (206) 407-2224

**G.      Preservation of discoverable information:** Both parties represent that they have taken adequate steps to preserve potentially discoverable information relating to the litigation.

**H.      Privilege issues:** The parties are unaware of any privilege issues requiring the Court's attention at this time and will include in their ESI agreement and proposed protective order provisions concerning inadvertent disclosure of privileged material or work product.

**I.      Model Protocol for Discovery of ESI:** The parties intend to enter into a modified version of the Court's Model Agreement Regarding Discovery of Electronically Stored Information.

**J.      Alternatives to Model Protocol:** Not applicable.

**6.      Completion of discovery:** Plaintiffs anticipate that discovery can be completed by October 15, 2021. The City anticipates that discovery can be completed by March 1, 2022. Plaintiffs propose setting an expert witness disclosure date of August 1, 2021, and an expert witness rebuttal deadline of September 15, 2021. The City proposes expert deadlines of January 3, 2022, and February 15, 2022.

**7**.      **Bifurcation:** Plaintiffs do not believe that bifurcation is necessary or appropriate in this case in its current form. Plaintiffs suggest this issue may need to be revisited for trial after the resolution of Plaintiffs' anticipated motion for class certification. The City believes liability and damages should be bifurcated.

**8**.      **Pretrial statements / pretrial order.**  The parties do not believe that the pretrial statements or pretrial order should be dispensed with in whole or in part.

**9.      Suggestions for shortening or simplifying the case:** The parties do not have any particular suggestions for shortening or simplifying the case.

**10.      Date of trial:** Plaintiffs believe that they can be ready for trial in February 2022. Given the need for a determination of whether this case can be maintained as a class action, and

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

the time needed to gather the information, bring that motion, and have a decision issued, and the work that will be required once that motion is decided (including expert disclosures in February 2022), the City asks that a trial date be set in May or June 2022.

**11.** **Jury or non-jury trial:** Plaintiffs have demanded a jury trial in this case.

**12.** **The number of trial days required:** At this time, Plaintiffs believe that the anticipated number of days required for trial would be 15 days.  The City contends that, given the various causation and damages issues in this case, liability should be tried separately from damages, and that it will be difficult to predict the length of the liability phase of the trial until after Court rulings.  The City believes that 15 days for the liability phase of the trial could be sufficient.

**13.** **The names, addresses, and telephone number of all trial counsel**:

CALFO EAKES LLP

Patty A. Eakes, WSBA #18888
Angelo J. Calfo, WSBA #27079
Tyler S. Weaver, WSBA #29413
Andrew DeCarlow, WSBA #54471
Henry Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Phone:  (206) 407-2200
Fax:  (206) 407-2224
Email: pattye@calfoeakes.com
        angeloc@calfoeakes.com
        tylerw@calfoeakes.com
        andrewd@calfoeakes.com
        henryp@calfoeakes.com

*Attorneys for Plaintiffs*

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

PETER S. HOLMES
Seattle City Attorney

Joseph Groshong, WSBA #41593
Assistant City Attorneys
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Tel.#.  (206) 684-8200
Fax:# (206) 684-8284
E-mail: Joseph.Groshong@seattle.gov

HARRIGAN LEYH FARMER & THOMSEN LLP

Arthur W. Harrigan, Jr., WSBA #1751
Tyler L. Farmer, WSBA #39912
Kristin E. Ballinger, WSBA #28253
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel:(206) 623-1700
Email: arthurh@harriganleyh.com
Email: tylerf@harriganleyh.com
Email: kristinb@harriganleyh.com

*Attorneys for Defendant the City of Seattle*

**14.     Potential complications in setting trial dates:** The parties do not anticipate problems setting trial dates in February, May, or June 2022, the dates requested by Plaintiffs and the City.  Counsel for the City requests that trial not be set for August / September 2021 or August / September 2022.

**15.     Service on all parties:** The City has been served with a summons and complaint.

**16.     Scheduling conference.**  Plaintiffs do not believe a scheduling conference is necessary, unless the Court is inclined to bifurcate discovery, in which case Plaintiffs believe a scheduling conference or other hearing on that issue would be appropriate. Due to the complexities of this case, including that it is pled as a putative class action and the breadth of discovery sought by Plaintiffs in their first discovery requests, the City requests that the Court convene a scheduling

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200   FAX, (206) 407-2224

1  conference before the Court enters a scheduling order and a discovery conference if the Court

2  denies the motion to dismiss or grants the motion to dismiss with leave to amend.

3  **17.    Corporate disclosure statements for nongovernmental corporate parties:** On

4  July 10, 2020, Plaintiffs filed a corporate disclosure statement for those entities for which they

5  understand the local rules to require a statement.  The City is not required to file a statement. In

6  response to the City's objection to their prior statement, Plaintiffs intend to file an amended

7  statement on October 8, 2020.

8

9  DATED this 28th day of September, 2020.

10  **CALFO EAKES LLP**

11

12  By _/s Patty A. Eakes_____
   Patty A. Eakes, WSBA #18888

13  Angelo J. Calfo, WSBA #27079
   Tyler S. Weaver, WSBA #29413

14  Andrew DeCarlow, WSBA #54471
   Henry Phillips, WSBA #55152

15  1301 Second Avenue, Suite 2800
   Seattle, WA  98101

16  Phone:  (206) 407-2200
   Fax:  (206) 407-2224

17  Email:  pattye@calfoeakes.com

18      angeloc@calfoeakes.com
      tylerw@calfoeakes.com

19      andrewd@calfoeakes.com
      henryp@calfoeakes.com

20

21  ///

22

23

24  ///

25

*Attorneys for Plaintiffs*

**PETER S. HOLMES**
Seattle City Attorney

By:*/s Joseph Groshong*
   Joseph Groshong, WSBA #41593
   Assistant City Attorneys
   Seattle City Attorney's Office
   701 Fifth Avenue, Suite 2050
   Seattle, WA 98104
   Tel.:  (206) 684-8200
   Fax:   (206) 684-8284
   E-mail: Joseph.Groshong@seattle.gov

**HARRIGAN LEYH FARMER & THOMSEN LLP**

By:*/s/ Arthur W. Harrigan, Jr.*
By:*/s/ Tyler L. Farmer*
By:*/s/ Kristin E. Ballinger*
   Arthur W. Harrigan, Jr., WSBA #1751
   Tyler L. Farmer, WSBA #39912
   Kristin E. Ballinger, WSBA #28253
   999 Third Avenue, Suite 4400
   Seattle, WA 98104
   Tel:(206) 623-1700
   Email: arthurh@harriganleyh.com
   Email: tylerf@harriganleyh.com
   Email: kristinb@harriganleyh.com

*Attorneys for the City of Seattle*

JOINT STATUS REPORT - 10
Case No. 2:20-cv-00983 TSZ