1              HONORABLE THOMAS S. ZILLY

2

3

4

5

6     IN THE UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
         AT SEATTLE

7

8 HUNTERS CAPITAL, LLC et al.    Case No. 2:20-cv-00983-TSZ

9     Plaintiffs,     NOTICE OF MOTION AND MOTION
               FOR LEAVE TO PARTICIPATE AS

10     v.       *AMICUS CURIAE* AND MEMORANDUM
               IN SUPPORT THEREOF

11 CITY OF SEATTLE,

12     Defendant.    **NOTE ON MOTION CALENDAR:**
               **Friday, December 4, 2020**

13

14

15          **Motion**

16    The National Police Association ("NPA"), a nonprofit entity formed to support law

17 enforcement, moves for leave to participate in this case as *amicus curiae*.  A supporting

18 Declaration of Ed Hutchison is filed herewith.

19         **Memorandum**

20    District courts have "broad discretion" to appoint amicus curiae. *Hoptowit v. Ray*, 682 F.2d

21 1237, 1260 (9th Cir.1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.

22 Ct. 2293, 132 L.Ed.2d 418 (1995).  This Court has declared that it may consider amicus briefs

23 from non-parties "concerning legal issues that have potential ramifications beyond the parties

24 directly involved or if the amicus has unique information or perspective that can help the court

25 beyond the help that the lawyers for the parties are able to provide." *Skokomish Indian Tribe v.*

26 *Goldmark*, No. C13-5071JLR, 2013 U.S. Dist. LEXIS 151310, 2013 WL 5720053, at *1 (W.D.

27             1

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO PARTICIPATE AS
*AMICUS CURIAE* AND MEMORANDUM IN SUPPORT THEREOF
Case No. 20-cv-00983-TSZ

James L. Buchal, WASB No. 31369
Murphy & Buchal LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214
Tel: 503-227-1011
Fax:  503-573-1939

1   Wash. Oct. 21, 2013) (internal quotations omitted) (quoting *NGV Gaming, Ltd. v. Upstream Point*

2   *Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)).

3      The Federal Rules of Civil Procedure do not address *amicus* appearances before the

4   District Court.  NPA proceeds by analogy to the Federal Rules of Appellate Procedure to seek this

5   Court's permission to appear, and provides the following information, consistent with Rule 29 of

6   the Federal Rules of Civil Procedure.

7      NPA is not seeking to present any private interest of its own, but to present its position as

8   to the correct rules of law to be applied in cases involving police response to public protests and

9   demonstrations.  NPA is not aligned with any party in these cases but expects to present positions

10  in support of plaintiffs.

11     This case is at an early stage.  Although the Complaint was filed on June 24, 2020, it was

12  subject to a comprehensive motion to dismiss which was resolved by Order of October 16, 2020,

13  clarifying the issues that would remain in the case: substantive and procedural due process

14  violations, and a claim for unlawful taking, all asserted to arise from the City of Seattle's actions

15  supporting the creation and operation of an "autonomous zone" where the City did not provide

16  police protection.  The NPA understands the core question to be whether the "state created danger

17  doctrine" will be applied under these circumstances.

18     No prejudice to the parties will arise from allowing amicus participation.  NPA will not

19  participate in discovery; its participation will be limited to filing one or more legal memoranda.

20  NPA anticipates that defendants will at some point make a motion for summary judgment

21  involving one or more of the legal defenses they have raised in their answers, and NPA proposes,

22  consistent with FRAP 29(a)(6), to file any amicus briefs within seven days after defendants'

23  present such a motion.  Depending on the outcome of such motion, NPA may also propose to file

24  a memorandum before trial concerning the appropriate legal standards to evaluate police conduct.

25     That is precisely the procedure this Court has previously adopted:

26        "In the absence of local rules governing the role of amicus curiae, the court will
            adhere to the applicable rules found in the Federal Rules of Appellate Procedure.

27

2

28   NOTICE OF MOTION AND MOTION FOR LEAVE TO PARTICIPATE AS          James L. Buchal, WSBA No. 31369
     *AMICUS CURIAE* AND MEMORANDUM IN SUPPORT THEREOF                 Murphy & Buchal LLP
     Case No. 20-cv-00983-TSZ                                          3425 SE Yamhill Street, Suite 100
                                                                       Portland, OR  97214
                                                                       Tel: 503-227-1011
                                                                       Fax:  503-573-1939

Accordingly, the Proposed Intervenors must file any memorandum commenting on a party's memorandum no later than seven days after the party's principal brief is field.

*Ctr. for Biological Diversity v. United States EPA*, No. C13-1866JLR, 2014 U.S. Dist. LEXIS 20623, at *30 (W.D. Wash. Feb. 18, 2014).

This Court has frequently granted amicus status to associations akin to NPA.  *See, e.g., id.* (granting amicus status to Western States Petroleum Association and the American Petroleum Institute).  Amicus status is particularly appropriate where "the Court will consider issues of particular public interest".  *Jewish Family Serv. of Seattle v. Trump*, No. 2:17-CV-01707-JLR, 2017 U.S. Dist. LEXIS 199900, at *3-4 (W.D. Wash. Dec. 5, 2017) (granting amicus status to Muslim Advocates and the McArthur Justice Center).

NPA believes that its briefing will benefit the Court by providing a broader perspective concerning the critical issues relating to a municipality's supplying, or declining to supply, police protection service.  In particular, NPA takes the position that the proliferation of "stand down" orders across the United States in the face of riots and other civil disturbances, where violence against persons and property is all but certain to occur, but is accepted on account of the political agendas of the rioters, infringe on the fundamental civil rights of Americans to live in a free Republic.

**Conclusion**

For the foregoing reasons, NPA's motion for leave to participate *amicus curiae* should be granted.

Dated this 13th day of November, 2020.

By:  s/ James L. Buchal

James L. Buchal, WSBA No. 31369
MURPHY & BUCHAL LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214
Tel:  503-227-1011
E-mail:  jbuchal@mbllp.com
Attorney for National Police Association

3

NOTICE OF MOTION AND MOTION FOR LEAVE TO PARTICIPATE AS
*AMICUS CURIAE* AND MEMORANDUM IN SUPPORT THEREOF
Case No. 20-cv-00983-TSZ

James L. Buchal, WSBA No. 31369
Murphy & Buchal LLP
3425 SE Yamhill Street, Suite 100
Portland, OR  97214
Tel:  503-227-1011
Fax:  503-573-1939