HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNTERS CAPITAL, LLC, et al.,

Plaintiffs,

v.

CITY OF SEATTLE,

Defendant.

Case No. 20-cv-00983-TSZ

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION AND ORDER

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 1
(Case No. 20-cv-00983-TSZ)

**B.     ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.     Custodians.  Unless otherwise agreed, each plaintiff shall identify the five custodians most likely to have discoverable ESI in their possession, custody, or control, or, if a plaintiff does not have five custodians, all custodians who have discoverable ESI in their possession, custody, or control, and the type of information under each custodian's control.  The City has already identified more than fifteen custodians most likely to have discoverable ESI in their possession, custody, or control, and that each is likely to have email and text messages relevant to the issues in dispute.    This disclosure provision is distinct from the parties' agreement set forth in Section C below about determining the number of custodians from whom ESI should be gathered.

2.     Non-custodial Data Sources.  A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.     Third-Party Data Sources.  A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     Inaccessible Data.  A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     ESI Discovery Procedures**

1.     On-site inspection of electronic media.  Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 2
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

2.      <u>Search methodology.</u>  Plaintiffs and the City are already engaging in discovery in this matter.  In particular, the parties have propounded requests for production of documents and have already begun rolling productions of those documents, including ESI.  The parties have negotiated—or are negotiating—individual procedures governing those initial requests, including custodians and relevant search terms.  The parties anticipate similarly working together to develop and agree to appropriate procedures for future requests.  However, should the parties fail to reach an agreement, they agree that the default procedures contained in this paragraph C(2) shall apply.

The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken.  The parties shall continue to cooperate in revising the appropriateness of the search methodology.  The parties intend to work together in good faith to develop appropriate procedures tailored to the specific discovery requests.  However, if the parties' fail to agree otherwise, the following process shall govern:

a.      Prior to running searches:

i.      The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information.  The producing party may provide unique hit counts for each search term or query.

ii.      The requesting party is entitled to, within 14 days of the producing party's disclosure, add 10 search terms or queries (or such number as are appropriate and reasonable for good cause or by agreement) to those disclosed by the producing party..

iii.      The following provisions apply to search terms and queries of the requesting party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a

single search term.  A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word.  The producing party may identify each search term or query returning overbroad results by demonstrating the overbroad results with unique hit counts for each search term or query and making a counter proposal correcting each overbroad search term or query.

b.      After production:  Within 21 days of the producing party notifying the requesting party that it has substantially completed the production of documents responsive to a request, the requesting party may request no more than 10 additional search terms or queries.  The immediately preceding section (Section C(2)(a)(iii)) applies.

3.      <u>Format.</u>

a.      ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties considering, *inter alia*, the information required by the litigation support systems they use.  Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

b.      Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

c.      Each document image file shall be named with a unique number (Bates Number).  File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 4
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

d.     If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

e.     Some native format documents are not suitable for trial presentation.  Upon reasonable request, the parties will cooperate in altering a document from its native format to facilitate its presentation at trial.

4.     <u>De-duplication.</u>  The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party. The duplicate custodian information removed during the de-duplication process must be tracked in a duplicate/other custodian field in the database load file.

5.     <u>Email Threading.</u>  The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies.  Upon request, the producing party will produce a less inclusive copy.

6.     <u>Metadata fields.</u>  If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value.  The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7.     <u>Hard-Copy Documents.</u>  Hard-copy documents produced in an electronic format will be produced in the same format as ESI, *see* Section C(3)(a), unless the producing party can show that the cost would outweigh the usefulness (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI).

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 5
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**D.      Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control.  With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.      The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Back-up data that are duplicative of data that are more accessible elsewhere.

f.      Server, system or network logs.

g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 6
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.      Privilege**

1.      A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.  Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.  Privilege logs will be produced to all other parties no later than 90 days after delivering a production and 30 days before the deadline for filing motions related to discovery, unless a different deadline is agreed to by the parties.

2.      Redactions need not be logged so long as each redaction is labeled with the basis for the redaction.

3.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5.      Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Information produced in discovery that is identified by the producing party as protected as privileged or work product shall be immediately returned to the producing party or, if electronic, shall be immediately destroyed, and its production shall not

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 7
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  constitute a waiver of such protection.  In addition, if the privileged or work product material is

2  contained in an electronic load file, the producing party will provide to counsel a revised load file

3  with the privileged or work product materials removed.

4      DATED this 10th day of December, 2020.

5  CALFO EAKES LLP

6

7  By  *s/ Patty A. Eakes*
   By  *s/ Angelo J. Calfo*

8  By  *s/ Tyler S. Weaver*
     Patty A. Eakes, WSBA #18888

9       Angelo J. Calfo, WSBA #27079
     Tyler S. Weaver, WSBA #29413

10       301 Second Avenue, Suite 2800
     Seattle, WA  98101

11       Phone:  (206) 407-2200
     Fax:  (206) 407-2224

12       pattye@calfoeakes.com
     angeloc@calfoeakes.com

13       tylerw@calfoeakes.com

14  *Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

PETER S. HOLMES
Seattle City Attorney

By:  *s/ Joseph Groshong*
     Joseph Groshong, WSBA# 41593
     Assistant City Attorney
     Seattle City Attorney's Office
     701 Fifth Avenue, Suite 2050
     Seattle, WA 98104
     Tel:  (206) 684-8200
     Fax: (206) 684-8284
     Joseph.Groshong@seattle.gov

HARRIGAN LEYH FARMER & THOMSEN
LLP

By:  *s/ Arthur W. Harrigan, Jr.*
By:  *s/ Tyler L. Farmer*
By:  *s/ Kristin E. Ballinger*
     Arthur W. Harrigan, Jr., WSBA #1751
     Tyler L. Farmer, WSBA #39912
     Kristin E. Ballinger, WSBA #28253
     999 Third Avenue, Suite 4400
     Seattle, WA 98104
     Tel:  (206) 623-1700
     Fax:  (206) 623-8717
     arthurh@harriganleyh.com
     tylerf@harriganleyh.com
     kristinb@harriganleyh.com

*Attorneys for City of Seattle*

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER - 8
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1

## ORDER

2          Based on the foregoing, IT IS SO ORDERED.

3

4          DATED this  11th day of December, 2020.

5                                                    _____
                                                     THOMAS S. ZILLY
6                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717