UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNTERS CAPITAL LLC, et al., | |
| Plaintiffs, | |
| v. | C20-983 TSZ |
| CITY OF SEATTLE, | ORDER |
| Defendant. | |

THIS MATTER comes before the Court on a motion, docket no. 54, for a protective order brought by defendant City of Seattle (the "City"). Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Plaintiffs allege that the City abandoned and closed off Seattle's Capitol Hill neighborhood between June 8, 2020, and July 1, 2020. Third Amended Class Action Complaint ("TAC") at ¶¶ 2, 9 (docket no. 47). According to the TAC, on June 8, 2020, with protests ongoing, the City "abruptly deserted" the Seattle Police Department's ("SPD's") East Precinct, leaving behind barriers that had previously been used to

ORDER - 1

separate police and protesters. *Id.* ¶¶ 3, 36. Protesters repurposed the barriers and used them to block off streets around the precinct. *Id.* at ¶ 38. As the area expanded, it eventually became known as the "Capitol Hill Organized Protest" or "Capitol Hill Occupying Protest" (collectively, "CHOP"). *Id.* at ¶ 1. Although the City cleared the CHOP zone on July 1, 2020, Plaintiffs allege that they continue to "suffer irreparable economic and non-economic injury as a direct result of CHOP participants' presence on Capitol Hill." *Id.* at ¶¶ 82–83. Plaintiffs seek recovery for ongoing harm. *Id.* at ¶ 83. On November 8, 2021, Plaintiffs served on the City their fourth set of requests for production ("RFPs"). Ballinger Decl. at ¶ 2 (docket no. 55). Plaintiffs' RFPs seek discovery about events occurring *after* July 1, 2020. *Id.* Pursuant to Federal Rule of Civil Procedure 26(c)(1)(D), the City moves for a protective order limiting the scope of disclosure or discovery for RFPs Nos. 45–47 and 49–51.

**Discussion**

    1.    **Standard**

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." To determine proportionality, a court considers "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." The Court may, for good cause, issue a

ORDER - 2

protective order to protect a party from undue burden or expense.  Fed. R. Civ. P. 26(c)(1).

**2.    Contested RFPs**

**(a)    RFPs Nos. 45, 49, 50, and 51:**  The City objects to these RFPs on the grounds that they are not relevant, proportional to the needs of the case, and unduly burdensome because Plaintiffs request documents regarding events that occurred after the City cleared the CHOP zone on July 1, 2020.[1]  The City concedes that discovery for damages that occurred after July 1, 2020, is relevant, and has agreed to answer RFP No. 48, which seeks all documents, from June 2020 to present, "discussing any impacts or effects CHOP had, or continues to have, on any part of the CHOP Zone."  Ex. 1 to Ballinger Decl. (docket no. 55-1 at 4); *see also* Ex. 1 to Weaver Decl. (docket no. 57 at 5).  The Court concludes that some of these RFPs, as drafted, are overbroad and, in part, not proportional to the needs of the case, and therefore GRANTS in part the City's motion for a protective order.

The Court has revised the RFPs in a manner that would be proportional to the needs of the case, and DENIES the City's motion with respect to the REVISED RFPs Nos. 45, 49, 50, and 51, which now read as follows:

> *RFP No. 45*: All documents from June 1, 2020, to December 31, 2020, regarding the safety or condition of, and encampments in, or gatherings of

---

[1] The City has not shown that searching for the requested documents will impose an excessive financial burden on the City.  The Court is not persuaded by counsel's mere representation that "collecting, reviewing, and producing documents responsive to the new requests . . . will cost some multiple of the $300,000 [in] costs incurred collecting, reviewing, and producing documents responsive to the plaintiffs' initial requests."  Ballinger Decl. at ¶ 8.

ORDER - 3

protestors in Cal Anderson Park and any plan to empty the park and/or adjacent area of encampments or gatherings of protestors.

*RFP No. 49*: All documents related to any protests, crowds, or large gatherings of people that occurred or originated in the CHOP Zone at any time between July 1, 2020, to **July 1, 2021**.

*RFP No. 50*: All documents related to any temporary blockage of City streets by protesters, demonstrators, and/or police in the CHOP Zone from July 1, 2020, to **July 1, 2021**, and police or other reports of vandalism and property damage done by protesters in the CHOP Zone during the same time period.

*RFP No. 51*: All documents related to, describing, summarizing, or analyzing crimes reported or committed in the CHOP Zone between July 1, 2020, to **July 1, 2021**, and any documents showing a comparison of the numbers of crimes reported from 2019–2020, and 2020–2021, organized by category or type of crime committed (for example, assault, aggravated assault, battery, robbery, burglary, damage to property, sexual assault, rape, homicide).

**(b)** **RFP No. 46:** The City objects to this RFP on the grounds that it is not relevant, proportional to the needs of the case, and is unduly burdensome.[2] The Court disagrees and hereby DENIES the City's motion for a protective order with respect to RFP No. 46.

**(c)** **RFP No. 47:** The City objects to this RFP on the grounds that it is not relevant, proportional to the needs of this case, and is unduly burdensome. The Court

---

[2] Although the City asserts that the contested RFP is not relevant to Plaintiffs' claims, the City did not object to Plaintiffs' questions concerning the wall around SPD's East Precinct during Samuel Zimbabwe's deposition. *See* Zimbabwe Dep. at 133:19–136:24, Ex. 2 to Weaver Decl. (docket no. 57).

ORDER - 4

agrees and hereby GRANTS the City's motion for a protective order with respect to RFP No. 47.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The City's motion for a protective order, docket no. 54, is GRANTED in part and DENIED in part;

(2) Within thirty (30) days of the date of this Order, the City shall produce responsive documents, subject to and consistent with this Order, *see* Discussion Section 2; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 6th day of December, 2021.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 5