HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, <br><br> Defendant. | Case No. 20-cv-00983-TSZ <br><br> CITY OF SEATTLE'S MOTION TO SEAL THE CITY'S OPPOSITION TO CLASS CERTIFICATION AND CERTAIN EXHIBITS TO THE DECLARATION OF TYLER L. FARMER IN SUPPORT OF THE CITY'S OPPOSITION TO MOTION FOR CLASS CERTIFICATION <br><br> **NOTE ON MOTION CALENDAR:** <br> **February 25, 2022** |

## I.      RELEF REQUESTED

Concurrent with this motion, Defendant City of Seattle is filing its Opposition to Plaintiffs' Motion for Class Certification ("Opposition") and the Declaration of Tyler L. Farmer in Support of City of Seattle's Opposition to Motion for Class Certification ("Farmer Declaration").  Both the City's Opposition and the Farmer Declaration cite to and rely on documents and deposition excerpts that Plaintiffs have designated as "Confidential" under the terms of the Stipulated Protective Order entered in this case (Dkt. No. 41).  Pursuant to Local Civil Rule 5(g) and the Stipulated Protective Order, the City is provisionally filing its Opposition and the Farmer Declaration under seal, pending the Court's ruling on this motion.  As detailed below, it is

CITY OF SEATTLE'S MOTION TO SEAL - 1
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Plaintiffs' responsibility, as the designating party, to provide a basis for maintaining under seal each of the provisionally sealed documents.

## II. CERTIFICATION

In accordance with LCR 5(g)(3)(A), undersigned counsel certify that on February 7, 2022, Shane Cramer and Bryn Pallesen (on behalf of the City) and Tyler Weaver and Gabe Reilly-Bates (on behalf of Plaintiffs) met and conferred in good faith (both telephonically and by email), regarding the need to file the Opposition and certain exhibits to the Farmer Declaration under seal, ways to potentially minimize the amount of material filed under seal, and whether redaction or other alternatives to filing the under seal would suffice.

## III. FACTS AND AUTHORITY

LCR 5(g)(3)(B) provides that where, as here, parties have entered into a stipulated protective order, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not" provide a "specific statement of the applicable legal standard and the reasons for keeping the document under seal." The terms of the Stipulated Protective Order entered in this case require that "the designating party . . . identify the basis for sealing the specific confidential information at issue" and "the filing party . . . include this basis in its motion to seal, along with any objection to sealing the information at issue." Dkt. 41 at p. 4.

Plaintiffs designated as "Confidential" (*see* Dkt. 41) certain documents and deposition transcripts on which the City relies to oppose Plaintiffs' Motion for Class Certification (Dkt. 65). As part of the Parties' meet and confer, and in order to limit the number of documents that would need to be filed under seal, Plaintiffs removed the confidentiality designations from a number of documents, and the City agreed to omit certain documents or pages in its submissions to the Court.

The documents Plaintiffs currently contend are "Confidential" and must be sealed include Exhibits 11, 12, 15, 17, 18, 20, 39, 86, 88, and 91 to the Farmer Declaration. Because the Opposition references material from these exhibits, it too must be sealed, with a redacted copy

CITY OF SEATTLE'S MOTION TO SEAL - 2
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

being filed on the public docket.

Plaintiffs request that Exhibits 39 and 88 be sealed in their entirety. Plaintiffs propose that the remaining documents be redacted. Plaintiffs identified the following bases in support of their request:

- Exhibit 11 contains commercially sensitive competitive information, including third-party rent terms.
- Exhibit 12 contains commercially sensitive third-party information, including amounts of lost rent and management fees.
- Exhibit 15 contains commercially sensitive third-party information, including rent abatement.
- Exhibits 17 and 18 contain commercially sensitive third-party information.
- Exhibits 20 and 39 contain commercially sensitive, competitive information, including sales information.
- Exhibit 86 contains confidential financial information and competitive information.
- Exhibits 88 and 91 contain competitively sensitive information, including rent rates, information from which rent rates could be determined, and rent deals.

It is not the City's obligation to establish the propriety of any of Plaintiffs' confidentiality designations. And, in fact, the City does not agree with many of Plaintiffs' designations. That said, the City anticipates that in their response to this motion, Plaintiffs will lay out the reasons why they believe the documents should remain sealed. LCR 5(g)(3)(B) (the designating party has an obligation "in its response to the motion to seal" to provide "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary").

CITY OF SEATTLE'S MOTION TO SEAL - 3
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

V. **CONCLUSION**

For the foregoing reasons, the City respectfully requests that the Court determine whether the documents designated as "Confidential" by Plaintiffs should remain under seal. A proposed order accompanies this motion.

DATED this 7th day of February, 2022.

ANN DAVISON
Seattle City Attorney

By: *s/ Joseph Groshong*
Joseph Groshong, WSBA# 41593
Assistant City Attorney
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Tel: (206) 684-8200
Fax: (206) 684-8284
Joseph.Groshong@seattle.gov

HARRIGAN LEYH FARMER & THOMSEN LLP

By: *s/ Arthur W. Harrigan, Jr.*
By: *s/ Tyler L. Farmer*
By: *s/ Shane P. Cramer*
By: *s/ Bryn R. Pallesen*
By: *s/ Erica Iverson*
Arthur W. Harrigan, Jr., WSBA #1751
Tyler L. Farmer, WSBA #39912
Shane P. Cramer, WSBA #35099
Bryn R. Pallesen, WSBA #57714
Erica Iverson, Pro Hac Vice
999 Third Avenue, Suite 4400
Seattle, WA 98104
Tel:  (206) 623-1700
arthurh@harriganleyh.com
tylerf@harriganleyh.com
shanec@harriganleyh.com
brynp@harriganleyh.com
ericai@harriganleyh.com

*Attorneys for City of Seattle*

CITY OF SEATTLE'S MOTION TO SEAL - 4
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717