THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

HUNTERS CAPITAL, LLC, a Washington limited liability company, HUNTERS PROPERTY HOLDINGS, LLC, a Washington limited liability company; GREENUS BUILDING, INC., a Washington corporation; NORTHWEST LIQUOR AND WINE LLC, a Washington limited liability company, SRJ ENTERPRISES, d/b/a CAR TENDER, a Washington corporation, THE RICHMARK COMPANY d/b/a RICHMARK LABEL, a Washington company, ONYX HOMEOWNERS ASSOCIATION, a Washington registered homeowners association, MATTHEW PLOSZAJ, an individual, WADE BILLER, an individual, MADRONA REAL ESTATE SERVICES LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS IV LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS VI LLC, a Washington limited liability company, 12TH AND PIKE ASSOCIATES LLC, a Washington limited liability company, REDSIDE PARTNERS LLC, a Washington limited liability company, OLIVE ST APARTMENTS LLC, a Washington limited

Case No. 2:20-cv-00983-TSZ

DECLARATION OF TYLER WEAVER IN SUPPORT OF PLAINTIFFS' REPLY TO MOTION FOR CLASS CERTIFICATION

Noted: February 18, 2022

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200 FAX, (206) 407-2278

liability corporation, BERGMAN'S LOCK AND KEY SERVICES LLC, a Washington limited liability company, on behalf of themselves and others similarly situated, SHUFFLE LLC d/b/a CURE COCKTAIL, a Washington limited liability company, and SWAY AND CAKE LLC, a Washington limited liability company,

Plaintiffs,

vs.

CITY OF SEATTLE,

Defendant.

I, Tyler Weaver, declare as follows:

1. I am an attorney with Calfo Eakes LLP and represent Plaintiffs in the above-captioned action. I am over eighteen years of age and am competent to testify herein. I make the following statements based on my personal knowledge.

2. My firm has performed a detailed review of Exhibit 42 to the Declaration of Tyler Farmer, Dkt. 75, which the City has used to support its statements that "over 85 claimants have filed notices of claims for various protest-related damages alleged caused by the City in and around the Class Area" and that "over 50 of those claims are being prosecuted as individual tort actions in state and federal court." Dkt. 75 at 30. The apparent implication the City wants to make is that dozens of Class members have filed tort claims, and that many of them have instigated their own lawsuits that address harm caused by CHOP. That is not the case.

3. First, as to pending lawsuits, Plaintiffs are not aware of even one other individual lawsuit brought by a member of the proposed Class against the City for harm caused by CHOP.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200 FAX, (206) 407-2278

Plaintiffs have reviewed the names on Exhibit 42 against the dockets of King County Superior Court and the Western District of Washington and found no pending lawsuits brought by Class members over CHOP. While there is litigation involving the City, the cases are either not related to CHOP at all, or they are brought by individuals who are not Class members (*e.g.*, claims brought by protesters who claim they were injured by police, and claims brought by the parents of non-Class members who were murdered during CHOP).

4. In addition, the overwhelming majority of the tort claims listed in the City's Exhibit 47 have not been brought by Class members. This statement is based on our review of that exhibit as well as claim forms we received in litigation. Fifty-five of those claims were brought by protesters who allege personal-injury damages caused by police. Another three were brought by non-Class members who have claims based on homicides that occurred during CHOP. And another twenty-eight claims concern harm outside of the Class Area.

5. Based on our review, there are only nine claimants who are Class members other than Plaintiffs who filed tort claims with the City over damages at least partly caused by CHOP. Three of those nine claimants are residents of the Sunset Electric Apartment building. The City has not produced any evidence to Plaintiffs, either in discovery or its opposition materials, that in connection with those tort claims any of those claimants waived their ability to sue or join this case as a Class member if the Court certifies a Class.

6. If the Court does not certify a Class, my firm will have to consider whether to file individual cases, and if so, which cases and how many we can realistically prosecute at once. At least part of that calculation will involve speaking to prospective clients about the amount of damages at issue, and whether it makes sense for them to pursue that claim given that the City has made extremely onerous discovery demands of our current clients, including emails, texts and

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200 FAX, (206) 407-2278

other messaging on their personal cellphones, tax records, daily/monthly/annual financials going back years, and numerous other types of financial information. We have responded to these numerous requests and produced many thousands of documents for the named Plaintiffs, but it is unlikely that it makes practical sense for any Class member with a possible claim of a few hundred or few thousand dollars to subject themselves to the rigors of full individual litigation.

7. The City has made broad allegations in its brief that Plaintiffs have lost key texts but made no attempt to recover them. Dkt. 74, at p. 22. As the City is aware based on our disclosures, we know of four phones of current Plaintiffs' custodians which may have had texts about CHOP, out of a far larger number of phones that we have investigated and produced responsive texts from where possible. One of those phones was owned by Lonnie Thompson, who lost it in a lake, and then lost his replacement in the mountains a couple months later. City Ex. 48, 104:10-106:13. We have confirmed he did not have his phone backed up. As Mr. Thompson also testified, any texts would have been very brief notices about whether it was safe for employees to come to work or not. *Id.* With no backup, and no phone to analyze, we do not know what else the City would have us do. The City has known about this since Mr. Thompson's deposition in May 2021, but has never indicated what it thinks Plaintiffs can or should do.

