THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUNTERS CAPITAL, LLC, a Washington limited liability company, HUNTERS PROPERTY HOLDINGS, LLC, a Washington limited liability company, GREENUS BUILDING, INC., a Washington corporation. SRJ ENTERPRISES, d/b/a CAR TENDER, a Washington corporation, THE RICHMARK COMPANY d/b/a RICHMARK LABEL, a Washington company, ONYX HOMEOWNERS ASSOCIATION, a Washington registered homeowners association, MATTHEW PLOSZAJ, an individual, WADE BILLER, an individual, MADRONA REAL ESTATE SERVICES LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS IV LLC, a Washington limited liability company, MADRONA REAL ESTATE INVESTORS VI LLC, a Washington limited liability company, 12TH AND PIKE ASSOCIATES LLC, a Washington limited liability company, REDSIDE PARTNERS LLC, a Washington limited liability company, OLIVE ST APARTMENTS LLC, a Washington limited liability corporation, BERGMAN'S LOCK AND KEY SERVICES LLC, a Washington | Case No. 2:20-cv-00983-TSZ<br><br>PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL<br><br>**Noted: February 25, 2022** |

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) - 0

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278

limited liability company, on behalf of themselves and others similarly situated, SHUFFLE LLC d/b/a CURE COCKTAIL, a Washington limited liability company, and SWAY AND CAKE LLC, a Washington limited liability company,

                        Plaintiffs,

vs.

CITY OF SEATTLE,

## I. INTRODUCTION

Plaintiffs agree to and support the relief requested in Defendant City of Seattle's Motion to Seal the City's Opposition to Class Certification and Certain Exhibits to the Declaration of Tyler L. Farmer in Support of City's Opposition to Motion for Class Certification (Dkt. No. 73) (the "Motion to Seal").[1] The City's Motion to Seal requests that this Court allow the redaction of Exs. 11, 12, 15, 17, 18, 20, 39, 86, 88, 91 and the City's Opposition to Motion for Class Certification (Dkt. No. 74) (the "Opposition"), and fully seal Exs. 39 and 88. The confidential information contained in these exhibits should remain under seal or subject to redaction because it is competitive information about Plaintiffs' contractual relationships with third-parties. If this information were publicly available, Plaintiffs' competitors would gain an unfair advantage and Plaintiffs would suffer injury as a result.

The parties met and conferred prior to the City's filing of the Opposition to discuss the filing of material that had been designated as "Confidential" under seal, and Plaintiffs have worked with the City in an attempt to narrow the scope of the material that had to be filed under Seal. Specifically, Plaintiff's counsel reviewed the City's proposed exhibits and agreed that about half of

---

[1] This Response adopts and incorporates the background factual statements in the Motion to Seal, which are not repeated herein.

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) - 1

the exhibits marked "Confidential" could be filed publicly, while others could be filed publicly with minimal redactions to avoid the disclosure of commercial or personal information. Plaintiffs have only requested that exhibits be sealed in their entirety where necessary to preserve confidential competitive information and prevent injury.

## II.   BACKGROUND FACTS

### A. The Plaintiffs Have Diligently Worked with the City to Minimize the Amount of Material to Be Filed Under Seal

On Friday, February 4, 2022, counsel for the City sent Plaintiffs' counsel an email containing 8 documents and 6 deposition transcript excerpts that the City indicated it would submit in support of its Opposition, in preparation of a meet an confer conference scheduled for Monday, February 7, 2022, to satisfy the parties' meet-and-confer obligations under LCR 5(g). *See* Declaration of Gabriel Reilly-Bates (the "Reilly-Bates Decl."), ¶ 2, submitted herewith. Then, on Sunday, February 6, 2022, counsel for City sent Plaintiffs another email with an addition 9 documents and 2 deposition transcript excerpts. *Id.* at ¶ 3. In all, the City proposed filing 17 documents and 8 deposition transcript excerpts that contained confidential material.

Counsel for the Plaintiffs conducted a review of the proposed exhibits and deposition transcripts and determined that 12 of the confidential exhibits or deposition transcript excerpts could be filed publicly without any redactions, while others required only sparse redactions of terms of leases or other contracts. *Id.* at ¶ 4. Counsel for the Plaintiffs determined that only 2 of the proposed deposition exhibits merited filing completely under seal. *Id.* at ¶ 5.

