# EXHIBIT 11



Tyler S. Weaver
tylerw@calfoeakes.com
(206) 407-2237

July 21, 2021

<u>*Via Email*</u>

Kristin Ballinger
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104

    Re:   *Hunters Capital, LLC, et. al. v. City of Seattle*

Dear Kristin:

I am writing about a few discovery items related to productions by both sides.

` **1.** **Linked Documents in the City's Production**

The City previously agreed to provide us information about internal documents that were stored in the cloud and linked in emails that have been produced. To that end, please provide us either the document or the Bates number for the documents linked in the following emails:

    SEA_00039298
    SEA_00040134
    SEA_00041605
    SEA_00043231
    SEA_00043233
    SEA_00043249
    SEA_00043252
    SEA_00043604
    SEA_00047946 (multiple links)
    SEA_00048146

July 21, 2021
Page 2

SEA_00048936

## 2.     Metadata for SPD Recordings

We have been unable to locate the metadata for WMA audio files produced by the City in the range SEA-SPD_000247 – SEA-SPD_003822. (It appears that we do have metadata for WMV files produced in a similar range.) If the City believes it has produced that metadata, please indicate where we can find it. If the City has not provided it, we request that at a minimum we receive metadata that indicates the dates and times on the recordings.

## 3.     Plaintiff Texts and Messaging

We want to make sure the City is aware of a handful of issues we have been working though with collection of texts and messages for a few of the plaintiffs. We note that we are continuing to work through some of these issues, but this is the current status. We also note that almost all these issues concern personal communications that are stored on personal devices.

A handful of Plaintiff custodians have responsive conversations in group chats on the Signal messaging platform. Signal is a highly encrypted messaging format that has proven challenging to retrieve in a way that is readily reviewed and produced with the media that the members uploaded. However, after several efforts and coordination with a member of the group chat who is not a Plaintiff, we have been able to recover and de-encrypt the messages, and plan to review and produce responsive messages from Signal in the coming weeks.

We have also become aware of missing texts from three plaintiffs that we have thus far not been able to recover. One is Wade Biller, who changed phones, and phone format, earlier this year. He therefore does not have older texts on his current phone. While we have his previous phone, our tech consultants have been unable to get the phone to turn on, and it is our understanding is that may be entirely inaccessible, and that any attempt to physically access the phone's hard drive will not only cost thousands of dollars but would render the phone permanently unusable and might be unsuccessful. Mr. Biller recalls that any responsive communications he had were likely with or about security needs for the Onyx Condominiums during

July 21, 2021
Page 3

CHOP and about the bullet that entered one of Onyx Condominiums' units on the night that Antonio Mays Jr. was murdered, June 29, 2020.

    We are also aware that Bill Donner of Richmark Label has a small number of responsive texts that are missing. Mr. Donner rarely uses text messages, and the vast majority of conversations and communications he has about this case with the City or others was via email or oral conversation. It has always been Mr. Donner's practice that when a text conversation is completed, he immediately deletes the conversation. Mr. Donner's recollection is that the only conversations he had via text about CHOP that Richmark does not have copies of would have been text messages with friends who saw his business on the news, or heard what was going on in the neighborhood, and asked him about it. If he had responsive conversations with employees, those have been produced from his employee's phones.

    Faizel Khan of Café Argento also has some missing texts. Mr. Khan has a long-standing practice of periodically clearing his phone of all personal information, including texts. This is due to the fact his personal cellphone is used at Café Argento and is regularly accessible by his employees. He clears his phone several times a year. To his recall, to the extent he had relevant, responsive text conversations that no longer exist on his phone, those text conversations were as follows:

- Texts he sent to a New York Times reporter regarding a story she was writing and providing her updates on the neighborhood conditions.
- Conversations with Mr. Biller about Onyx building security needs during CHOP.
- Texts he received from former employees who were afraid to come to work after the shootings and death in CHOP on or after June 21. He no longer has contact information for these employees.
- He likely had text communications with the security companies about coverage needs at Onyx.

July 21, 2021
Page 4

Let us know if the City wants to discuss any of these issues.

        Sincerely,

        /s/
        Tyler Weaver