# EXHIBIT 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNTERS CAPITAL, LLC, et al.,

Plaintiffs,

v.

CITY OF SEATTLE,

Defendant.

Case No. 20-cv-00983

PLAINTIFFS' OBJECTIONS, ANSWERS
AND RESPONSES TO CITY OF
SEATTLE'S FIFTH DISCOVERY
REQUESTS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiffs 12th &
Pike Associates LLC, Bergman's Lock and Key Services LLC, Hunters Capital LLC, Hunters
Property Holdings LLC, Greenus Building Inc., Madrona Real Estate Investors IV LLC, Madrona
Real Estate Investors VI LLC, Madrona Real Estate Services LLC, Olive St. Apartments LLC, Onyx
Homeowners Association, Matthew Ploszaj, Redside Partners, The Richmark Company d/b/a
Richmark Label, Shuffle LLC d/b/a Cure Cocktail, SRJ Enterprises d/b/a Car Tender, Sway and
Cake LLC and Wade Biller (collectively "Plaintiffs")[1] hereby respond and object to Defendant City
of Seattle's ("Defendant" or the "City") Fifth Discovery Requests.  No admissions of any nature

---

[1] These requests were originally served on Northwest Liquor, LLC and Rancho Bravo, Inc.. The parties have stipulated to dismissal of these entities since then. These answers therefore are on behalf of the remaining plaintiffs, but out of an abundance of caution considering the timing, Plaintiffs also assert the objections below on behalf of these entities in addition to themselves.

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 1

1

**INTERROGATORIES**

2

**INTERROGATORY NO. 15 (to each individual plaintiff):**

3        ==Identify every individual who received a litigation hold notice from You or Your counsel== in

4   connection with this action, including the sender of the litigation hold notice, the recipient's email

5   address to which the hold notice was sent, the date on which the hold notice was sent, the date on

6   which it was acknowledged as received, and a general description of the documents that each

7   individual was instructed to retain.  Include in Your response whether each such individual was

8   specifically instructed to retain instant messages (including text messages and app-based instant

9   messages and chats).

10        **ANSWER:**

11        Plaintiffs object that this interrogatory explicitly seeks information protected by the attorney-

12   client privilege and the work-product doctrine. Plaintiffs also object that "hold notice" is vague.

13   Without waiving these or the general objections, Plaintiffs respond that counsel collectively

14   informed all Plaintiffs in writing in August 2020 and December 2020 to retain and not delete any

15   relevant documents or communications regardless of format or manner of communication. For

16   Plaintiffs who are still in the case as of the date of this response, ==the list of individuals who received==

17   ==a group communication is attached to these responses as Exhibit A.==

18        Plaintiffs' counsel has also had numerous individual communications with Plaintiffs

19   regarding retention of all relevant documents or communications regardless of format or manner of

20   communication.

21

22   **INTERROGATORY NO. 16 (to each individual plaintiff):**

23        ==Identify every individual listed in Your answer to Interrogatory No. 15 who participated in==

24   ==any conversations or communications using any messaging app, including, for example, Apple==

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 5

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

Messages, WhatsApp, Facebook Messenger, Telegram, or Signal, regarding CHOP, the CHOP Zone, and/or the protests that occurred around Cal Anderson Park or the East Precinct during the Time Period.  Include in your answer the name of the messaging app each such individual used, the dates on which each such individual communicated using each such app, and the subject matter about which each such individual messaged.

**ANSWER:**

Plaintiffs object that this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Plaintiffs also object that "messaging app" is vague. Plaintiffs further object that the demand for dates and nature of communications is not proportional to the need for the evidence. Without waiving these or the general objections, Plaintiffs respond that they are aware of the following use of messaging apps regarding CHOP, the CHOP Zone and/or the protests around Cal Anderson Park during the Time Period:

**ANSWER AS TO 12TH & PIKE ASSOCIATES, LLC:**

None.

**ANSWER AS TO BERGMAN'S LOCK AND KEY SERVICES LLC:**

None.

