HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al.,<br><br>                Plaintiffs,<br><br>       v.<br><br>CITY OF SEATTLE,<br><br>                Defendant. | Case No. 20-cv-00983-TSZ<br><br>CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR: OCTOBER 14, 2022** |

## I.  RELEF REQUESTED

Concurrent with this motion, Defendant City of Seattle is filing its Motion for Summary Judgment ("Summary Judgment Motion") and the Declaration of Shane P. Cramer in Support thereof ("Cramer Declaration"). The Cramer Declaration attaches documents that Plaintiffs have designated as "Confidential" under the terms of the Stipulated Protective Order entered in this case (Dkt. No. 41). Pursuant to Local Civil Rule 5(g) and the Stipulated Protective Order, the City is provisionally filing Exhibits 38, 40, and 42 to the Cramer Declaration under seal, pending the Court's ruling on this motion. As detailed below, it is Plaintiffs' responsibility, as the designating party, to provide a basis for maintaining under seal each of the provisionally sealed documents.

CITY OF SEATTLE'S MOTION TO SEAL IN RE
CITY'S SUMMARY JUDGMENT MOTION - 1
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

## II. CERTIFICATION

In accordance with LCR 5(g)(3)(A), undersigned counsel certify that Shane Cramer and Erica Iverson (on behalf of the City) and Tyler Weaver and Gabe Reilly-Bates (on behalf of Plaintiffs), or some combination thereof, conferred in good faith on September 27, 2022 (telephonic), September 28, 2022 (via email), and September 29, 2022 (via email and telephonically), regarding the potential need to file the City's Summary Judgment Motion and certain exhibits to the Cramer Declaration under seal, ways to potentially minimize the amount of material filed under seal, and whether redaction or other alternatives to filing the under seal would suffice.

## III. FACTS AND AUTHORITY

LCR 5(g)(3)(B) provides that where, as here, parties have entered into a stipulated protective order, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not" provide a "specific statement of the applicable legal standard and the reasons for keeping the document under seal." The terms of the Stipulated Protective Order entered in this case require that "the designating party . . . identify the basis for sealing the specific confidential information at issue" and "the filing party . . . include this basis in its motion to seal, along with any objection to sealing the information at issue." Dkt. 41 at p. 4.

Plaintiffs designated as "Confidential" (*see* Dkt. 41) certain documents and deposition transcripts on which the City relies in its Summary Judgment Motion. As part of the Parties' communications on this issue, and in order to limit the number of documents that would need to be filed under seal, Plaintiffs removed the confidentiality designations from a number of documents. The City also limited the number of pages it planned to submit from various documents that had been designated as confidential by Plaintiffs in order to reduce the amount of material being filed under seal.

CITY OF SEATTLE'S MOTION TO SEAL IN RE
CITY'S SUMMARY JUDGMENT MOTION - 2
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Plaintiffs' counsel requested that Exhibit 38, 40, and 42 to the Cramer Declaration be sealed in their entirety because counsel contends they contain sensitive or financial information about the entities referenced in the exhibits.

It is not the City's obligation to establish the propriety of any of Plaintiffs' confidentiality designations.  The City anticipates that in their response to this motion, Plaintiffs will lay out the reasons why they believe these documents should remain sealed.  LCR 5(g)(3)(B) (the designating party has an obligation "in its response to the motion to seal" to provide "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary").  The City will address any issues it has with those bases on reply.

## V.  CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court determine whether the documents designated as "Confidential" by Plaintiffs should remain under seal.  A proposed order accompanies this motion.

DATED this 29th day of September, 2022.

ANN DAVISON
Seattle City Attorney

By: *s/ Joseph Groshong*
Joseph Groshong, WSBA# 41593
Assistant City Attorney
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Tel: (206) 684-8200
Fax: (206) 684-8284
Joseph.Groshong@seattle.gov

CITY OF SEATTLE'S MOTION TO SEAL IN RE
CITY'S SUMMARY JUDGMENT MOTION - 3
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

HARRIGAN LEYH FARMER & THOMSEN LLP

By: *s/ Arthur W. Harrigan, Jr.*
By: *s/ Tyler L. Farmer*
By: *s/ Shane P. Cramer*
By: *s/ Erica Iverson*
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    Shane P. Cramer, WSBA #35099
    Erica Iverson, Pro Hac Vice
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel:   (206) 623-1700
    arthurh@harriganleyh.com
    tylerf@harriganleyh.com
    shanec@harriganleyh.com
    ericai@harriganleyh.com

*Attorneys for City of Seattle*

CITY OF SEATTLE'S MOTION TO SEAL IN RE
CITY'S SUMMARY JUDGMENT MOTION - 4
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717