THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF SEATTLE,<br><br>　　　　　　Defendant. | Case No. 2:20-cv-00983-TSZ<br><br>PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION OF SHANE P. CRAMER IN SUPPORT OF THE CITY'S MOTION FOR SPOLIATION SANCTIONS<br><br>**Noted: October 14, 2022** |

## I.　INTRODUCTION

Plaintiffs agree to and support the relief requested in Defendant City of Seattle's Motion to Seal Certain Exhibits to the Declaration of Shane P. Cramer in Support of The City's Motion For Spoliation Sanctions (Dkt. No. 106) (the "Motion to Seal").[1] The Motion to Seal requests that this Court allow the sealing of Ex. 10 to Declaration of Shane P. Cramer in Support of the Motion to

---

PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS
(Case No. 2:20-cv-00983-TSZ) - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400　FAX +1.206.274.6401

Seal ("Ex. 10"). Ex. 10 is an email between Jill Cronauer of Hunters Capital to a tenant dated October 1, 2021, containing confidential lease negotiation information, as well as an estimation of the fair market rent rate for the space. If this information were publicly available, Hunters Capital's competitors could gain an unfair advantage and Hunters Capital could suffer injury as a result.

The parties met and conferred prior to the City's filing of the City's Motion for Spoliation Sanctions to discuss the filing of material that had been designated as "Confidential" under seal, and Plaintiffs have worked with the City in an attempt to narrow the scope of the material that had to be filed under seal. Specifically, Plaintiffs' counsel reviewed the City's proposed exhibits and agreed that the vast majority of the exhibits and deposition excerpts marked "Confidential" could be filed publicly. Plaintiffs have only requested that exhibits be sealed in their entirety where necessary to preserve confidential competitive information and prevent injury.

## II.  BACKGROUND FACTS

### a. The Plaintiffs Have Diligently Worked with the City to Minimize the Amount of Material to Be Filed Under Seal

On Tuesday, September 27, 2022, in preparation of a meet an confer conference scheduled for Wednesday, September 28, 2022, to satisfy the parties' meet-and-confer obligations under FRCP 37 and LCR 5(g), counsel for the City indicated that there were several documents that were marked confidential that the City wanted to file in support of its Motion for Spoliation Sanctions and its Motion for Summary Judgment. *See* Declaration of Gabriel Reilly-Bates (the "Reilly-Bates Decl."), ¶ 2, submitted herewith. Counsel for both parties discussed the process for reviewing documents to be filed under seal during the meet-and-confer conference on Tuesday, September 27, 2022, and on Wednesday, September 28, 2022, counsel for the City sent an updated list of 14 documents, including exhibits and deposition transcript excerpts, one of which was Ex. 10 to the City's Motion for Spoliation Sanctions (herein, "Ex. 10," which is further identified as POQUITOS-000009). *See Id.*, ¶ 3. Counsel for Plaintiffs reviewed the City's list of 14 documents, and determined that all but four of the exhibits could be publicly filed. *See Id.*, ¶ 4. This response only

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
CERTAIN EXHIBITS
(Case No. 2:20-cv-00983-TSZ) - 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

concerns Ex. 10, and the other three exhibits will be addressed in Plaintiffs' Response to the City's other motion to seal. Following Plaintiffs' counsel's review of Ex. 10, Plaintiffs' counsel emailed counsel for the City to request that Ex. 10 be filed under seal. *See Id.*, ¶ 5.

      b. **The Sealed Information Contains Sensitive Competitive Information that Would Cause Injury If Disclosed**

Ex. 10 contains confidential information and should remain under seal. It is an email from Jill Cronauer, the Chief Operating Officer of Hunters Capital, to the managers of Poquitos Restaurant dated September 24, 2021, well after CHOP was concluded, addressing the issue of Poquitos's renewal of a commercial lease. *See* Declaration of Jill Cronauer, a copy of which is attached hereto as Ex. 2, ¶ 3. The email noted that the lease was terminating soon and suggested a fair market rent for the space. *See id.* ¶ 4. The email proposed a specific amount of rent rates for two separate spaces. *See id.*, ¶ 5. The email also proposed a percentage increase and indicated an approximate amount of rent abated. *See id.*, ¶ 6. The disclosure of this information could cause competitive harm for Hunters Capital, because it lists the rent rates proposed by Hunters Capital and an estimation of the fair market value of the lease. *See id.* ¶ 7.

### III.   ARGUMENT

Local Rule 5(g)(3)(B) recognizes that where there are "legitimate private or public interests that warrant" sealing such that "injury . . . will result if the relief sought is not granted" and the least "restrictive alternative" is being sought, there are compelling reasons to maintain such documents under seal. There are two standards that are applied to sealing documents in the 9th Circuit: a compelling reason standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions, such as the City's Motion to seal. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). This "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS
(Case No. 2:20-cv-00983-TSZ) - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

The 9th Circuit explained the reasons for applying a lesser standard in the seminal case of *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), where it noted:

> The public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action. The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the "broad power of the district court to fashion protective orders."

