THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al., | Case No. 2:20-cv-00983-TSZ |
| Plaintiffs, | PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CITY OF SEATTLE, | |
| Defendant. | **Noted: October 14, 2022** |

## I.   INTRODUCTION

Plaintiffs agree to and support the relief requested in Defendant City of Seattle's Motion to Seal Certain Exhibits (the "Sealed Exhibits") to the Declaration of Shane P. Cramer in Re: the City's Motion For Summary Judgment (Dkt. No. 110) (the "Motion to Seal").[1]  Plaintiffs, in this response, propose that redacted versions of the Sealed Exhibits remain under seal, thus reducing the

PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S
MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION
OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR
SUMMARY JUDGMENT
(Case No. 2:20-cv-00983-TSZ) - 1

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

amount of material that needs to remain under seal.  The confidential information contained in these redacted exhibits should remain under seal or subject to redaction because it is competitive information about Plaintiffs' contractual relationships with third-parties.  If this information were publicly available, Plaintiffs' competitors would gain an unfair advantage and Plaintiffs would suffer injury as a result.

The parties met and conferred prior to the City's filing of the Motion to Seal to discuss the filing of material that had been designated as "Confidential" under seal, and Plaintiffs have worked with the City in an attempt to narrow the scope of the material that had to be filed under Seal. Specifically, Plaintiffs' counsel reviewed the City's 14 proposed exhibits and agreed that most of them could be filed publicly.  After the filing of the City's Motion to Seal, Plaintiffs' counsel further conferred with counsel for the City concerning filing redacted versions of the Sealed Exhibits to further minimize the material that is to remain under seal.  Plaintiffs have only requested that exhibits be redacted where necessary to preserve confidential competitive information and prevent injury.

## II.  BACKGROUND FACTS

### a.  The Plaintiffs Have Diligently Worked with the City to Minimize the Amount of Material to Be Filed Under Seal

On Tuesday, September 27, 2022, in preparation of a meet an confer conference scheduled for Wednesday, September 28, 2022, to satisfy the parties' meet-and-confer obligations under FRCP 37 and  LCR 5(g), counsel for the City indicated that there were several documents that were marked confidential that the City wanted to file in support of its Motion for Spoliation Sanctions and its Motion for Summary Judgment.  *See* Declaration of Gabriel Reilly-Bates (the "Reilly-Bates Decl."), ¶ 2, a copy of which is submitted herewith.  Counsel for both parties discussed the process for reviewing documents to be filed under seal during the meet-and-confer conference on Tuesday, September 27, 2022, and on Wednesday, September 28, 2022, counsel for the City sent an updated list of 14 documents, including exhibits and deposition transcript excerpts, Exhibits 38 (further

PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR SUMMARY JUDGMENT
(Case No. 2:20-cv-00983-TSZ) - 2

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   identified as CHOP-0004594-CHOP-0004606), Exhibit 40 (further identified as CHOP-00121168-
2   0012174) and Exhibit 42 (further identified as excerpts of the Rebuttal Report Prepared by William
3   Partin) to the Declaration of Shane P. Cramer in support of the City's Motion for Summary
4   Judgment.  *See Id.*, ¶ 3.  Counsel for Plaintiffs reviewed the City's list of 14 documents, and
5   determined that all but four of the exhibits could be publicly filed.  *See Id.*, ¶ 4.  This response only
6   concerns Exs. 38, 40 and 42 to the Declaration of Shane P. Cramer in support of the City's Motion
7   for Summary Judgment, and the other exhibit will be addressed in Plaintiffs' Response to the City's
8   other motion to seal.  Following Plaintiffs' counsel's review of the Sealed Exhibits, Plaintiffs'
9   counsel emailed counsel for the City to request that they [be] filed under seal.  *See Id.*, ¶ 5.

10          On Friday, October 7, 2022, Counsel for Plaintiffs sent counsel for the City revised versions
11   of the Sealed Exhibits, which only redacted small portions of those exhibits, including revenue
12   figures, projections and lease and abatement negotiation correspondence (the "Redacted Exhibits").
13   *See Id.*, ¶ 6.  A copy of the proposed Redacted Exhibits are attached to the Reilly-Bates Declaration
14   as Ex. 1.  Counsel for the City responded that they had no objections to Plaintiffs' counsel filing the
15   redacted versions of the Sealed Exhibits, the Redacted Exhibits, so long as the Court would still
16   consider the information that was redacted in its rulings.  *See Id.*, ¶ 7.

