# EXHIBIT 7

**Reilly-Bates, Gabe**

| | |
|---|---|
| **From:** | Shane Cramer <shanec@harriganleyh.com> |
| **Sent:** | Wednesday, September 7, 2022 5:52 PM |
| **To:** | Reilly-Bates, Gabe; Bryn Pallesen |
| **Cc:** | Calfo, Angelo; Eakes, Patty; Weaver, Tyler S.; Carriaga, Nancy; Rubin, Susan; Erica Iverson; Kellie McDonald |
| **Subject:** | RE: Hunters Capital, et al. v. City of Seattle, et al.: Follow up on Recap of Meet and Confer Conference re: Chris Fisher |

[EXTERNAL EMAIL]
Hi Gabe,

We disagree that we are at impasse with respect to your subpoena to Mr. Fisher. As Bryn's email to you on Friday laid out, Mr. Fisher was out of the country without cell service last week and we weren't able to connect with him until Friday. We asked you for a call on Friday to discuss the subpoena. You weren't able to do it that day and I was not able to do it yesterday or earlier today, given conflicts in other cases. I know the most about our efforts to respond to the subpoena of anyone in our office, so it made the most sense to schedule the follow-up call for tomorrow. We're still available for that call any time after 10:00 am.

As you know, Mr. Fisher already collected his texts with the other Individuals using third-party software, and we have no reason to believe that he experienced a text message loss from his personal phone like he did with his work phone. As his production shows, he has texts going back at least to June 2020. Further, with respect to his production in early August, neither he nor our office reviewed the texts for responsiveness before producing them; just for privilege. (i.e. none of his text messages with the other Individuals within the relevant time period were withheld as "not responsive"). Given that you were not satisfied with his self-collection, we have been working through the best way to obtain records responsive to your subpoena, while also balancing his privacy interests given that it is his personal phone. We believe that we have worked through those concerns and would like to discuss the path forward with you so that we can begin the collection. We also note that many of your clients engaged in self-collection, including some plaintiffs who have deleted or lost text messages, and those who claim to have no responsive texts at all.

We can also confirm that Mr. Fisher can be available for a Zoom deposition on Friday, September 23, beginning at 9:00 am Pacific. I'd also note that while you first raised the issue of Mr. Fisher's deposition in May, when we asked whether you wanted dates in the summer, both you and Tyler said that you wanted to hold off until you had received his documents.

With respect to your position that the City needs to collect text messages from all of its employees' personal cell phones, our position remains the same as it has throughout the case. The City's collection of text messages from its employees' personal devices is both overly burdensome and constrained by *Nissan* and the other cases we cited to you in September when we last discussed this issue. I also note that this is something that you have refused to do for all of Plaintiffs' employees. We can discuss this tomorrow as well, if you plan to file a motion on this point.

We also need to discuss the discovery motion deadline, given that you owe us third party documents that have been outstanding for a significant period of time, and the existence of fact witness depositions like Ms. Augustine's that you have continued to put off despite our repeated attempts to schedule them.

Let me know when you're available for a call tomorrow.

Thanks,
Shane

1

**From:** Reilly-Bates, Gabe <gabriel.reillybates@morganlewis.com>
**Sent:** Wednesday, September 7, 2022 1:38 PM
**To:** Bryn Pallesen <brynp@harriganleyh.com>
**Cc:** Calfo, Angelo <angelo.calfo@morganlewis.com>; Eakes, Patty <patty.eakes@morganlewis.com>; Weaver, Tyler S. <tyler.weaver@morganlewis.com>; Carriaga, Nancy <nancy.carriaga@morganlewis.com>; Rubin, Susan <susan.rubin@morganlewis.com>; Shane Cramer <shanec@harriganleyh.com>; Erica Iverson <ericai@harriganleyh.com>; Kellie McDonald <KellieM@harriganleyh.com>
**Subject:** Hunters Capital, et al. v. City of Seattle, et al.: Follow up on Recap of Meet and Confer Conference re: Chris Fisher

