THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SEATTLE, <br><br> Defendant. | Case No. 2:20-cv-00983-TSZ <br><br> DECLARATION OF BILL DONNER IN SUPPORT OF PLAINTIFFS' RESPONSES TO CITY OF SEATTLE'S MOTION FOR SPOLIATION AND MOTION FOR SUMMARY JUDGMENT <br><br> Noting Date:   November 15, 2022 |

I, Bill Donner, declare as follows:

1. I am an owner of Richmark Label, which is located at 1110 E Pine St, Seattle, between 11th and 12th Ave. ("Richmark").  Richmark is a family-owned business that employs about 70 employees that has been in operation in Seattle for over 70 years.  Richmark has never been affected by a protest in Seattle like it was affected by the CHOP protests.

2. This declaration relates to the Plaintiffs' response to the City of Seattle's Motion for Spoliation (Dkt. No. 107) and the City's Motion for Summary Judgment (Dkt. No. 111).

3. The outside of Richmark's building had been painted in 2014-2015 with an artwork mural covering all exterior walls prior to CHOP.

DECLARATION OF BILL DONNER IN SUPPORT OF PLAINTIFFS' RESPONSES TO CITY OF SEATTLE'S MOTION FOR SPOLIATION AND MOTION FOR SUMMARY JUDGMENT
(Case No. 2:20-cv-00983-TSZ) - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

4. During CHOP, protesters not only tagged the Richmark building with graffiti, but they utterly destroyed the artwork mural through excessive graffiti.

5. The artwork mural was constructed over a 2-year period and it was created by numerous artists. Richmark received an estimate of $50,000 to repair the damage done to repaint the mural. The graffiti is still visible on the walls of Richmark's building today.

6. During CHOP, there were barricades on Pine St., 11th and 12th Ave. that impeded vehicular traffic to Richmark, and on several instances, third-party deliveries to Richmark or pick-ups of materials, could not be made due to the refusal of drivers to enter the CHOP area. UPS drivers refused to come to the CHOP area after one of its drivers was severely beaten by CHOP protesters.

7. In order for third-parties' trucks to be able to drive to and from Richmark to access the property, Richmark's employees often had to negotiate with protesters, move illegally parked cars and barriers placed in the public way by protesters. Richmark employees frequently had to beg and negotiate with protesters to move out of the way to access the building or to get out of the building.

8. These efforts cost Richmark additional time and labor resources.

9. Richmark was forced to send most of its employees home on June 26, 2020, due to safety concerns caused by rising violence within CHOP, which caused Richmark to operate at a lower level of production. Richmark feared there would be a confrontation with the protesters that could become violent and could cause injuries to Richmark's employees. Due to the police department's policy of only entering CHOP during serious crimes, and their history of seriously delayed response times to serious crimes (such as the homicide that occurred on June 20, 2020), we were concerned for our employees' safety.

10. Richmark was also forced to hire extra security services to protect the building throughout the summer and through December due to the vandalism caused by the protesters.

11. Finally, Richmark has tenants that requested rent concessions due to the effects of

DECLARATION OF BILL DONNER IN SUPPORT OF PLAINTIFFS' RESPONSES TO CITY OF SEATTLE'S MOTION FOR SPOLIATION AND MOTION FOR SUMMARY JUDGMENT (Case No. 2:20-cv-00983-TSZ) - 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

CHOP on their business, which Richmark was forced to provide.

**Text Messages**

12.     Ever since I have used a cellphone, I have had a habit of deleting every text message in a conversation as soon as the conversation is completed. I had a habit of deleting messages within minutes or hours of receiving the messages. I had this habit during June of 2020.

13.     Occasionally, I will keep some messages for a longer period if they are part of an ongoing conversation, but those are few and far between.

14.     All of my text messages during CHOP were deleted during or shortly after CHOP concluded on July 1, 2020, due to my normal habit of deleting text messages shortly after they are received.

15.     I do not use text messages for any business purposes at Richmark, and I rarely used text messages to communicate about issues relevant to this case. The vast majority of my conversations and communications about CHOP were by email or an oral communication.

16.     My text messages concerning CHOP would have only been with personal family and friends. I recall responding to messages from family and friends commenting on news stories that they were seeing about the chaos and violence in CHOP. If I had conversations with employees via text, those messages would have been produced from my employees phones.

17.     I did not participate in a Signal message group.

18.     Richmark did not collect Signal messages from Elle Lochelt because she was not a part of the company's upper management tasked with responding to the challenges of CHOP. She was not within the company's control group and was not designated a custodian.

//     //     //

DECLARATION OF BILL DONNER IN SUPPORT OF PLAINTIFFS' RESPONSES TO CITY OF SEATTLE'S MOTION FOR SPOLIATION AND MOTION FOR SUMMARY JUDGMENT
(Case No. 2:20-cv-00983-TSZ) - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

I declare under the penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 24 day of October, 2022 at Seattle, Washington.

_____
Bill Donner

DECLARATION OF BILL DONNER IN SUPPORT
OF PLAINTIFFS' RESPONSES TO CITY OF
SEATTLE'S MOTION FOR SPOLIATION AND
MOTION FOR SUMMARY JUDGMENT
(Case No. 2:20-cv-00983-TSZ) - 4
DB2/ 44290102.1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401