8. Another phone the City discusses is owned by Wade Biller. As we told the City in July 2021, the phone Mr. Biller used in 2020 is in our possession, but cannot be turned on, and we have been told by specialists that any attempt to recover information from it will require destruction of the phone, and even then it is unclear if we would be able to recover any data from it. Mr. Biller's Android phone was not backed up. We have specifically not taken any steps that might destroy the phone, and the City has not indicated what it thinks we should do, or wants us to do, despite knowing about this for nearly seven months.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200 FAX, (206) 407-2278

9. A third phone the City discusses is owned by Bill Donner. We told the City in July 2021 that Mr. Donner likely had some responsive texts but that he has a lifelong habit of deleting texts immediately after sending them, and that any texts about CHOP received that treatment. As we also explained in July 2021, most of these texts were likely brief exchanges with acquaintances who had seen his business on the news and wanted to know if it was OK. He confirmed all of this is his deposition in November. City Ex. 19, 197:6-:24, 199:4-:23. Mr. Donner had a handful of responsive texts with his employees, and we have collected and produced those to the City. The City has known this for seven months but has not made any requests of us or Mr. Donner regarding his phone, which remains in his possession.

10. The City has also suggested in its brief that some Plaintiffs have deleted responsive and relevant messages on a messaging app known as Signal. We have asked our clients about their participation in group chats on Signal and they have confirmed that they did not knowingly delete any messages related to this case. One client deleted the Signal app from his phone, but we have confirmed with him that we have from other sources the only messages he would have sent on Signal. In fact, to date we have produced ***nearly 9,000*** responsive, personal messages that our current and former clients sent using Signal.

11. Attached hereto as **Exhibit 38** is a true and correct copy of an email from Chad M. Buechler to Mami Hara dated July 2, 2020 (Bates stamped SEA_00104843 to SEA_00104844).

12. Attached hereto as **Exhibit 39** is a true and correct copy of an email from Mami Hara to multiple recipients dated July 2, 2020 (Bates stamped SEA_00096590).

13. Attached hereto as **Exhibit 40** is a true and correct copy of an email from Kayla Stevens to Jill Cronauer dated June 30, 2020 (Bates stamped CHOP-0018451 to CHOP-0018453).

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200 FAX, (206) 407-2278

14. Attached hereto as **Exhibit 41** is a true and correct copy of an email from Chris Persons to Tricia Colin dated June 30, 2020, and its attachment (Bates stamped SEA_00003219 to SEA_00003227).

15. Attached hereto as **Exhibit 42** are true and correct copies of excerpts from the Transcript of the Zoom Video Deposition of Sean Sheffer taken on May 18, 2021.

16. Attached hereto as **Exhibit 43** are true and correct copies of excerpts from the Transcript of the Zoom 30(b)6 Deposition of Madrona – Bradford Augustine taken on January 31, 2022.

17. Attached hereto as **Exhibit 44** are true and correct copies of excerpts from the Transcript of the Videotaped 30(b)(6) Deposition of City of Seattle (Thomas Mahaffey) taken on January 26, 2022.

18. Attached hereto as **Exhibit 45** are true and correct copies of excerpts from the Transcript of the Zoom 30(b)6 Deposition of SRJ dba Car Tender (John McDermott) taken on January 19, 2022.

19. Attached hereto as **Exhibit 46** are true and correct copies of excerpts from the Transcript of the Zoom 30(b)6 Video Deposition of Lonnie Thompson taken on May 4, 2021.

20. Attached hereto as **Exhibit 47** are true and correct copies of excerpts from the Transcript of the Videotaped 30(b)6 and Individual Deposition of City of Seattle (Harold Scoggins) taken on September 14, 2021.

21. Attached hereto as **Exhibit 48** is a true and correct copy of an email from Brian Stampfl to Christopher Kelley dated June 20, 2020 (Bates stamped SEA-SPD_007027 to SEA-SPD_007030).

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200 FAX, (206) 407-2278

22. Attached hereto as **Exhibit 49** are true and correct copies of excerpts from the Transcript of the Zoom 30(b)6 Deposition of Bill Donner (Richmark Label) taken on November 16, 2021.

23. Attached hereto as **Exhibit 50** is a true and correct copy of the FRCP 26(a)(2)(B) Expert Report of Kevin T. Faulkner dated February 11, 2022.

24. Attached hereto as **Exhibit 51** is a true and correct copy of an excerpt from the Transcript of the Zoom 30(b)6 Deposition of Wade Biller (Onyx Homeowners Association) taken on December 10, 2021.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 18th day of February, 2022 at Bainbridge Island, Washington.

*s/ Tyler S. Weaver*
Tyler S. Weaver

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL, (206) 407-2200 FAX, (206) 407-2278