On Monday, February 7, 2022 counsel for the City and Plaintiffs held a conference to discuss the proposed exhibits. *Id.* at ¶ 6. In addition to indicating that certain exhibits could be filed with minor redactions (e.g. Exs. 11, 12, 15, 17, 18, 20, 39, 86, 88, 91), the parties discussed the use of excerpted materials to exclude irrelevant portions containing confidential information that would have to be redacted or sealed. *Id.* at ¶ 7. Counsel for the City sent counsel for Plaintiffs

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) - 2

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200  FAX: (206) 407-2278

copies of proposed exhibits containing redactions that Plaintiffs had requested with proposed redactions. *Id.* at ¶ 8. Counsel for the Plaintiffs reviewed the proposed redactions and provided the City with several revised versions. *Id.* at ¶ 9. The parties exchanged several emails back-and-forth further refining the exhibits to be redacted or sealed. *Id.* at ¶ 10.

### B. The Sealed Information Contains Sensitive Competitive Information that Would Cause Injury If Disclosed

Each of the exhibits that were filed under seal or with redactions contains confidential competitive information such as terms of a lease, rent abatement negotiations, or rent abatement agreements. *Id.* at ¶ 11. A detailed description of information to be redacted / or sealed is below:

- Exhibit 11 is a 5-page excerpt of the Deposition transcript of Brad Augustine dated January 31, 2022, with only 7 words redacted. The 7 words that are redacted include the year the lease terminates, the duration of the lease, and the rent rate for the Unicorn Bar & Grill for a single month, as well as the amount of six months' rent and CAMs for a period of six months. The disclosure of confidential lease terms could cause competitive harm for Plaintiff 12th and Pike Associates, LLP, because it lists the rate of rent and term, which could affect a third-party and could also affect 12th and Pike Associates' future business dealings relating the Unicorn Bar & Grill's space. *See* Declaration of Brad Augustine, ¶ 4-8.

- Exhibit 12 is a 2-page redacted damages analysis for several of the Plaintiffs, including Madrona Real Estate investors IV, LLC, Madrona Real Estate investors VI, LLC, 12th and Pike Associates, LLC and Madrona Real Estate Services, LLC, that contains 4 figures that are redacted: two are the amount of damages for tenants the Unicorn Bar & Grill and Sway & Cake, and then the damages for the management fees that correlated with those fees. The disclosure of confidential lease terms could cause competitive harm for Plaintiff 12th and Pike Associates, LLP

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) **-** 3

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278

1    for the same reasons as stated above. *Id.*

- Exhibit 15 is a combined email and letter from the Riveter to Hunters Capital dated April 1, 2020, in which one paragraph was redacted because it contained the terms of a rent abatement proposal from Hunters Capital relating to the shut-down caused by COVID-19 that contained the potential terms of a lease modification that was being offered by Hunters Capital. The disclosure of the redacted material in Exhibit 15 would cause Hunters Capital competitive harm because it describes proposed terms offered for rent abatement for one of Hunters Capital's tenants, which could potentially affect its business dealings with other commercial tenants. *See* Declaration of Mike Oaksmith, ¶ 6, filed contemporaneously herewith.

- Exhibits 17 and 18 are redacted internal emails from late June 2020 between Richmark Label's management concerning rent refunds for Richmark's tenants in the wake of CHOP and other protests, and emails from those same tenants requesting rent reductions. The redacted sections of these documents reflect negotiations with specific tenants and Richmark's decisions to allow specific reductions of rent for Richmark's tenants. Ex. 18 also has revenue figures for one of Richmark's tenants for May and June of 2020 redacted. The disclosure of the redacted material in Exhibits 17 and 18 would cause competitive harm for the same reasons as stated above for Exhibit 15. *See generally*, *id.* ¶¶ 4-8.