**ANSWER AS TO HUNTERS CAPITAL, HUNTERS PROPERTY HOLDINGS, LLC, and GREENUS BUILDING:**

Mr. Oaksmith and Mr. Malone have none. Ms. Cronauer downloaded the Signal messaging app on her cell phone in June 2020 to receive messages from a group of residents and businesses but turned the application off shortly thereafter. Ms. Cronauer does not recall sending any direct

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 6

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1   messages.

2

3   **ANSWER AS TO MADRONA REAL ESTATE INVESTORS IV, LLC:**

4       None.

5

6   **ANSWER AS TO MADRONA REAL ESTATE INVESTORS VI, LLC:**

7       None.

8

9   **ANSWER AS TO MADRONA REAL ESTATE SERVICES, LLC:**

10      None.

11

12  **ANSWER AS TO OLIVE ST APARTMENTS LLC:**

13      None.

14

15  **ANSWER AS TO ONYX HOMEOWNERS ASSOCIATION AND WADE BILLER:**

16      Wade Biller used Signal to communicate in group chats and with individuals in 2020.

17  Plaintiffs have provided copies of responsive messages from Mr. Biller in group chats but if there

18  are responsive direct messages, Plaintiffs have been unable to recover all of them. As explained in

19  Plaintiffs' letter dated July 21, 2021, his prior phone has been damaged and his phone was not backed

20  up.

21

22  **ANSWER AS TO MATTHEW PLOSZAJ:**

23      Matthew Ploszaj briefly used Telegram in June 2020 to communicate with a group about

24  issues happening in his neighborhood. Copies of the few messages that Mr. Ploszaj sent to that group

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 7

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1    will be produced.

2

3    **ANSWER AS TO REDSIDE PARTNERS:**

4         None.

5

6    **ANSWER AS TO THE RICHMARK COMPANY DBA RICHMARK LABEL:**

7         None.

8

9    **ANSWER AS TO SHUFFLE LLC DBA CURE COCKTAIL:**

10        Sean Sheffer sent a few responsive messages via Facebook Messenger that have previously

11   been produced.

12

13   **ANSWER AS TO SRJ ENTEPRISES DBA CAR TENDER:**

14        As he indicated at deposition, John McDermott was a member of Signal chats. He only very

15   rarely used it to communicate anything himself. To the extent he made any responsive

16   communications to those groups, those have already been produced.

17

18   **ANSWER AS TO SWAY AND CAKE LLC:**

19        None.

20

21   **INTERROGATORY NO. 17 (to each individual plaintiff):**

22        Identify every Electronic Device from which You collected electronically stored information

23   in connection with this case, including the date on which such collection was made for each such

24   device, the owner of the device, the make and model of the device, its serial number, the type of

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 8

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1    electronically stored information that was collected on each such date, the volume of data collected

2    on each such date, the individual who made the collection(s), and the current location of each such

3    device.

4        **ANSWER:**

5        Plaintiffs object that this interrogatory seeks information protected by the attorney-client

6    privilege and the work-product doctrine. Plaintiffs also object that this request seeks unnecessary

7    detail that is not proportionate to any need. Plaintiffs also object that "Electronic Device" is vague

8    in the context. Without waiving these or the general objections, Plaintiffs respond that not all

9    electronic information in this case was collected from an Electronic Device as Plaintiffs understand

10   the definition. To the extent electronic information was gathered from a physical device, as opposed

11   being recovered from a mainframe, database, server, or repository, Plaintiffs refer to Exhibit B to

12   these discovery requests.

13

14   **INTERROGATORY NO. 18 (to each individual plaintiff):**

15       Please identify every electronic device belonging to, or being used by, each individual

16   identified in Your answer to Interrogatory No. 15, from which You attempted to obtain text or instant

17   messages but were not able to obtain the same.  As part of Your answer, please describe in detail the

18   circumstances that prevented You from obtaining text messages or instant messages from each such

19   device and every step You have taken to try to recover or collect the text messages or instant

20   messages that were not obtainable from the device.