As the City's Motion for Spoliation Sanctions is a non-dispositive motion, a "good cause" standard applies here.

Good cause exists to seal Ex. 10. Courts recognize that the disclosure of confidential customer information, sales and payment terms, and contract fees and pricing can be harmful to a litigant's competitive standing. *Hologram, USA, Inc. v. Global Cash Access, Inc.*, 2016 WL 5867821, at *2 (D. Nev. Oct. 5, 2016) *see also In re McClatchy Newspapers, Inc.,* 288 F.3d369, 374 (9th Cir. 2002) (*quoting Nixon* v. *Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)); *see also In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("compelling reason" may exist if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing"); *Hill* v. *Xerox Corp.*, 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014) ("sources of business information that might harm [Defendant's] competitive standing . . . are therefore compelling reasons to keep [the] document sealed"). Here, the disclosure of rent terms, market rates of rent, rent abatement negotiations and rent abatement agreements would only serve to harm Plaintiffs' competitive standing. Plaintiffs have thus made a showing of "good cause." Here, not only would disclosure give Plaintiffs' competitors an unfair advantage, but relatedly, it would also compromise Plaintiffs' relationships with existing and potential future customers.

Where disclosure risks harm to a litigant's customer relationships, the reasons for keeping such documents sealed are compelling. *Rimini Street, Inc. v. Oracle Int'l Corp.*, 2019 WL 2358389

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
CERTAIN EXHIBITS
(Case No. 2:20-cv-00983-TSZ) - 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

at *1 (D. Nev. June 4, 2019).  In *Rimini Street Inc.*, the court found compelling reasons to seal exhibits where customers were identified by name and contained details about their business relationships with Oracle including contractual terms, as such information allows "competitors and customers a glimpse into … negotiation strategies, which is a compelling reason to keep it under seal." *Id.*  Similarly, much of the material at issue here specifically discusses and identifies confidential rent rates, negotiations with tenants for rent reductions or rent abatement, and other contractual terms for specific customers.  Furthermore, if these documents are not sealed, third-party tenants who are not parties to this litigation could be competitively disadvantaged because information about their confidential business dealings would be made public. *Rimini Street, Inc.*, 2019 WL 2358389 at *1.  Thus, Plaintiffs have demonstrated good cause.

The public's interest in accessing this sealed information is minimal by comparison because it will not meaningfully assist in furthering the public's understanding of the case.  *See, e.g., Rimini Street, Inc.*, 2019 WL 2358389 (recognizing that "[t]he public does not have a strong interest in learning about the specific agreements between the parties and their customers because it is largely not relevant to this case" concerning alleged copyright infringement); *In re Zillow Group, Inc. Shareholder Derivative Lit.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (granting a motion to seal where the confidential business information had "little public value aside from the inherent value of allowing complete access to the Court's records.").  The sealed information largely relates fair market values for leasing spaces and a percentage of increase.  In addition, Ex. 10 is an email dated September 24, 2021, after the period for which Hunter Capital is seeking any damages for Poquitos' lost rent due to CHOP.  The sealed information is of minimal import to the Court's decision and to this case.

Given the nature of the confidential information contained in the sealed exhibit, there is no less restrictive alternative.  Plaintiffs have been judicious in their efforts to minimize the amount of information that needs to be sealed by reviewing the materials and making changes to its confidential designations so that only confidential information that would cause competitive harm

PLAINTIFFS' RESPONSE IN SUPPORT OF
CITY OF SEATTLE'S MOTION TO SEAL
CERTAIN EXHIBITS
(Case No. 2:20-cv-00983-TSZ) - 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

will be sealed. By narrowly tailoring their request for relief, Plaintiffs are following the least restrictive alternative possible that still protects against competitive harm.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs have demonstrated that they have good cause for maintaining the sealed Ex. 10 under seal and have satisfied LCR 5(g)(3)(B)'s requirements. Plaintiffs have a legitimate interest in ensuring that their confidential information, and that of third-party tenants, remains under seal and out of the hands of their competitors. As set forth in the declaration attached hereto, Plaintiffs have established that their competitive standing will be compromised if it is required to make the sealed information public. Accordingly, Plaintiffs respectfully request that the Court grant the City's Motion to Seal.

DATED this 10th day of October, 2022.

**MORGAN LEWIS & BOCKIUS LLP**

By /s/ Gabe Reilly-Bates
 Patricia A. Eakes, WSBA #18888
 Angelo J. Calfo, WSBA #27079
 Tyler S. Weaver, WSBA #29413
 Gabe Reilly-Bates, WSBA #52257
 Andrew DeCarlow, WSBA #54471
 Henry Phillips, WSBA #55152
 1301 Second Avenue, Suite 2800
 Seattle, WA  98101
 Phone:  (206) 274-6400
 Fax:     (206) 274-6401
 Email:  patty.eakes@morganlewis.com
              angelo.calfo@morganlewis.com
              tyler.weaver@morganlewis.com
              gabriel.reillybates@morganlewis.com
              andrew.decarlow@morganlewis.com
              henry.phillips@morganlewis.com

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS
(Case No. 2:20-cv-00983-TSZ) - 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401