### b.  The Redactions in the Redacted Exhibits Contain Sensitive Competitive Information that Would Cause Injury If Disclosed

19          Each of Plaintiffs' proposed redactions in the Redacted Exhibits contains confidential
20   competitive information such as monthly revenue figures, financial projections, lease negotiations,
21   terms of commercial leases, rent abatement negotiations, or rent abatement agreements.  *Id.* at ¶ 8.
22   A detailed description of information to be redacted / or sealed is below:

23          •   Redacted Exhibit 38 is an email chain between Jill Cronauer of Hunters Capital and
24              Grant Feek of TRED from April 17, 2020 to July 24, 2020, concerning the
25              negotiations of the terms of a new lease with TRED.  *See* Declaration of Jill
26              Cronauer, ¶ 3, a copy of which is submitted herewith. The redacted sections include

27   PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S
     MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION
     OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR
     SUMMARY JUDGMENT
     (Case No. 2:20-cv-00983-TSZ) - 3

     MORGAN, LEWIS & BOCKIUS LLP
     ATTORNEYS AT LAW
     1301 SECOND AVENUE, SUITE 2800
     SEATTLE, WASHINGTON 98101
     TEL +1.206.274.6400   FAX +1.206.274.6401

a discussion of Hunters Capital's recourse for delinquent rent amounts, lease amendment negotiations and rent abatement negotiations. *Id.* The disclosure of confidential lease terms could cause competitive harm for Hunters Capital, because it could reveal Hunters Capital's strategies in dealing with lease negotiations and delinquent rent, which could affect a third-party (TRED) and could also affect Hunters Capitals' future business dealings relating the TRED space. *Id.* at ¶ 4.

- Redacted Exhibit 40 is an email exchange between Jill Cronauer of Hunters Capital and Rich Fox of Poquitos, from August 27, 2020 to November 3, 2020. *Id.* at ¶ 5. Redacted Exhibit 40 contains confidential estimations of fair market rent rates, weekly revenue figures from Poquitos or October, monthly revenue figures, projected revenue, rental rates, delinquent rent amounts, and lease and rent abatement negotiations. *Id.* The disclosure of confidential lease terms could cause competitive harm for Hunters Capital, because it could reveal Hunters Capital's strategies in dealing with lease negotiations and delinquent rent, which could affect a third-party (Poquitos) and could also affect Hunters Capitals' future business dealings relating to other Capitol Hill commercial spaces. *Id.* at ¶ 6.

- Redacted Exhibit 42 is an excerpt of the Rebuttal Report of William Partin concerning the damages relating to Cure Cocktail. The redacted financial figures in Redacted Exhibit 42 are monthly revenue figures for Cure Cocktail from January 2020 through November 2020, as well as a projected financial amount. The disclosure of confidential monthly revenue figures could be used by third-parties against Cure Cocktail in future business dealings.

If publicly disclosed, the redacted sections of the Redacted Exhibits would cause Plaintiffs competitive harm.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### III. ARGUMENT

**a. Compelling Reasons Exist to Keep the Redacted Material in the Redacted Exhibits Under Seal Because the Competitive Harm Outweighs the Utility of the Public's Access to Such Information**

Local Rule 5(g)(3)(B) recognizes that where there are "legitimate private or public interests that warrant" sealing such that "injury . . . will result if the relief sought is not granted" and the least "restrictive alternative" is being sought, there are compelling reasons to maintain such documents under seal. A compelling reason exists maintain the redacted versions of the Sealed Exhibits containing the same type of sensitive business information as that found in the materials that Plaintiffs requested be filed with redactions or under seal. Courts recognize that the disclosure of confidential customer information, sales and payment terms, and contract fees and pricing can be harmful to a litigant's competitive standing. *Hologram, USA, Inc. v. Global Cash Access, Inc.*, 2016 WL 5867821, at *2 (D. Nev. Oct. 5, 2016) *see also In re McClatchy Newspapers, Inc.,* 288 F.3d369, 374 (9th Cir. 2002) (*quoting Nixon* v. *Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)); *see also In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("compelling reason" may exist if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing"); *Hill* v. *Xerox Corp*., 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014) ("sources of business information that might harm [Defendant's] competitive standing . . . are therefore compelling reasons to keep [the] document sealed"). Here, the disclosure of monthly and weekly revenue figures of Plaintiffs and Plaintiff's tenants, lease terms and lease negotiations, rent rates, rent abatement negotiations and rent abatement agreements would only serve to harm Plaintiffs' competitive standing.