Hi Bryn,

Thanks for your email about Mr. Fisher. Unfortunately, we have been trying to arrange for him to sit for his deposition since mid-May 2022, without any success. Over the past four months, the City has constantly dodged and delayed his examination. We can no longer delay in scheduling his deposition. Please tell us the dates he is available to sit for a Zoom deposition, this afternoon, or we will be forced to file a motion to compel his deposition, in addition to other materials we have requested from Mr. Fisher. We will be filing this motion in the WDWA pursuant to both our general discovery requests of the City and the personal subpoena of Mr. Fisher, despite Mr. Fisher's temporary residence in Washington DC, given that he remains a City employee and is represented by City counsel, and that our motion also involves requests of the City itself. This motion will also seek to compel produce all of Mr. Fisher's communications on his personal phone with City employees, and an image of his cell phone. We understand that we are at issue on these points also, unless we hear otherwise from you.

If you *already know* that data has been lost from Mr. Fisher's personal phone, we request you let us know today or tomorrow, and supplement the City's ROG responses to detail what data has been lost. That may also obviate some of the need to perform a forensic examination, depending on the circumstances.

As for moving the deadline for filing a motion to compel, we do not believe there is a reason to extend the deadline with respect to Mr. Fisher. As far as we know, we are at issue concerning our demands to (1) produce Mr. Fisher for his deposition, (2) to produce all texts and other communications between Mr. Fisher and City employees on his personal phone, and (3) produce his phone for forensic imaging. We have steadfastly laid out our proposals for compromise, but you have not even responded substantively. We had a meet and confer conference about these subjects more than a week ago which was the subject of several detailed emails from us (detailed below in the email chain). We therefore will not stipulate to move the deadline for filing a motion to compel. Time is running out.

In addition, almost a year ago, on September 9, 2021, we wrote to Mr. Cramer and your former colleagues asking the City to confirm that the parties are at issue with respect to the City's failure to collect and search City employees' personal devices. A copy of my letter dated September 9, 2021, is attached hereto (p. 4 contains the discussion of the City Employees' Personal Phones). On September 27, 2021, we held a meet-and-confer conference with Mr. Cramer and some of your former colleagues. At that time, the City confirmed that we were at issue with respect to the City's failure to preserve, collect and produce ESI from its employees. Please also see the attached email dated September 28, 2021. I'm writing you now to confirm that the City's position has <u>not</u> changed, and that the City still refuses to collect, preserve and produce ESI from its employees' electronic devices from this case. We do not think that the City's position has changed on this issue, given the position it has taken with Mr. Fisher's phone, but let us know if it has.

We note that the evidence that City officials used their electronic devices for City business is plain, as we have received in various productions work related text messages from Jenny Durkan, Carmen Best and most recently Chris Fisher' personal phones. We note that even though you had assured us that the City had asked its City employees to

search their phones for documents, the City must not have done so, or Jenny Durkan, Carmen Best and Chris Fisher would have produced their documents by now. We believe we have previously exhausted all avenues of compromise on this subject, and we note that to date, the City has steadfastly refused to collect and search email from its employees' cellphones. If we do not hear from you by the end of the day, we will assume we are at issue and will proceed with our motion to compel. Please contact us at your earliest convenience if the City is willing to search (itself, with no self-collection) all of the City employees' cellphones in this case. If we do not hear from you, we may take all steps necessary.