- Exhibit 20 is a redacted list of Richmark's tenants along with a summary of the key terms of each tenant's leases. In Exhibit 20, there are several columns redacted that contain the following sensitive competitive information: the lease duration, the amount of rent per month for each unit as of June 2020, the amount of any revised rent, if applicable, and the dates that the rent rates were revised. The disclosure of Exhibit 20 would cause competitive harm because it contains strategic business

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) **-** 4

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278

information such as all of the rates, durations and start and stop dates of Richmark's tenants. *See generally, id.*

- Exhibit 39 is a Sales report from Rancho Bravo Tacos that shows restaurant sales on a monthly basis for all of 2020 broken down by various categories for each month of 2020. Rancho Bravo Tacos is no longer a party to this case and these sales reports contain competitive sensitive information about Rancho Bravo Tacos' revenues, and therefore Plaintiffs request Ex. 39 remain entirely under seal. The disclosure of sales revenue information would cause competitive harm as competitors would learn about Rancho Bravo Taco's financial performance. *See generally*, Oaksmith Decl., ¶¶8-9; Augustine Decl. ¶¶ 8-9.

- Exhibit 86 is a redacted spreadsheet showing Sway and Cakes' damages calculations caused by CHOP and its aftermath through December 2020. Exhibit 86 has Sway and Cakes' revenues and expenses from June – December 2020 redacted. Sway and Cakes' revenues and expenses constitute sensitive financial information. The disclosure of sales revenue information would cause competitive harm as competitors would learn about Sway and Cake's financial performance. *See id.*

- Exhibit 88 an excerpt of Hunters' Capital's Damages analysis. This has been filed under seal because it contains information concerning Hunters Capital's lease terms with its tenants, rent abatement agreements, and financial projections of expected revenues. Ex. 88 has been filed under seal because it contains sensitive competitive business information. The disclosure of Exhibit 88 because it contains confidential information about numerous tenants' agreements as well as analysis relating to Hunters Capital's financial performance, which would cause competitive harm if disclosed. *See* Oaksmith Decl., ¶¶4-7.

- Exhibit 91 is a redacted letter dated April 13, 2020 from Blick Art Materials

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) **-** 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278

("Blick") to Hunters Capital, but that is also signed by Michael Oaksmith of Hunters Capital to indicate acceptance of rent reduction terms being offered by Blick. Plaintiffs requested that portions of Ex. 91 be redacted because they reveal confidential information about Blick's financial condition and negotiations between Blick Art Materials and Hunters Capital regarding rent abatement, as well as the terms of an agreement to alter Blick's lease. The disclosure of the redacted information contained in Ex. 91 could cause competitive harm for the same reasons discussed with respect to Ex. 15. *See id.*

The City's Opposition, which cites or refers to some of the confidential sensitive competition information contained in the exhibits above, ought to be redacted for the same reasons as noted above.

### III.   ARGUMENT

**A. Good Cause Exists to Keep the Materials Under Seal Because the Competitive Harm Outweighs the Utility of the Public's Access to Such Information**

Local Rule 5(g)(3)(B) recognizes that where there are "legitimate private or public interests that warrant" sealing such that "injury . . . will result if the relief sought is not granted" and the least "restrictive alternative" is being sought, there are compelling reasons to maintain such documents under seal. There are two standards that are applied to sealing documents in the 9th Circuit: a compelling reason standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions, such as the City's Motion to seal. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). This "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The 9th Circuit explained the reasons for applying a lesser standard in the seminal case of *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), where it noted:

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278

> The public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action. The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the "broad power of the district court to fashion protective orders."

As Plaintiffs' Motion to Certify Class is a non-dispositive motion, a "good cause" standard applies here.

Good cause exists to seal documents and deposition transcripts containing the same type of proprietary and sensitive information as that found in the materials that Plaintiffs requested be filed with redactions or under seal. Courts recognize that the disclosure of confidential customer information, sales and payment terms, and contract fees and pricing can be harmful to a litigant's competitive standing. *Hologram, USA, Inc. v. Global Cash Access, Inc.*, 2016 WL 5867821, at *2 (D. Nev. Oct. 5, 2016) *see also In re McClatchy Newspapers, Inc.,* 288 F.3d369, 374 (9th Cir. 2002) (*quoting Nixon* v. *Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)); *see also In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("compelling reason" may exist if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing"); *Hill* v. *Xerox Corp.*, 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014) ("sources of business information that might harm [Defendant's] competitive standing . . . are therefore compelling reasons to keep [the] document sealed"). Here, the disclosure of redacted rent terms, rent abatement negotiations and rent abatement agreements would only serve to harm Plaintiffs' competitive standing. Plaintiffs have thus made a showing of "good cause."