21       **ANSWER:**

22       Plaintiffs object that this interrogatory seeks information protected by the attorney-client

23   privilege and the work-product doctrine. Plaintiffs also object that "Electronic Device" is vague in

24   the context. Without waiving these or the general objections, Plaintiffs respond that they are aware

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 9

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL. (206) 407-2200   FAX. (206) 407-2224

of the following situations, all of which have been previously disclosed to the City:

1. Lonnie Thompson. As Mr. Thompson testified, he lost two phones between June 2020 and his May 2021 deposition, one in a lake, and another in the mountains. Mr. Thompson's phones were not backed up. Plaintiffs have not been able to recover, or attempt to recover, data from those phones or any backup.

2. Michael Malone. Plaintiffs refer the City to their letter dated December 23, 2021. Plaintiffs do not have access to Mr. Malone's prior phone nor to any backup prior to March 26, 2021. Responsive messages between Mr. Malone and his employees Michael Oaksmith, Jill Cronauer, and Sandy Allen, if any, have been produced. Plaintiffs also recovered messages between Mr. Malone and Jenny Durkan from a subpoena served on Durkan. The City also has these messages.

3. Wade Biller. As disclosed to the City on July 21, 2021, the phone Mr. Biller used in 2020 is not functional. Plaintiffs' vendor informed counsel that it would have to destroy the phone to see if it anything would be recovered. Plaintiffs' counsel have not engaged in that process, but do have possession of the phone.

4. Bill Donner. As disclosed to the City on July 21, 2021, and discussed at his deposition, Mr. Donner had a few texts in June 2020 with acquaintances about what was happening at Richmark Capital as a result of CHOP. He deleted these texts shortly after sending them, as is his regular practice with all texts. Mr. Donner's phone does not appear to have been backed up. Plaintiffs have not recovered any responsive texts.

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 10

1    **INTERROGATORY NO. 19 (to each individual plaintiff):**

2         For each Electronic Device identified in Your answer to Interrogatories No. 17 and 18, above,

3    state (1) whether the Electronic Device was regularly backed up to (a) a cloud-based server (*e.g.*,

4    Apple iCloud or Google Drive) or (b) a computer, at any time during the Time Period.

5       **ANSWER:**

6        Plaintiffs object that this interrogatory seeks information protected by the attorney-client

7    privilege and the work-product doctrine. Plaintiffs also object that "Electronic Device" is vague in

8    the context. Without waiving these or the general objections, Plaintiffs respond as follows:

9

10    **ANSWER AS TO BERGMAN'S LOCK AND KEY SERVICES LLC:**

11         Mr. Thompson's phone was not backed up.

12

13    **ANSWER AS TO HUNTERS CAPITAL, HUNTERS PROPERTY HOLDINGS, LLC, AND**

14    **GREENUS BUILDING, INC.:**

15         Mr. Oaksmith and Mr. Malone's phones were not backed up. Ms. Cronauer's phone is

16    currently backed up through iCloud, and Ms. Cronauer believes that her iPhone was backed up

17    during June 2020 to the present through iCloud.

18

19    **ANSWER AS TO MADRONA REAL ESTATE INVESTORS IV, LLC:**

20        Not applicable.

21

22    **ANSWER AS TO MADRONA REAL ESTATE INVESTORS VI, LLC:**

23        Not applicable.

24

25

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL. (206) 407-2200   FAX. (206) 407-2224

1  **ANSWER AS TO MADRONA REAL ESTATE SERVICES, LLC:**

2      Not applicable.

3

4  **ANSWER AS TO OLIVE ST APARTMENTS LLC:**

5      Mr. Wanagel's phone was not backed up.

6

7  **ANSWER AS TO ONYX HOMEOWNERS ASSOCIATION AND WADE BILLER:**

8      Mr. Biller's phone was not backed up.

9

10 **ANSWER AS TO MATTHEW PLOSZAJ:**

11     Mr. Ploszaj's phone was not backed up.

12

13 **ANSWER AS TO REDSIDE PARTNERS:**

14     Mr. Swanson believes his phone was backed up.

15

16 **ANSWER AS TO THE RICHMARK COMPANY DBA RICHMARK LABEL:**

17     Mr. Donner's phone appears to not have been backed up. Mr. Cosme's phone was.

18

19 **ANSWER AS TO SHUFFLE LLC DBA CURE COCKTAIL:**

20     Mr. Sheffer's phone was backed up.

21

22 **ANSWER AS TO SRJ ENTEPRISES DBA CAR TENDER:**

23     Mr. McDermott's phone was not backed up.

24

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 12

**ANSWER AS TO SWAY AND CAKE LLC:**

Ms. Kilburn's phone was backed up.