Here, not only would disclosure give Plaintiffs' competitors an unfair advantage, but relatedly, it would also compromise Plaintiffs' relationships with existing and potential future customers. Where disclosure risks harm to a litigant's customer relationships, the reasons for keeping such documents sealed are compelling. *Rimini Street, Inc. v. Oracle Int'l Corp.*, 2019 WL

PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR SUMMARY JUDGMENT
(Case No. 2:20-cv-00983-TSZ) - 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

2358389 at *1 (D. Nev. June 4, 2019).  In *Rimini Street Inc.*, the court found compelling reasons to seal exhibits where customers were identified by name and contained details about their business relationships with Oracle including contractual terms, as such information allows "competitors and customers a glimpse into … negotiation strategies, which is a compelling reason to keep it under seal." *Id.*  Similarly, much of the material at issue here specifically discusses and identifies confidential rent rates, revenue figures, negotiations with tenants for rent reductions or rent abatement, and other contractual terms for specific customers, and other financial information that is not typically made publicly available.  Furthermore, if these documents are not sealed, third-party tenants who are not parties to this litigation could be competitively disadvantaged because information about their confidential business dealings would be made public. *Rimini Street, Inc.*, 2019 WL 2358389 at *1.  Thus, Plaintiffs have demonstrated compelling reasons to maintain the redactions in the Redacted Exhibits under seal.

The public's interest in accessing this redacted or sealed information is minimal by comparison because it will not meaningfully assist in furthering the public's understanding of the case.  *See, e.g., Rimini Street, Inc.*, 2019 WL 2358389 (recognizing that "[t]he public does not have a strong interest in learning about the specific agreements between the parties and their customers because it is largely not relevant to this case" concerning alleged copyright infringement); *In re Zillow Group, Inc. Shareholder Derivative Lit.*, 2019 WL 3428664, at *2 (W.D. Wash. July 30, 2019) (granting a motion to seal where the confidential business information had "little public value aside from the inherent value of allowing complete access to the Court's records.").  The redacted information largely relates to negotiations of leases or the computation and calculations of damages.  The redacted and sealed information is of minimal import to the Court's decision.

### b.  There is No Less Restrictive Alternative to Redacting the Exhibits

Given the nature of the confidential information contained in the redacted or sealed exhibits, there is no less restrictive alternative than maintaining lightly redacted version of the Sealed Exhibits under seal.  Plaintiffs have been judicious in their efforts to minimize the amount of

PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S
MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION
OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR
SUMMARY JUDGMENT
(Case No. 2:20-cv-00983-TSZ) - 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   information that needs to be redacted by reviewing the materials and making suggestions for

2   redactions or excerpting documents so that only confidential information that would cause

3   competitive harm will be sealed. The vast majority of portions of the Sealed Exhibits will be made

4   public with the Redacted Exhibits.  By narrowly tailoring their request for relief, Plaintiffs are

5   following the least restrictive alternative possible that still protects against competitive harm.

## IV.     CONCLUSION

7       For the reasons set forth above, Plaintiffs have demonstrated that they have compelling

8   reasons for maintaining the redacted portions of the Sealed Exhibits under seal (as shown in the

9   Redacted Exhibits) and have satisfied LCR 5(g)(3)(B)'s requirements.  Plaintiffs have a legitimate

10  interest in ensuring that their confidential information, and that of third-party tenants, remains under

11  seal and out of the hands of their competitors.  As set forth in the declarations attached hereto,

12  Plaintiffs have established that their competitive standing will be compromised if it is required to

13  make the sealed information public.  Accordingly, Plaintiffs respectfully request that the Court grant

14  the City's Motion to Seal, and allow the Redacted Exhibits to replace the publicly filed Sealed

15  Exhibits in the record.

16  ///

17

18

19

20

21  ///

22

23

24

25

26  ///

27  PLAINTIFFS' RESPONSE IN SUPPORT OF CITY OF SEATTLE'S
    MOTION TO SEAL CERTAIN EXHIBITS TO THE DECLARATION
    OF SHANE P. CRAMER IN RE THE CITY'S MOTION FOR
    SUMMARY JUDGMENT
    (Case No. 2:20-cv-00983-TSZ) - 7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

DATED this 10th day of October, 2022.

**MORGAN LEWIS & BOCKIUS LLP**

By */s/ Gabe Reilly-Bates*
    Patricia A. Eakes, WSBA #18888
    Angelo J. Calfo, WSBA #27079
    Tyler S. Weaver, WSBA #29413
    Gabe Reilly-Bates, WSBA #52257
    Andrew DeCarlow, WSBA #54471
    Henry Phillips, WSBA #55152
    1301 Second Avenue, Suite 2800
    Seattle, WA  98101
    Phone:  (206) 274-6400
    Fax:     (206) 274-6401
    Email:  patty.eakes@morganlewis.com
          angelo.calfo@morganlewis.com
          tyler.weaver@morganlewis.com
          gabriel.reillybates@morganlewis.com
          andrew.decarlow@morganlewis.com
          henry.phillips@morganlewis.com

*Attorneys for Plaintiffs*