Kind Regards,

Gabe


**Gabe Reilly-Bates**
**Morgan, Lewis & Bockius LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
Direct: +1.206.274.6429 | Main: +1.206.274.6400 | Fax: +1.206.274.6401 | Mobile: +1.312.714.0330
gabriel.reillybates@morganlewis.com | www.morganlewis.com
Assistant: Lixi Colmenero | +1.206.274.0137 | lixi.colmenero@morganlewis.com

**From:** Bryn Pallesen brynp@harriganleyh.com
**Sent:** Tuesday, September 6, 2022 3:35 PM
**To:** Reilly-Bates, Gabe gabriel.reillybates@morganlewis.com
**Cc:** Weaver, Tyler S. tyler.weaver@morganlewis.com; Carriaga, Nancy nancy.carriaga@morganlewis.com; Rubin, Susan susan.rubin@morganlewis.com; Colmenero, Lixi lixi.colmenero@morganlewis.com; Shane Cramer shanec@harriganleyh.com; Erica Iverson ericai@harriganleyh.com; Kellie McDonald KellieM@harriganleyh.com; Connie Jory conniej@harriganleyh.com
**Subject:** RE: Hunters Capital, et al. v. City of Seattle, et al.: Follow up on Recap of Meet and Confer Conference re: Chris Fisher

[EXTERNAL EMAIL]
Hi Gabe,

Shane would like to be on this call. I'm checking on his schedule, and it may be that we can talk on Thursday since Andrea Augustine's deposition has been postponed. I'll get back to you with some times as soon as I can. In the meantime, we agree that the discovery motion deadline should be continued at least a week for all parties given the amount of discovery that remains outstanding on both sides. Do you want us to put together a stipulation?

Thanks,
Bryn

**From:** Reilly-Bates, Gabe <gabriel.reillybates@morganlewis.com>
**Sent:** Tuesday, September 6, 2022 9:40 AM
**To:** Bryn Pallesen <brynp@harriganleyh.com>; Erica Iverson <ericai@harriganleyh.com>
**Cc:** Weaver, Tyler S. <tyler.weaver@morganlewis.com>; Carriaga, Nancy <nancy.carriaga@morganlewis.com>; Rubin, Susan <susan.rubin@morganlewis.com>; Colmenero, Lixi <lixi.colmenero@morganlewis.com>
**Subject:** RE: Hunters Capital, et al. v. City of Seattle, et al.: Follow up on Recap of Meet and Confer Conference re: Chris Fisher

Hi Bryn,

Thanks for your message.  I'm interested in discussing the subpoena to Mr. Fisher this morning.  Could you please let me know when it would be convenient for me to call this morning?

Thanks,

Gabe


**Gabe Reilly-Bates**
**Morgan, Lewis & Bockius LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
Direct: +1.206.274.6429 | Main: +1.206.274.6400 | Fax: +1.206.274.6401 | Mobile: +1.312.714.0330
gabriel.reillybates@morganlewis.com | www.morganlewis.com
Assistant: Lixi Colmenero | +1.206.274.0137 | lixi.colmenero@morganlewis.com

**From:** Bryn Pallesen <brynp@harriganleyh.com>
**Sent:** Friday, September 2, 2022 12:58 PM
**To:** Reilly-Bates, Gabe <gabriel.reillybates@morganlewis.com>; Erica Iverson <ericai@harriganleyh.com>
**Cc:** Weaver, Tyler S. <tyler.weaver@morganlewis.com>; Carriaga, Nancy <nancy.carriaga@morganlewis.com>; Rubin, Susan <susan.rubin@morganlewis.com>; Colmenero, Lixi <lixi.colmenero@morganlewis.com>
**Subject:** RE: Hunters Capital, et al. v. City of Seattle, et al.: Follow up on Recap of Meet and Confer Conference re: Chris Fisher

[EXTERNAL EMAIL]
Hi Gabe,

I'm emailing in response to both your August 30 email and your email from earlier today.  Chris Fisher has been out of the country since this past weekend and just returned last night.  We were able to connect with him today, and have additional information and thoughts on how to resolve your subpoena requests.  Are you able to discuss now or on Tuesday?

Additionally, I did want to correct one statement I made during our meet and confer.  Mr. Fisher currently is on assignment at the FBI in Washington, DC, but is still a City of Seattle employee.  I apologize for what was my misunderstanding with respect to his employment status.