Here, not only would disclosure give Plaintiffs' competitors an unfair advantage, but relatedly, it would also compromise Plaintiffs' relationships with existing and potential future customers. Where disclosure risks harm to a litigant's customer relationships, the reasons for keeping such documents sealed are compelling. *Rimini Street, Inc. v. Oracle Int'l Corp.*, 2019 WL

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) **-** 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278

2358389 at *1 (D. Nev. June 4, 2019). In *Rimini Street Inc.*, the court found compelling reasons to seal exhibits where customers were identified by name and contained details about their business relationships with Oracle including contractual terms, as such information allows "competitors and customers a glimpse into … negotiation strategies, which is a compelling reason to keep it under seal." *Id.* Similarly, much of the material at issue here specifically discusses and identifies confidential rent rates, negotiations with tenants for rent reductions or rent abatement, and other contractual terms for specific customers. Furthermore, if these documents are not sealed, third-party tenants who are not parties to this litigation could be competitively disadvantaged because information about their confidential business dealings would be made public. *Rimini Street, Inc.*, 2019 WL 2358389 at *1. Thus, Plaintiffs have demonstrated good cause.

The public's interest in accessing this redacted or sealed information is minimal by comparison because it will not meaningfully assist in furthering the public's understanding of the case. *See, e.g., Rimini Street, Inc.*, 2019 WL 2358389 (recognizing that "[t]he public does not have a strong interest in learning about the specific agreements between the parties and their customers because it is largely not relevant to this case" concerning alleged copyright infringement); *In re Zillow Group, Inc. Shareholder Derivative Lit.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (granting a motion to seal where the confidential business information had "little public value aside from the inherent value of allowing complete access to the Court's records."). The redacted or sealed information largely relates to a variations in damages that the Plaintiffs may have amongst themselves. However, Plaintiffs are not seeking class certification on damages issues, and furthermore, damages are not being decided at this stage. The redacted and sealed information is of minimal import to the Court's decision.

///

///

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) **-** 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200  FAX: (206) 407-2278

**B. There is No Less Restrictive Alternative to Redacting or Sealing the Exhibits**

Given the nature of the confidential information contained in the redacted or sealed exhibits, there is no less restrictive alternative. Plaintiffs have been judicious in their efforts to minimize the amount of information that needs to be redacted or sealed by reviewing the materials and making suggestions for redactions or excerpting documents so that only confidential information that would cause competitive harm will be sealed. By narrowly tailoring their request for relief, Plaintiffs are following the least restrictive alternative possible that still protects against competitive harm.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs have demonstrated that it has good cause for maintaining the redacted or sealed exhibits under seal and have satisfied LCR 5(g)(3)(B)'s requirements. Plaintiffs have a legitimate interest in ensuring that their confidential information, and that of third-party tenants, remains under seal and out of the hands of their competitors. As set forth in the declarations attached hereto, Plaintiffs have established that their competitive standing will be compromised if it is required to make the sealed information public. Defendant, City of Seattle, has no objection to the sealing of these exhibits. Accordingly, Plaintiffs respectfully request that the Court grant the City's Motion to Seal.

///

///

///

///

///

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) **-** 9

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278

DATED this 22nd day of February, 2022.

**CALFO EAKES LLP**

By */s/ Gabe Reilly-Bates*
Patricia A. Eakes, WSBA #18888
Angelo J. Calfo, WSBA #27079
Tyler S. Weaver, WSBA #29413
Gabe Reilly-Bates, WSBA #52257
Andrew DeCarlow, WSBA #54471
Henry Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Phone:  (206) 407-2200
Fax:     (206) 407-2224
Email:  pattye@calfoeakes.com
angeloc@calfoeakes.com
tylerw@calfoeakes.com
gaber@calfoeakes.com
andrewd@calfoeakes.com
henryp@calfoeakes.com

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
(Case No. 2:20-cv-00983-TSZ) - 10

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL: (206) 407-2200   FAX: (206) 407-2278