**INTERROGATORY NO. 20 (to each individual plaintiff):**

Identify every individual listed in Your answer to Interrogatory No. 15, for whom You were not able to collect all of their text messages that referred or related in any way to CHOP, the CHOP Zone, or the protests that occurred in or around Cal Anderson or the East Precinct during the Time Period, and for each individual identified, please describe in detail the nature of the texts that were not recoverable, the dates on which said texts were sent and received, and the reasons why said texts were not recoverable.

**ANSWER:**

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Plaintiffs further object that providing the details requested with regard to missing texts is, necessarily, impossible. Without waiving these or the general objections, Plaintiffs respond as follows:

1. Lonnie Thompson. Mr. Thompson's messages are not retrievable because he lost two phones in a short time period, and neither was backed up. Plaintiffs refer to page 104 of his deposition transcript for his testimony about what text messages he thinks he might have had on these lost phones.

2. Michael Malone. Plaintiffs have not been able to recover all of Mr. Malone's messages because Plaintiffs do not have access to Mr. Malone's prior phone, nor to any backup prior to March 26, 2021. To the extent he had responsive messages with employees

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL. (206) 407-2200   FAX. (206) 407-2224

Michael Oaksmith, Jill Cronauer, and Sandy Allen, those have been produced, as have

his messages to Ms. Durkan's personal phone.

3. Wade Biller. Plaintiffs have not been able to recover messages from Mr. Biller's phone

because it is not functional and was not backed up. Plaintiffs refer to their July 21, 2021,

letter and Mr. Biller's deposition for discussion of what those messages would have been.

4. Bill Donner. It appears Mr. Donner's phone was not backed up. Plaintiffs refer to their

July 21, 2021, letter and Mr. Donner's deposition for discussion of what those messages

would have been.

**INTERROGATORY NO. 21 (to each individual plaintiff):**

Identify the date when Your counsel first became aware that not all text messages for the

Time Period were available on the Electronic Devices of each of the individuals listed in Your

answer to No. 20, above.

**ANSWER**:

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-

client privilege and the work-product doctrine. Without waiving these or the general objections,

Plaintiffs respond as follows:

1. Lonnie Thompson. Counsel first learned of the missing phones and texts at Mr.

Thompson's deposition on May 4, 2021.

2. Michael Malone. Counsel first learned definitively on November 5, 2021, that not all

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 14

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL. (206) 407-2200   FAX. (206) 407-2224

texts from Mr. Malone's phone were available.

3. Wade Biller. Counsel first learned in May 2021 that Mr. Biller had missing texts.

4. Bill Donner. Counsel first learned in April 2021 that Mr. Donner had missing texts.

**INTERROGATORY NO. 22 (to each individual plaintiff):**

Identify all of the locations and Electronic Devices that You have searched in an attempt to recover the lost text messages and data of those individuals listed in Your answer to Interrogatory No. 20, above.

**ANSWER:**

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Plaintiffs also object that "Electronic Device" is vague in the context. Without waiving these or the general objections, Plaintiffs respond as follows:

1. Lonnie Thompson. Mr. Thompson does not have either his relevant phones or any backup. Plaintiffs have not looked elsewhere.

2. Michael Malone. Plaintiffs provided responsive texts with Mr. Malone's key employees and Ms. Durkan. In addition, Plaintiffs have searched Mr. Malone's phone backups.

3. Wade Biller. Plaintiffs have produced Mr. Biller's responsive Signal chat messages from other individuals in the chat groups. Plaintiffs also sent Mr. Biller's old phone to a vendor for analysis. Please see Plaintiffs' letter dated July 21, 2021.