Thanks,
Bryn

**From:** Reilly-Bates, Gabe <gabriel.reillybates@morganlewis.com>
**Sent:** Friday, September 2, 2022 11:29 AM
**To:** Bryn Pallesen <brynp@harriganleyh.com>; Erica Iverson <ericai@harriganleyh.com>
**Cc:** Weaver, Tyler S. <tyler.weaver@morganlewis.com>; Carriaga, Nancy <nancy.carriaga@morganlewis.com>; Rubin, Susan <susan.rubin@morganlewis.com>; Colmenero, Lixi <lixi.colmenero@morganlewis.com>
**Subject:** Hunters Capital, et al. v. City of Seattle, et al.: Follow up on Recap of Meet and Confer Conference re: Chris Fisher

Dear Bryn and Erica,

This is a follow up email to my email from Tuesday, August 30, 2022, concerning the scheduling of Chris Fisher's deposition and the production of an image of his phone for forensic imaging.

We have not received any dates from you concerning Mr. Fisher's deposition. When will the City produce Mr. Fisher? We had noted his deposition for August 30, but you did not produce him on that date. Please give us several dates to choose from.

Please let us know if you are willing to provide us with an image of Mr. Fisher's iPhone that we could conduct forensic analysis upon, and from which we could extract text messages pursuant to the method suggested in my email below. For the emails to City employees other than Chief Best and Mayor Durkan (which would be extracted and produced in their entirety), we propose using the search terms outlined in the paragraph below.

Regarding request no. 4, we are willing to propose the following search terms that would be run across Mr. Fisher's communications with all City witnesses: CHOP, CHAZ, protest, Autonomous, occupation, red zone, orange zone, police, police-free, George Floyd, Cal Anderson, violence, National Guard, Inslee, Trump, response time, armed, open carry, guards, Pine, Pike, barricade, barriers, homeless, black bloc, antifa, proud boys, odd fellows, Horace, Lorenzo, Anderson, Antonio, Mays, Durkan, JAD, JAMD, Jenny, Chief Best, East Precinct, Nagle, Broadway, Denny, 12th, 11th 13th, 10th, 14th, 15th, Union, West Precinct, graffiti, broke, fire, dumpster, ecoblock, jersey barrier, portapott, honey bucket, Rancho Bravo, encampment, tent, trash can, block, access, Raz, Omari, Blu dot, poquitos, Hunters Capital, Malone, text message, signal, telegram, spark, delete, wipe, reset, factor reset, 30-day, 30 day, retention settings, disable and delete, Arhu, Regi, Kennedy, Steel, Bashir, Loter, Ginger, Chen, Michelle, Braden, Heil, saltwater, water, tidepool, beach, kamalu, Rodney, homicide, rape, assault, Capitol Hill, Car Tender, Madrona, Oma Bop, Molly Moon's, Olive, Howell, SCC, Harvard, Madison, Unicorn, Elliot Bay Book, Gamestop, Blick, Bobby Morris, Queer Bar, Fleet Feet, Havana, Lost Lake, Café Racer, Momiji, E2, Tear gas, blast balls, flash bang, defund, and pump house.

Regarding request no. 5, are you planning on producing Mr. Fisher's studies and data relating to CHOP and CHAZ by the end of the day today?

Regarding request no. 6, are you planning on producing non-privileged communications about the preservation of Mr. Fisher's text messages today?

Regarding request no. 7, has Mr. Fisher determined whether or not he has any backups of his personal phone from June 2020 – present?

Regarding request no. 8, are you planning on producing a privilege log concerning Mr. Fisher's text messages? If so, when can you produce it?

Regarding request no. 10, are you planning on producing Mr. Fisher's invoices today? If not today, then when?