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 15

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

4.  Bill Donner. Plaintiffs have worked with Richmark Label to locate any backups of Mr. Donner's phone but have not located any.

**INTERROGATORY NO. 23 (to each individual plaintiff):**

Describe in detail the process, if any, that You are undertaking to recover and/or recreate the missing text messages of any of the individuals identified in Your answer to Interrogatory No. 20, above.

**ANSWER:**

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Without waiving this objection or the general objections, Plaintiffs respond as follows:

Please see answer to Interrogatory No. 22.

**INTERROGATORY NO. 24 (to each individual plaintiff):**

Identify the date when Your counsel first became aware that you were communicating via the Signal app regarding the CHOP, CHOP Zone, and/or the protests that occurred in or around Cal Anderson Park and the East Precinct during the Time Period, and all steps taken by You and/or Your counsel to ensure that all communications and conversations on Signal were preserved so as to ensure that communications on Signal relating to these topics among plaintiffs or between plaintiffs and other individuals were not deleted or lost.

**ANSWER:**

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Without waiving this or the general objections,

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 16

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1    Plaintiffs respond that their counsel first learned in late April or early May 2021 that certain Plaintiffs
2    had participated in or were participating in Signal chat groups.

3           Upon learning of this fact, counsel reiterated the need to retain and produce responsive
4    material and initiated a process to obtain and de-encrypt responsive Signal messages.

5

6    **INTERROGATORY NO. 25 (to each individual plaintiff):**

7           Identify every individual identified by you in your answer to Interrogatory No. 15, above,
8    who at any point deleted Signal from their device, changed the settings on Signal on their device to
9    cause messages to be deleted or lost, or otherwise took actions that may have resulted in messages
10   that were or may have at one point been available or viewable on Signal no longer being
11   available.  As part of Your answer, please describe in detail each such person's reason for having
12   done so and the date on which they did so.

13          **ANSWER:**

14          Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-
15   client privilege and the work-product doctrine. Without waiving this or the general objections,
16   Plaintiffs respond that they are aware of only one individual identified in Interrogatory No. 15, John
17   McDermott, who deleted the Signal app from his phone. As he indicated at his deposition, he did so
18   because he was still suffering from the physical and psychological trauma aftermath of the attack on
19   his business and his person on June 14, 2020. He found the repeated reports of violence and
20   disruption on the Signal chats to be disturbing and triggering. Plaintiffs have recovered Mr.
21   McDermott's extremely limited messages to the responsive Signal groups by recovering them from
22   other sources. Mr. McDermott does not recall sending any direct messages using Signal.

23          Another individual, Jill Cronauer, did not delete the Signal app, but turned it off after a brief
24   period because of the overwhelming volume of messages she received in the group chat she was

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 17

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

briefly participating in. She no longer has any Signal messages on her phone but did not knowingly or intentionally remove them. To the extent that Ms. Cronauer had messages to the group chat she participated in, those have been recovered and produced if responsive. As stated above, Ms. Cronauer does not recall sending any direct messages using Signal.

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1

## REQUESTS FOR PRODUCTION

2

**REQUEST FOR PRODUCTION NO. 51:**  Please produce all documents on which you relied, or

3

to which you referred in answering any of the foregoing interrogatories.

4

**ANSWER**:

5

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-

6

client privilege and the work-product doctrine. Without waiving this or the general objections,

7

Plaintiffs respond that the overwhelming majority of these documents are privileged. To the extent

8

there are documents that are not privileged, Plaintiffs will produce them.

9

10

**REQUEST FOR PRODUCTION NO. 52:** Please produce a copy of the digital forensic images

11

for each Electronic Device that was collected from each person in your answer to Interrogatory No.

12

20, above.  Defendants are amenable to negotiating a Digital Examination Agreement, similar to the

13

agreement executed by the parties with respect to certain City-issued phones in response to

14

Plaintiffs' Request for Production No. 34, that would cover the production and use of these digital

15

forensic images.

16

**ANSWER:**

17

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-

18

client privilege and the work-product doctrine. Without waiving this objection or the general

19

objections, Plaintiffs respond that they have no digital forensic images. Plaintiffs will consider a

20

request from the City for a forensic image of a particular phone Plaintiffs have access to.