Thanks,

Gabe


**Gabe Reilly-Bates**
**Morgan, Lewis & Bockius LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
Direct: +1.206.274.6429 | Main: +1.206.274.6400 | Fax: +1.206.274.6401 | Mobile: +1.312.714.0330
gabriel.reillybates@morganlewis.com | www.morganlewis.com
Assistant: Lixi Colmenero | +1.206.274.0137 | lixi.colmenero@morganlewis.com



**From:** Weaver, Tyler S. **On Behalf Of** Reilly-Bates, Gabe
**Sent:** Tuesday, August 30, 2022 2:56 PM
**To:** 'Bryn Pallesen' <brynp@harriganleyh.com>; Erica Iverson <ericai@harriganleyh.com>
**Cc:** Weaver, Tyler S. <tyler.weaver@morganlewis.com>; Carriaga, Nancy <nancy.carriaga@morganlewis.com>; Shane Cramer <shanec@harriganleyh.com>; Calfo, Angelo <angelo.calfo@morganlewis.com>
**Subject:** Hunters Capital, et al. v. City of Seattle, et al.: Recap of Meet and Confer Conference re: Chris Fisher

Hi Bryn and Erica,

  Here is a recap of our meet-and-confer conference last week regarding our subpoena to Chris Fisher.  Please let me know if I have misstated anything at your earliest convenience.  Thank you for confirming that Chris Fisher is no longer employed by the City of Seattle.

1. It is our understanding that the City will not produce Mr. Fisher on today, for his deposition, but the City will provide alternative dates by mid-week.  I stated our preference to conclude the deposition prior to September 16, to give us plenty of time to incorporate parts of the transcript into our spoliation motion. If we cannot conduct the deposition prior to September 7, 2022, then we will need the City to extend the deadline for which Plaintiffs must file their motion to compel Mr. Fisher's production pursuant to the document requests contained in the subpoena.  Please provide us with your dates at your earliest convenience.

2. Regarding request no. 1, Plaintiffs request a forensic image of Mr. Fisher's personal phone that he used for work purposes during June 2020 to the present (and multiple phones if he used more than one).  Plaintiffs' expert would prepare a report under the terms of the DEA, but he would also extract any text messages, instant messages, social media messages or personal emails with City employees and produce them to Plaintiffs' counsel.  For example, Plaintiff's expert would look at the SMS table to determine whether there have been any manual deletions from Fisher's phone.  He would look at the settings history of the phone to determine whether or not Mr. Fisher's personal phone ever had a 30-day delete setting turned "on."  We propose that we negotiate search terms that Leatha would use to extract text messages, instant messages etc. that may be on Mr. Fisher's phone that were not produced by him, but we would propose that Mr. Leatha extract all of the communications with former Chief Best and former Mayor Durkan.   You said that the City was not willing to allow Plaintiffs to image Mr. Fisher's phone, but that you would consider proposing a search based on a limited scope.  You said you would need to discuss that with your team and get back to us this week.  We hope that our proposal outlined above offers your client a reasonable compromise.  We said that we could use a list of phone numbers that the City has compiled through its text message reconstruction to ensure that only communications with City employees would be captured.

    a. You stated that you didn't understand why Plaintiffs should be entitled to image Mr. Fisher's device given Mr. Fisher's production last week of "all relevant text messages" on his phone.  I responded that we are entitled to conduct a forensic image of Mr. Fisher's phone because the City did not search and or failed to search the phone in 2021, when the City had represented to Plaintiffs' counsel that City employees did not use their phones for work purposes and that it could not search employees' personal phones, but had requested that City employees provide responsive documents.  Mr. Fisher did not previously provide any documents in 2021.  It was only after Mr. Leatha identified Mr. Fisher's extensive use of a personal phone for work purposes that the City agreed to produce any documents from Mr. Fisher's personal phone.  In addition, Mr. Leatha has detailed the extensive deletion of text messages on Mr. Fisher's work phone: (1) his phone was set to delete messages older than 30 days, (2) he manually deleted all of the text messages from his phone prior to turning it in, and (3) he factory reset his phone.  In addition, I would add that the City initially explained that Mr. Fisher reset his phone on December 3, 2020, but Brandon Leatha uncovered evidence it had been deleted on November 2-3, 2020.  Plaintiffs' counsel does not trust Mr. Fisher to be the sole arbiter of what is relevant or

   responsive, given his history of missing text messages from his phone.  We need to review all of his previously undisclosed communications with City officials.