21

22

**REQUEST FOR PRODUCTION NO. 53:**  Please produce all Signal conversations containing

23

messages that relate to the CHOP, CHOP Zone, this lawsuit, and/or the protests that occurred around

24

Cal Anderson Park or the East Precinct at any time from June 1, 2020 through the present.

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 19

**ANSWER**:

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Without waiving this objection or the general objections, Plaintiffs respond that they have already provided thousands of responsive, decrypted Signal messages. Plaintiffs will review whether there are additional responsive messages up to July 1, 2021, and if there are, will produce them.

**REQUEST FOR PRODUCTION NO. 54:**  All communications sent to or received by any of the individuals identified in Your answer to Interrogatory No. 20 or their counsel, relating to text messages or the absence of text messages, on their Electronic Devices.

**ANSWER:**

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Without waiving this objection or the general objections, Plaintiffs respond that the overwhelming majority of these documents are privileged. To the extent there are responsive documents that are not privileged, Plaintiffs will produce them.

**REQUEST FOR PRODUCTION NO. 55:**  All documents related to the missing text messages of the individuals identified in Your answer to Interrogatory No. 20, including all documents relating to any investigation that was conducted into the circumstances or reasons why the text messages were lost or could not be collected.

**ANSWER:**

Plaintiffs object to the extent this interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Without waiving this or the general objections,

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 20

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1   Plaintiffs respond that the overwhelming majority of these documents are privileged. To the extent

2   there are responsive documents that are not privileged, Plaintiffs will produce them.

3        DATED this 7th day of February, 2022.

4

5                                    By /s Tyler S. Weaver                    .
                                        Patricia A. Eakes, WSBA #18888
6                                       Angelo J. Calfo, WSBA #27079
                                        Tyler S. Weaver, WSBA #29413
7                                       Gabe Reilly-Bates, WSBA #52257
                                        Andrew DeCarlow, WSBA #54471
8                                       Henry Phillips, WSBA #55152
                                        1301 Second Avenue, Suite 2800
9                                       Seattle, WA  98101
                                        Phone: (206) 407-2200
10                                      Fax:    (206) 407-2224
                                        Email:  pattye@calfoeakes.com
11                                               angeloc@calfoeakes.com
                                                 tylerw@calfoeakes.com
12                                                gaber@calfoeakes.com
                                                 andrewd@calfoeakes.com
13                                               henryp@calfoeakes.com

14                                      *Attorneys for Plaintiffs*

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 21

1

**CERTIFICATE OF SERVICE**

2          I, Lixi Colmenero, declare that I am employed by the law firm of Calfo Eakes LLP, a resident

3   of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled

4   action, and competent to be a witness herein.

5          On February 7, 2022, I caused a true and correct copy of the foregoing document to be served

6   on counsel listed below in the manner indicated:

7

8   ANN DAVISON
    Seattle City Attorney                          ☐ Via legal messengers

9   Joseph Groshong                                ☐ Via first class mail
    Assistant City Attorneys                       ☐ Via facsimile

10  Seattle City Attorney's Office                 ☑ Via email, per agreement
    701 Fifth Avenue, Suite 2050                   ☐ Via E-Service

11  Seattle, WA 98104
    Tel.:  (206) 684-8200

12  Fax:   (206) 684-8284
    E-mail: Joseph.Groshong@seattle.gov

13

14  HARRIGAN LEYH FARMER & THOMSEN LLP

15  Tyler L. Farmer                                ☐ Via legal messengers
    Arthur W. Harrigan, J.                         ☐ Via first class mail

16  Shane Cramer                                   ☐ Via facsimile
    Erica Iverson                                  ☑ Via email, per agreement