3. Regarding request no. 2, Plaintiffs insist on obtaining Mr. Fisher's iCloud backups and running the same texts / searches as outlined above for any iCloud backup file that contains communications from June 8, 2020 to December 2020.  I believe that your response was the same as with request no. 1, that you would get back to us.  The City's forensic expert, Kevin Faulkner, may be able to easily confirm whether any such files even exist, or not.

4. Regarding request no. 3, Plaintiffs insist on obtaining all communications, including any text messages, instant messages, social media messages or personal emails, between Fisher and the Individuals (Durkan, Best, Scoggins, Greening, Neafcy, Beauregard, etc.) from June 8, 2020 to the present.  You want to limit the search terms to CHOP, CHAZ and Protest, because now we are also looking at the spoliation issue and whether there was a coordinated effort to delete text messages and/or enable the 30-day delete setting (which Durkan and Best had also enabled).  We are willing to limit the scope of the extraction of Mr. Fisher's communications with the Individuals, pursuant to the terms outlined above, whereby we would provide search terms to our expert, Brandon Leatha, who would then extract the communications that hit up on the search terms.

5. Regarding request no. 4, Plaintiffs are willing to provide additional search terms for this request, but we would note that that does not affect our request no. 1 to extract all communications between Fisher and Chief Best and Fisher and Durkan.   You said you would consider running broader search terms.

6. Regarding request no. 5, Plaintiffs ask for all analysis documents created by Fisher relating to CHOP or CHAZ, including any spreadsheets, memoranda or emails.  We believed that a word search would not have a high likelihood of capturing these types of documents, and that Mr. Fisher should have them in his possession.  If he left them at the City, he should be able to point the City to them.  You said you would get back to me.  Can you please provide a response by the end of this week?

7. Regarding request no. 6, Plaintiffs seek all communications regarding preservation and collection of Mr. Fisher's evidence, and we note that the request is not limited to Mr. Fisher's communications with Counsel for the City, but also includes his communications with other City officials, including Chief Best.  I also requested that you produce a privilege log by the end of this week.  You said you would consider this, but that a week was likely not enough time.  Can you please provide a response by the end of this week?

8. Regarding request no. 7, the archiving, saving or backup of Mr. Fisher's electronic devices, we request that Mr. Fisher attempt to determine whether there are backups still available of his personal iPhone (preferably with the help of the City's forensic service provider, Kevin Faulkner), in the event that it turns out that there were messages that were manually deleted from Mr. Fisher's iPhone.

9. Regarding request no. 8, seeking communications regarding this lawsuit, we note that the request is not limited to Mr. Fisher's communications with Counsel for the City, but also includes his communications with other City officials, including former Chief Best and/or former Mayor Durkan, or any of the Individuals.  I also requested that you produce a privilege log by the end of this week.  You said you would consider this, but that a week was likely not enough time.  Can you please provide a response by the end of this week?

10. Regarding request no. 9, concerning documents concerning injury, harm or property damage done to any individual or resident within the CHOP zone, we will send you specific search terms, but we note that that does not supplant our request to recover all missing communications with City employees that may be recoverable through a forensic analysis.

11. Regarding request no. 10, concerning cellphone invoices from June – December 2020 for business or personal uses, you stated that Mr. Fisher would produce those that he still has access to, but you did not know whether he has access to them, or to what extent the invoices have call and text logs.

Thanks,

Gabe


**Gabe Reilly-Bates**
**Morgan, Lewis & Bockius LLP**
1301 Second Avenue, Suite 2800 | Seattle, WA 98101
Direct: +1.206.274.6429 | Main: +1.206.274.6400 | Fax: +1.206.274.6401 | Mobile: +1.312.714.0330
gabriel.reillybates@morganlewis.com | www.morganlewis.com
Assistant: Lixi Colmenero | +1.206.274.0137 | lixi.colmenero@morganlewis.com




DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.