17  Bryn Resser Pallesen                           ☐ Via E-Service
    999 Third Avenue, Suite 4400

18  Seattle, WA 98104
    Tel.#: (206) 623-1700

19  Fax#:  (206) 623-8717
    E-mail: tylerf@harriganleyh.com

20          arthurh@harriganleyh.com

21          shanec@harriganleyh.com
            ericai@harriganleyh.com

22          brynp@harriganleyh.com

23

24          _____ s/ Lixi Aylin Colmenero _____
            Lixi Aylin Colmenero

25

PLAINTIFFS' OBJECTIONS, ANSWERS AND
RESPONSES TO CITY OF SEATTLE'S FIFTH
DISCOVERY REQUESTS
(Case No. 20-cv-00983) - 22

LAW OFFICES
**CALFO EAKES LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

| EXHIBIT A |
|---|
| 12th & Pike Associates LLC<br>(Bradford Augustine, Andrea Augustine) |
| Bergman's Lock and Key Services LLC<br>(Lonnie Thompson) |
| Hunters Capital LLC<br>(Michael Oaksmith, Michael Malone, Jill Cronauer) |
| Hunters Property Holdings LLC<br>(Michael Oaksmith, Michael Malone, Jill Cronauer) |
| Greenus Building, Inc.<br>(Michael Oaksmith, Michael Malone, Jill Cronauer) |
| Madrona Real Estate Investors IV LLC<br>(Bradford Augustine, Andrea Augustine) |
| Madrona Real Estate Investors VI LLC<br>(Bradford Augustine, Andrea Augustine) |
| Madrona Real Estate Services, LLC<br>(Bradford Augustine, Andrea Augustine) |
| Olive St Apartments LLC<br>(Joe Wanagel) |
| Onyx Homeowners Association<br>(Wade Biller) |
| Matthew Ploszaj |
| Redside Partners<br>(Craig Swanson) |
| The Richmark Company dba Richmark Label<br>(Bill Donner, Barry Cosme) |
| Shuffle LLC dba Cure Cocktail<br>(Sean Sheffer) |
| SRJ Enterprises dba Car Tender<br>(John McDermott, Russell Kimble) |
| Sway and Cake LLC<br>(Tamara Kilburn) |
| Wade Biller |

**EXHIBIT B**

| PLAINTIFF | DEVICE | DATE VENDOR (VERITY, INC.) COLLECTED | APPROXIMATE TIMEFRAME PLAINITFF SELF-COLLECTED |
|---|---|---|---|
| HUNTERS CAPITAL **MICHAEL OAKSMITH** | iPhone 11 iOS14.4.2 (personal) | 05-03-2021 | |
| HUNTERS CAPITAL **MICHAEL MALONE** | iPhone 11 iOS14.4.2 (personal) | 05-03-2021 | |
| HUNTERS CAPITAL **JILL CRONAUER** | iPhone Xs 14.4.2 (personal) | 05-03-2021 | |
| SHUFFLE LLC dba CURE COCKTAIL **SEAN SHEFFER** | Samsung Galaxy S20 (personal) | | 09-2020 |
| REDSIDE PARTNERS **CRAIG SWANSON** | iPhone 12 Mini (personal) | 05-03-2021 | 09-2020 |
| RICHMARK LABEL **BILL DONNER** | iPhone 8 (personal) | NA | Plaintiff searched for responsive materials from phone in February and April 2021 |
| RICHMARK LABEL **BARRY COSME** | iPhone 6 (personal) | NA | 02-2021 |
| SRJ ENTERPRISES dba CAR TENDER **JOHN MCDERMOTT** | Galaxy s9 (personal) | 05-03-2021 | |
| MADRONA entities and12th & PIKE **BRAD AUGUSTINE** | No electronic device with responsive messages | NA | 05-2021 |
| SWAY AND CAKE **TAMARA KILBURN** | iPhone (personal) | NA | 05-2021 |
| BERGMAN'S LOCK AND KEY **LONNIE THOMPSON** | No electronic device available to search | NA | NA |
| OLIVE ST APTS **JOE WANAGEL** | Galaxy A10e (personal) | 05-04-2021 | 09-2020 |
| ONYX and WADE BILLER **WADE BILLER** | Samsung Android (personal) | 05-24-2021 (Unable to recover messages from damaged device) | |
| **MATTHEW PLOSZAJ** | iPhone (personal) | 03-04-2021 | |