# EXHIBIT 1

1

2

3

4

5

6

7

8

9

HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNTERS CAPITAL, LLC, et al.,

Plaintiffs,

v.

CITY OF SEATTLE,

Defendant.

Case No. 20-cv-00983

PLAINTIFFS' SECOND SET OF
INTERROGATORIES TO DEFENDANT
CITY OF SEATTLE **AND THE CITY'S
OBJECTIONS AND FIRST
SUPPLEMENTAL RESPONSES THERETO**

Defendant City of Seattle ("City") hereby responds to Plaintiffs' Second Set of
Interrogatories to Defendant City of Seattle.

**GENERAL OBJECTIONS AND RESERVATIONS**

Defendant makes the following General Objections to Plaintiffs' Second Set of
Interrogatories.  These general objections are incorporated into the specific objections to each
Interrogatory below.  The assertion of the same or additional objections to any individual
interrogatory does not waive other general objections that are not specifically repeated in the
specific objections.  The objections set forth below are based on information presently available to

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 1
(Case No. 20-cv-00983)

Defendant.  Defendant reserves the right to supplement or amend these objections based on information later obtained through investigation, discovery, or otherwise.

1.     Defendant incorporates by this reference the general objections asserted in response to Plaintiffs' first and second set of requests for production and their first set of interrogatories, as well as those general objections set forth in Defendant's response to Plaintiffs' Rule 30(b)(6) notice.

2.     Defendant objects to the second set of interrogatories, including the instructions and definitions set forth therein, because, and to the extent that, they seek to impose on Defendant obligations different from or greater than those imposed by law.

3.     Defendant objects to any discovery directed at information or documentation protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege and/or immunity.  To the extent any document protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege is produced inadvertently, Defendant has not authorized such production, and no waiver of any privilege shall be inferred from such inadvertent production.

4.     Defendant responds to the second set of interrogatories as it interprets and understands each interrogatory set forth therein.  If Plaintiffs subsequently assert an interpretation of any interrogatory or sub-part thereof, Defendant reserves the right to supplement its objection and/or response.

5.     Defendant objects to any interrogatory to the extent it requires Defendant to draw a legal conclusion in order to ascertain its scope.

6.     Defendant objects to the second set of interrogatories as overly broad, not relevant to the claims and defenses at issue, and not reasonably calculated to lead to the discovery of

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 2
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

admissible evidence to the extent it refers to a time period before June 8, 2020 or after July 1, 2020.

7.     Defendant objects to the Second Set of Interrogatories, and the definitions and instructions that accompany them, to the extent that they mischaracterize or misstate facts, circumstances, events and/or obligations.

8.     No incidental or implied admissions are intended by the objections asserted herein. The assertion of any objection to the second set of interrogatories is not intended to be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by any interrogatory.

9.     Defendant's failure to object to an interrogatory on a particular ground shall not be construed as a waiver of Defendant's right to object on that ground or any additional ground at any time.

## INTERROGATORIES

**INTERROGATORY NO. 23:**  Identify all of the City's personnel, including, without limitation, any IT staff, any third-party computer forensics vendor, and any staff of a third-party computer forensics vendor, who collected, investigated or reviewed data from Electronic Devices belonging to the Individuals.  For each person so identified, state the dates that they were involved with the collection, investigation or review of the Individuals' Electronic Devices.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as though set forth herein.  Defendant further objects to this interrogatory because it seeks information that is protected by the work product doctrine.  Defendant further objects to this interrogatory as premature to the extent it seeks information regarding Defendant's litigation consultants who have not been identified as testifying experts pursuant to FRCP 26(b) or who Defendant does not intend to identify as testifying experts.  FRCP 26(b)(4)(D).  Plaintiffs are not entitled to know the identity of such consultants at this time.  Defendant also objects to this

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 3
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

interrogatory because the phrase "collected, investigated or reviewed" is vague and ambiguous as used in this interrogatory.  Defendant also objects because the interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory as premature because Defendant's efforts to collect, investigate, and review the Individuals' Electronic Devices is ongoing.

**ANSWER**:  Subject to and without waiving any objections, Defendant responds that the following City employees participated in some capacity with respect to the collection, investigation, or review of the Individuals' Electronic Devices:

1. Regi Alencastro
2. Valarie Anderson
3. Emmanuel Arhu
4. Idris Beauregard
5. Michelle Chen
6. Jenny Durkan
7. Christopher Fisher
8. Eric Greening
9. Braden Heil
10. Brian Kennedy
11. Kenneth Neafcy
12. Deanna Nollette
13. Harold Scoggins
14. Chris Steel
15. Evan Ward

Defendant will supplement this answer as required by Rule 26(e) and further supplementation may be provided in Defendant's disclosures required by, and pursuant to the schedule provided in, Rule 26(a)(2).

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 23**: Subject to and without waiving any objections, the City further answers as follows with respect to each of the Affected Custodians (the "Affected Custodians" include Beauregard, Best, Mayor Durkan, Fisher, Greening, Neafcy, and Chief Scoggins):

**Harold Scoggins:**  The City's counsel obtained an image of Chief Scoggins' phone from

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 4
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  Evan Ward at SFD on or around March 9, 2021.  Thereafter, once the image had been processed
2  by the City's e-discovery vendor, the City's counsel discovered that Scoggins' phone did not have
3  texts on it pre-dating October 8, 2020.  The City's counsel began investigating the reasons why this
4  was and working to see whether any of those text messages could be recovered.  The following
5  City employees were involved in that process.  Counsel met with Chief Scoggins on several
6  occasions, including to review the iCloud account associated with his iPhone.  Additionally, Ward
7  and Melodi Drake (also from SFD) met with counsel on a handful of occasions and helped to
8  facilitate the City's investigation into the circumstances around Chief Scoggins' missing texts.

9      **Idris Beauregard:**  The City's counsel collected Beauregard's phone from him on or about
10  March 9, 2021.  Once the phone had been imaged by the City's e-discovery vendor, counsel
11  discovered that Beauregard's phone did not have texts on it pre-dating October 9, 2020.  The
12  City's counsel began investigating the reasons why this was and working to see whether any of
13  those text messages could be recovered.  As part of this effort, the City's counsel has met with
14  Beauregard on multiple occasions between March 2021 and the present.

15      **Kenneth Neafcy:**  The City's counsel obtained an image of Neafcy's phone from him on
16  or about March 1, 2021.  Thereafter, counsel discovered that Neafcy's phone did not have texts on
17  it pre-dating approximately October 26, 2020.  The City's counsel began investigating the reasons
18  why this was and working to see whether any of those text messages could be recovered.  As part
19  of this effort, the City's counsel has met with Neafcy on multiple occasions between April 2021
20  and the present.

21      **Assistant Chief Eric Greening:**  The City's counsel collected Greening's phone from SPD
22  in or around late February 2021.  Once the phone had been imaged by the City's e-discovery
23  vendor, counsel discovered that Greening's phone did not have texts on it pre-dating
24  approximately October 26, 2020.  The City's counsel began investigating the reasons why this was
25  and working to see whether any of those text messages could be recovered.  As part of this effort,

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 5
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  the City's counsel has met with Greening on multiple occasions between April 2021 and the

2  present.  The City also worked with SPD IT personnel, Chris Steele and Brian Kennedy, on

3  multiple occasions as part of its investigation into the missing text messages of SPD employees.

4  **Chris Fisher:**  The City's counsel collected Fisher's phone from SPD in or around late

5  February 2021.  Once the phone had been imaged by the City's e-discovery vendor, counsel

6  discovered that Fisher's phone did not have texts on it pre-dating approximately December 3,

7  2020.  The City's counsel began investigating the reasons why this was and working to see

8  whether any of those text messages could be recovered.  As part of this effort, the City's counsel

9  has met with Fisher on multiple occasions between April 2021 and the present.  The City also

10 worked with SPD IT personnel, Chris Steele and Brian Kennedy, on multiple occasions as part of

11 its investigation into the missing text messages of SPD employees.

12 **Mayor Durkan:**  Michelle Chen, former counsel to the Mayor, discovered on or about

13 August 21, 2020, that text messages from before June 25, 2020, were missing from the iPhone 11

14 the Mayor was using at that time.  From that point until early October 2020, the following City

15 personnel worked to try to investigate and recover the Mayor's missing texts:

16      • Michelle Chen, former legal counsel to the Mayor

17      • Kim Ferreiro and Stacy Irwin, PRA staff in the Mayor's Office

18      • Emmanuel Arhu and Regi Alencastro, IT personnel assigned to the Mayor's Office

19      • Susy DeMers, the City's liaison with cellular phone providers

20      • Braden Heil, a City forensic examiner.

21      The City understands that other employees in the Mayor's Office, including Stephanie

22 Formas, Colleen O'Reilly Bernier, and Julie Kline also have been involved in efforts to locate the

23 Mayor's missing text messages, including by looking for and ultimately finding, the iPhone 8 Plus

24 that the Mayor used until October 2019.  The City's counsel has met with several of these

25 individuals on multiple occasions from April 2021 through the present as part of its efforts to

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 6
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

investigate and collect the Mayor's missing text messages.

Information about third party litigation consultants who the City hired is outside the scope of discovery and will be provided to the extent required by, and pursuant to, FRCP 26(a)(2) and 26(b)(4).

**INTERROGATORY NO. 24:**  Identify from which Electronic Devices the City collected electronically stored information from the Individuals.  For each Electronic Device identified, state whether the device is a personal or City-issued device, provide the make and model of the device, the serial number, the date that the data was collected, and the volume of data collected from such Electronic Device.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as though set forth herein.  Defendant also objects because the interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory as premature because Defendants' efforts to collect, investigate, and review the Individuals' Electronic Devices is ongoing.

**ANSWER**:  Subject to and without waiving any objections, Defendant responds:

| Name | City-Issued? | Model | Serial No. / Device ID | Est. Date Data Collected | Volume Collected (GB) | Current Location |
|---|---|---|---|---|---|---|
| Shanon Anderson | Yes | iPhone | Unknown | - | - | Third-Party Vendor |
| Valarie Anderson | Yes | Galaxy S9 | Unknown | - | - | Third-Party Vendor |
| Idris Beauregard | Yes | iPhone 8 | F4GXX35AJC6C | • 03/09/2021 | Will supplement | Mr. Beauregard |
| Carmen Best | Yes | iPhone Xs Max | F2LZ5ANGKPHC | • 02/22/2021 – 03/03/2021 | Will supplement | Will supplement |
| Christopher Fisher | Yes | iPhone 7 | DX3YDV54HG6W | • 02/22/2021 – 03/03/2021 | Will supplement | Will supplement |
| Mayor Durkan 1 | Yes | iPhone 11 | DX3DCKXNN72Q | • 03/22/2021 | • 1.17 | Mayor Durkan |
| Mayor Durkan 2 | Yes | iPhone 11 | F4GCQQ6PN72Q | • 11/19/2020 | • 0.770 | Third-Party Vendor |

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 7
(Case No. 20-cv-00983)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | (Backup from: 8/21/2020)<br>• 10/15/2020<br>• 11/19/2020<br>• 7/8/2021 | • 1.543<br>• 1.040<br>• 17.522 | |
| Mayor Durkan 3 | Yes | iPhone 8 Plus | F17WDNB4JCLM | • 11/19/2020 (Backup from: 8/29/2019)<br>• 7/2/2021<br>• 7/7/2021 | • 0.714<br><br>• 0.774<br>• 15.778 | Third-Party Vendor |
| Mayor Durkan 4 | Yes | iPhone 8 Plus | FD1XR5Y8JCM2 | • 9/18/2020<br>• 11/19/2020<br>• 7/7/2021 | • 0.004<br>• 0.114<br>• 8.714 | Third-Party Vendor |
| Eric Greening | Yes | Galaxy S8 | RF89K311SJFV | • 02/22/2021 – 03/03/2021 | Will supplement | Will Supplement |
| Kenneth Neafcy | Yes | iPhone 6s | FFMT5UB9HFLR | • 03/01/2021 | • 0.858 | Mr. Neafcy |
| Deanna Nollette 1 | Yes | iPhone XR | DX6CJ59FKXKN | • 07/02/2021 (With backups from:<br>○ 2020/11/23<br>○ 2020/11/30<br>○ 2021/03/04) | • 6.36 | Third-Party Vendor |
| Deanna Nollette 2 | Yes | iPhone XR | DX6CJ59FKXKN | • 07/02/2021 (With backups from:<br>○ 2020/11/23<br>○ 2020/11/30<br>○ 2021/03/04) | • 1.81 | Ms. Nollette |
| Harold Scoggins | Yes | iPhone 11 | F4GF4QAQN72Q | • 03/10/2021 | • 1.49 | Mr. Scoggins |

Pursuant to Rule 33(d), Defendant also directs Plaintiffs to Defendant's response to Request for Production 34, which requested the production of copies of the digital forensic images that were collected from the Individuals' phones, upon execution by the parties of a Digital Examination Agreement.

**INTERROGATORY NO. 25:** For each Electronic Device identified in Interrogatory No. 24, state (1) whether the Electronic Device was regularly backed up to a (a) cloud-based server or (b) a computer during the time period of June 1, 2020 – July 8, 2020; and (2) and the current

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 8
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    location of the (a) device and (b) the forensic image of such Electronic Device.

2        **OBJECTION**:  Defendant incorporates by reference each of its general objections as

3    though set forth herein.  Defendant objects to the phrases "regularly backed up" and "cloud-based

4    server" as vague and ambiguous.  Defendant also objects because the location for any specific

5    device is duplicative and not reasonably calculated to lead to the discovery of admissible evidence

6    where a forensic image of such Electronic Device has been preserved.

7        **ANSWER**:  Subject to and without waiving any objections, Defendant answers that this

8    interrogatory is premature because its investigation is ongoing.  Defendant further answers that to

9    the best of its present knowledge and belief, none of the electronic devices identified in

10   Defendant's answer to Interrogatory No. 24, above, were regularly backed up to a computer during

11   the specified time period.

12       Pursuant to Rule 33(d), Defendant also directs Plaintiffs to Defendant's response to

13   Request for Production 34, which requested the production of copies of the digital forensic images

14   that were collected from the Individuals' phones, upon execution by the parties of a Digital

15   Examination Agreement.

16       Defendant's investigation is ongoing and Defendant specifically reserves the right to

17   supplement its answer to this interrogatory as its investigation proceeds, in compliance with Rule

18   26(e).

19       **FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 25**:  Subject to

20   and without waiving any objections, the City further responds that during the relevant time period

21   the City's general policy was that text messages that were required to be maintained by applicable

22   retention schedules or litigation holds be preserved in place.  To the best of its understanding, the

23   messages on the phones of Beauregard, Best, Durkan, Fisher, Greening, Neafcy, and Scoggins

24   were not "regularly" backed up to iCloud (for messages on iPhones) or any other could-based

25   server.  In line with the City's general "preserve in place" practice, the messages on these

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 9
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

individuals' phones also were not "regularly" backed up to computers. The possible exception to this, depending on how the term "regularly" is defined, is that phones, including the Mayor's, periodically would be backed up to computers when it became necessary to obtain messages from them in order to respond to pending PRA or litigation requests. Two such back-ups occurred of the Mayor's phones, one on August 29, 2019 and one on August 21, 2020.

The locations of the various phones are set forth in response to Interrogatory No. 24, above, and are incorporated herein. The images of the relevant phones are also under the City's control.

**INTERROGATORY NO. 26:** Identify whether or not any of the Individuals also used their personal Electronic Devices for communications regarding CHOP and/or the CHOP zone.

**OBJECTION**: Defendant incorporates by reference each of its general objections as though set forth herein. Defendant objects to the term "communications" as used in this interrogatory because it is vague and ambiguous as to the method, character, and content of the communications sought. Defendant further objects because this interrogatory is overly broad and unduly burdensome to the extent it seeks information regarding the personal communications of City employees that are outside the scope of the City employees' employment. Defendant further objects to this interrogatory to the extent it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER**: Subject to and without waiving any objections, Defendant states that to the best of its current information and belief, none of the Individuals regularly or routinely used their personal Electronic Devices to send or receive written communications relating to the conduct of the City of Seattle or the performance of any function by the City of Seattle regarding CHOP and/or the CHOP zone. The City also understands that Plaintiffs have served third-party subpoenas on certain current and former City employees seeking production of certain categories of documents and defers to those third-parties' responses to the subpoenas.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 10
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Defendant's investigation is ongoing and Defendant specifically reserves the right to supplement its answer to this interrogatory as its investigation proceeds, in compliance with Rule 26(e).

**INTERROGATORY NO. 27:**  Identify the date when counsel for the City first became aware that any text messages were not available on any of the Individuals' phones.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as though set forth herein.  Defendant objects to this interrogatory because it seeks information protected by the attorney client privilege and/or work product doctrine.  Defendant also objects that several aspects of this interrogatory are vague and ambiguous, that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks discovery on discovery.

**ANSWER**:  Subject to and without waiving any objections, Defendant states that the answer to this interrogatory is protected by the attorney-client privilege and/or work product doctrine.

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 27**:  Subject to and without waiving any objections, the City responds as follows:

- Idris Beauregard (March 2021)
- Carmen Best (March 2021)
- Mayor Durkan (October 2020)[1]
- Chris Fisher (March 2021)
- Eric Greening (March 2021)
- Kenneth Neafcy (March 2021)
- Chief Scoggins (Late February 2021)

**INTERROGATORY NO. 28:**  Identify all of the locations and Electronic Devices that the

---

[1] Michelle Chen was technically employed by the City Attorneys' Office but assigned to the Mayor's Office. The City does not characterize her as "counsel for the City" for purposes of answering this interrogatory.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 11
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1   City searched in an attempt to recover the lost text messages and data of Mayor Jenny Durkan,

2   former Police Chief Carmen Best, Fire Chief Harold Scoggins and Idris Beauregard, state the dates

3   upon which the searches were conducted and by whom.

4       **OBJECTION**:  Defendant incorporates by reference each of its general objections as

5   though set forth herein.  Defendant objects that this interrogatory is vague and ambiguous in

6   several respects, including but not limited to its us of the term "locations" and "lost text messages

7   and data."  Defendant also objects to this interrogatory to the extent it seeks information that is

8   protected from disclosure at this point by Rule 26(b)(4)(D), by the attorney-client privilege and/or

9   work product doctrine, and because it seeks discovery on discovery.

10      **ANSWER**:  Subject to and without waiving any objections, Defendant states that its

11  investigation is ongoing, but that the following efforts have been made to date by the City:

12      **Mayor Durkan:**

13      The City searched each of the iPhones identified in Defendant's answer to Interrogatory

14  No. 24, above, the iCloud account associated with the Mayor's City-issued phones, and the

15  desktop of the Mayor's General Counsel as part of its collection of text messages in this action.

16  These searches occurred on multiple occasions and were conducted by members of the Mayor's

17  Office or others acting under the direction of legal counsel.  The City also has obtained copies of

18  text messages to which the Mayor was a party from other participants in those text message

19  conversations and produced several thousand such messages on or about July 1, 2021.  The City

20  also is in the process of collecting additional text messages from other text conversation

21  participants that will further supplement the collection of the Mayor's text messages.

22      **Former Police Chief Best:**

23      The City's investigation into the circumstances surrounding Chief Best's text messages is

24  ongoing.  The City searched the iPhone identified in its answer to Interrogatory No. 24, above, for

25  responsive text messages.  Defendant also has obtained copies of text messages to which Chief

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 12
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1   Best was a party from other participants in those text message conversations and is in the process

2   of collecting additional text messages from other text conversation participants that will further

3   supplement the collection of Chief Best's text messages.

4   **Fire Chief Scoggins:**

5   The City searched the iPhone identified in its answer to Interrogatory No. 24, above, as

6   well as the iCloud account associated with Chief Scoggins' City-issued phone.  The City also

7   searched his desktop computer.  Defendant also has obtained copies of text messages to which

8   Chief Scoggins was a party and is in the process of collecting additional text messages from other

9   text conversation participants that will further supplement the collection of Chief Scoggins' text

10   messages.

11   **Idris Beauregard:**

12   The City searched the iPhone identified in its answer to Interrogatory No. 24, above, as

13   well as the iCloud account associated with his City-issued phone and the Messages application on

14   his City-issued iPad Pro 10.5".  Defendant also has obtained copies of text messages to which

15   Beauregard was a party and is in the process of collecting additional text messages from other text

16   conversation participants that will further supplement the collection of Beauregard's text messages.

17   Defendant's investigation is ongoing.  Defendant specifically reserves the right to

18   supplement its answer to this interrogatory as its investigation proceeds, in compliance with Rule

19   26(e).

20   **FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 28:**  Subject to

21   and without waiving any objections, the City further responds as follows:

22   **Mayor Durkan:**  Between August 21, 2020 and early October 2020, employees in the

23   Mayor's Office, including the Mayor, Chen, Ferrerio, Irwin, Arhu, and Alencastro searched the

24   following devices and/or locations for missing texts:  (a) the Mayor's work computer, (b) the

25   Mayor's "cracked screen" iPhone 8 Plus, (c) Chen's work computer, and (d) the iPhone 11 the

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 13
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Mayor started using on July 9, 2020.  One or more of these individuals also viewed the Mayor's iCloud account to see whether messages existed there.  No messages or images of the Mayor's phone were found on her work computer.  Messages pre-dating August 29, 2019 were located in an August 29, 2019 back-up on Chen's work computer.  Messages dated June 25, 2020 forward were located on the Mayor's iPhone 11 and in an August 21, 2020 backup on Chen's computer.  No messages were found on the "cracked screen" iPhone 8 Plus, which had previously been factory reset.

On September 18, 2020, Braden Heil, a City forensic examiner, analyzed the "cracked screen" iPhone 8 to determine whether any messages could be recovered from it.  He was not able to locate any messages on it, as it had previously been factory reset.

In early July 2021, Colleen O'Reilly Bernier from the Mayor's Office located the iPhone 8 Plus the Mayor had used up until approximately October 30, 2019 in a drawer at the Mayor's Office.  The City was able to obtain text messages from August 2019 through October 30, 2019 from that phone.

**Chief Scoggins:**  The City learned that messages were missing from Chief Scoggins' phone in late February 2021.  Thereafter, Scoggins, Ward, and Drake searched Scoggins' phone, Scoggins' desktop, and the iCloud account associated with Scoggins' city-issued phone for the missing texts.  They were not able to locate any of the missing texts.

**Beauregard:**  The searches described above in the City's original answer were conducted on various dates by Beauregard and counsel at various points between April and mid-July 2021.  The missing text messages could not be located or recovered from the devices and locations searched.

**Best:**  The searches described above in the City's original answer were conducted by counsel and the City's litigation consultants after counsel learned of the missing text messages in March 2021.  The missing text messages could not be located on or recovered from the device.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 14
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

The City's investigation of Best's text messages is ongoing, and the City reserves the right to supplement this answer pursuant to FRCP 26(e) should it become necessary and appropriate to do so.

**INTERROGATORY NO. 29:**  Identify the process and procedure the City is using to recreate or recover the text messages of the Individuals.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as though set forth herein.  Defendant objects that this interrogatory seeks information that is protected by the work product doctrine.  Defendant objects that this interrogatory is vague and ambiguous, including but not limited to the phrase "the text messages."

**ANSWER**:  Subject to and without waiving any objections, Defendant states that its investigation and efforts to recover or reconstruct the Individuals' texts from periods where they are not available on the Individuals' phones is ongoing, and that as a result this interrogatory is premature.  Subject to this reservation, Defendant answers that it has been using information from the Individuals and their electronic devices, available phone and text message records, and other available information to attempt to identify City employees with whom the Individuals exchanged text messages during the time period for which we do not have available text messages for the particular Individual.  The City is then attempting to obtain those texts that are available from these additional individuals and will combine them in a manner that represents partial or complete reproduction of each Individual's text messages from the gap periods.

Separately, for Deanna Nollette, the City believes that it has recovered the text messages that previously were not obtainable and is in the process of reviewing those texts for production.

The City also notes that it is still trying to gain access to the devices of Shanon Anderson and Valarie Anderson.  Both phones are password protected and to date the City has not been able

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 15
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

to access them.  To the extent that those phones can ultimately be accessed, any text messages on them will be reviewed for production.

Defendant's investigation and effort is ongoing and Defendant specifically reserves the right to supplement its answer to this interrogatory as its investigation proceeds, in compliance with Rule 26(e).

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 29:**  Subject to and without waiving any objections, the City further answers this interrogatory as follows.

The City has collected text messages from approximately 30 custodians in this case.  The text messages produced from those custodians include hundreds of texts with the Affected Custodians during the gap periods for which they do not have texts available on their phones.  In this way, the City has produced a significant number of messages involving the Affected Custodians that otherwise could be missing.

Additionally, the City is using available information for the Affected Custodians and creating a list of non-custodian City employees with whom the Affected Custodians may have texted.  We have thus far prioritized the reconstruction of the text messages for Mayor Durkan, Chief Scoggins, and Chief Best, recognizing Plaintiffs' focus on those custodians.  The City used cellular and text message records in its possession, artifacts (*e.g.* "chat tables") from the imaged phones (where available), and "contacts" in these custodians' phones to develop a list of additional employees from whom the City could request text messages that might involve the Affected Custodians.  To date, this process has identified approximately 150 additional non-custodian employees.

The City then asked these employees whether they had text messages with any of the Affected Custodians for the gap periods.  If an employee answered in the affirmative, the City collected that employee's phone and imaged it.  To date, approximately 47 additional employees have responded indicating they have potentially responsive text messages during the gap period on

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 16
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

their phones and have had, or will have, their phones imaged.  If, and to the extent that, the City becomes aware of other non-custodian employees who have messages with the Affected Custodians on their phones, the City will also image those employees' phones.

At the same time, the City's counsel in *Estate of Taylor, et al. v. City of Seattle, et al.*, No. 20-2-14351-1 SEA (King Cty. Super. Ct.) has collected texts from approximately 80 employees. These texts are being combined with those from the 47 non-custodian employees identified in this case.

As the City collects these employee texts with any of the Affected Custodians, it plans to organize them by Affected Custodian, and produce them to Plaintiffs in one or more formats that reflect, the greatest extent possible, a "reconstruction" of each Affected Custodian's messages for that custodian's gap period, and that identifies the source of each individual text message (*i.e.* the employee from whose phone the messages were actually obtained).

The City produced one such partial reconstruction, for Mayor Durkan, on or about July 1, 2021.  The City will continue to produce reconstructions for Mayor Durkan and other Affected Custodians as they are prepared.

**INTERROGATORY NO. 30:**  Identify the third-party adjuster(s) and / or any internal personnel that the City (the Department of Finance and Administrative Services) used to evaluate claims by citizens and business relating to property damage caused by CHOP.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as though set forth herein.  Defendant objects to this interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects that any substantive information regarding the work performed by said third-party adjuster or internal personnel is protected by the attorney-client privilege and/or work product doctrine.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 17
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    **ANSWER**:  Subject to and without waiving any objections, the City identifies Abbie

2    Poynter, Arthur E. Campbell-Husted Co., as the adjuster for evaluating property damage claims

3    relating to protest activity within the City's boundaries.

4

5    **INTERROGATORY NO. 31:**  State whether the City has determined that any data has

6    been deleted from Mayor Jenny Durkan, former Police Chief Carmen Best, Fire Chief Harold

7    Scoggins and Idris Beauregard's Electronic Devices since June 25, 2020, and the factual bases for

8    those conclusions, if any.

9    **OBJECTION**:  Defendant incorporates by reference each of its general objections as

10   though set forth herein.  Defendant objects that this interrogatory is vague, ambiguous, and overly

11   broad, including but not limited to with respect to the terms "data," "determined," and "deleted."

12   Defendant further objects to this interrogatory as premature to the extent it seeks information

13   regarding Defendant's litigation consultants who have not been identified as testifying experts

14   pursuant to FRCP 26(b) or who Defendant does not intend to identify as testifying experts.  FRCP

15   26(b)(4)(D).  Plaintiffs are not entitled to know the identity of such consultants at this time.

16   **ANSWER**:  Subject to and without waiving any objections, Defendant answers that its

17   investigation is ongoing and that it would be premature for the City to have determined what data,

18   if any, data has been "deleted" from the Individuals' Electronic Devices.

19   Pursuant to Rule 33(d), Defendant also directs Plaintiffs to Defendant's response to

20   Request for Production 34, which requested the production of copies of the digital forensic images

21   that were collected from the Individuals' phones, upon execution by the parties of a Digital

22   Examination Agreement.

23   Defendant's investigation is ongoing and Defendant specifically reserves the right to

24   supplement its answer to this interrogatory as its investigation proceeds, in compliance with Rule

25   26(e).

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 18
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1   **FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 31:**  Subject to

2   and without waiving any objections, the City further answers that it has determined that text

3   messages from each of the Affected Custodian's gap periods are no longer available.  Based on

4   information presently available to it, the City believes the facts and circumstances pertinent to each

5   of the Individual's missing text messages are as follows:

6       **Chief Scoggins:**  During the relevant period, Chief Scoggins used an iPhone 8.  On

7   October 8, 2020, Chief Scoggins reported to the City's IT department and an assistant that he had

8   been locked out of his phone.  The City understands that, because of pre-existing City of Seattle

9   security protocols, Chief Scoggins was required to enter a passcode in order to access the phone.

10  Chief Scoggins entered what he believed to be the correct passcode, but it did not gain him access

11  to the phone.  He asked IT if they could help him unlock his phone, access to which is vital given

12  his role as Fire Chief, and was advised to attempt to recover his iPhone from iCloud.  As the City

13  understands the situation, ultimately, he was not successful because the authentication code

14  required to recover the phone was sent to the phone, which he still could not access.

15      The City understands that Chief Scoggins tried to unlock his phone using other methods

16  suggested but could not gain access.  Ultimately, the City understands that Chief Scoggins then

17  took his iPhone to the Apple Store at University Village to see if they could help him gain access

18  to it.  Because of Apple's Covid-19 policies at the time, Chief Scoggins was not allowed to enter

19  the store to observe the Apple Store employees' efforts to gain access.  The Apple Store was able

20  to gain access to the phone, but it appears that the Apple Store employee did so by resetting it,

21  which caused all of Chief Scoggins' text messages to be lost.  Contemporaneous documents

22  regarding these events are being produced in discovery.

23      **Carmen Best:**  Carmen Best's last day as a City employee was September 2, 2020.  The

24  City took possession of her phone on or around that same date and preserved it for purposes of

25  various ongoing lawsuits.  The City imaged Best's phone at the same time it was imaging the

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1   ==phones of the other custodians, at the end of 2020 or beginning of 2021.  After imaging the phone,==

2   ==the City discovered that Best's phone had no text messages on it dated before September 2.==  All

3   questions concerning what happened to Best's messages should be directed to Best, as she is

4   represented by separate counsel.  The City's forensic review of her device is ongoing and not yet

5   complete.

6      **Assistant Chief Greening:**  During the relevant period, Assistant Chief Greening used a

7   Galaxy S8 phone.  The City understands that Greening typically used the biometric (facial or

8   finger recognition) feature of the phone to gain access.  Greening was out on vacation the week of

9   October 19, 2020.  It is the City's understanding that at some point while he was out of the office

10  or when he returned on Monday, October 26, the City's security protocols required that he input a

11  passcode instead of using the biometric access feature.  Greening made a few attempts to gain

12  access using what he thought was his passcode to the phone, but none of the passcodes worked.

13  Worried that the phone would reset if he tried too many times, Greening asked his assistant, Celina

14  Villa, to take his phone to IT to see if they could gain access.  He recalls providing her with the

15  phone and receiving it back later that day or the next day.  At that point, he was able to access the

16  phone, but his text messages from before that date were no longer available.  The City's belief is

17  that SPD IT had to reset his phone because of the passcode issue.  Contemporaneous documents

18  regarding these events are being produced in discovery.

19     **Kenneth Neafcy:**  During the relevant period, Neafcy was using an iPhone X.  On or about

20  October 26, 2020, Neafcy was prompted by the City's periodic security protocol installed on his

21  iPhone that he needed to change his passcode for accessing the phone.  Neafcy followed the

22  instructions to reset the passcode.  He then tried to access the phone using the passcode that he had

23  just input, but it did not work.  He is not sure whether he mistyped the passcode when he set it or

24  whether another issue with his phone occurred.  After he was not able to access his phone, he

25  contacted IT and asked for assistance.  IT proposed ways to access the phone, but none of them

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 20
(Case No. 20-cv-00983)

1   was successful.  He tried to recover the phone from iCloud, but it sent the passcode to the phone

2   that was locked so he could not view it.  Because of the upcoming November 2020 election and the

3   need for others to reach him, Neafcy removed the SIM card from his iPhone X and inserted it into

4   an old iPhone 8, allowing him to go back to using his iPhone 8 for work purposes.  The City has

5   imaged the iPhone X, and concluded that no text messages exist from the period during which

6   Neafcy was using it.  Contemporaneous documents regarding these events are being produced in

7   discovery.[2]

8      **Idris Beauregard:**  During the relevant period, Beauregard used an iPhone 8.  The City

9   understands that on October 9, 2020, Beauregard attempted to access his phone, but his passcode

10  would not work.  He does not believe that he had the wrong information for the passcode, as it was

11  the one he had previously used.  When he could not access his phone, he called IT and submitted a

12  request for assistance (called a heat ticket).  The City understands that Beauregard was informed

13  by IT that, because it was an iPhone, he should contact Apple to see if they had a work-around that

14  he could use.  Apple informed him that because he did not have iTunes, he could not gain access to

15  the phone.  He left his phone on his desk with the idea that he would work to gain access the next

16  day.  However, the City understands that when he looked at his phone the next day, he saw that his

17  iPhone screen showed a spiral icon.  Once the spiraling stopped the phone reset itself.  None of his

18  text messages pre-dating the phone's automatic reset were available after the phone reset itself.

19  Contemporaneous documents regarding these events are being produced in discovery.

20     **Chris Fisher:**  During the relevant period, Fisher used an iPhone 7.  On approximately

21  December 3, 2020, Fisher attempted to gain access to his phone using the facial recognition

22  functionality that he usually used to access his phone.  Due to the City's security protocols, his

23  iPhone required him to log in using his passcode to access his phone.  Fisher input the passcode he

24

25  [2] The City notes that the circumstances described in this paragraph with respect to Neafcy differ slightly from the
    circumstances described in the City's July 30, 2020 letter, and reflect further investigation and clarification of the
    circumstances by the City.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 21
(Case No. 20-cv-00983)

1  believed he had previously set for his phone, but it was incorrect.  He attempted some other

2  passcodes that he had previously used that he thought might still work, but they did not.  Fisher

3  then reached out to IT to see if there was an alternative way to access the phone.  It is our

4  understanding that IT informed him that there was no way to access the phone without resetting it

5  to its factory settings.  Ultimately, Fisher followed this guidance.  The City is searching for

6  contemporaneous documents regarding this event and will produce any that we collect.

7     **Mayor Durkan:**  The City is still conducting its investigation into the circumstances

8  surrounding the missing texts from Mayor Durkan's phone(s).  It is the City's understanding that

9  the Mayor did not intentionally delete any messages from her phone and did not direct anyone to

10 intentionally delete any messages from her phone.  The City anticipates supplementing this

11 response after its litigation consultant completes its analysis.

12    **Shanon Anderson and Valarie Anderson:**  Last winter, SPD moved all of its cellphones

13 to AT&T/FirstNet.  As part of that transition, both Shanon Anderson and Valarie Anderson turned

14 in the phones they had been using during summer 2020.  The phones were collected and

15 maintained by SPD IT.  When the City accessed their phones in order to image them, the City

16 found that both phones were password protected and the City could not access them using the

17 passwords that they had provided when they turned in the phones.  After trying multiple times to

18 access the phones, the City chose to stop so as to not inadvertently trigger the phones' automatic

19 reset function.  The City is working with an outside vendor to try to circumvent the passcode issue

20 to gain access to the phones.  The City will advise Plaintiffs whether it is successful in this attempt.

21

22    **INTERROGATORY NO. 32:**  Identify any instant messaging platforms that the

23 Individuals used from June 1, 2020 – July 8, 2020, to discuss any issues relating to CHOP or the

24 CHOP zone.

25

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 22
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  **OBJECTION**:  Defendant incorporates by reference each of its general objections as

2  though set forth herein.  Defendant objects to the phrase "instant messaging platforms" as vague

3  and ambiguous.

4       **ANSWER**:  Subject to and without waiving any objections, Defendant answers that based

5  on its information and belief, none of the Individuals who are currently employed by the City used

6  any instant messaging platforms other than the native messaging app (*e.g.* the "Messages" app on

7  iPhone) on their City-issued phones.  Defendant's investigation into the instant messaging

8  platforms former City employees (*e.g.*, Chief Best and Shanon Anderson) may have used during

9  the referenced time period is ongoing, and Defendant will supplement its response to this

10  interrogatory if or when it determines which instant messaging platforms these former employees

11  may have used during the requested time period.

12       Pursuant to Rule 33(d), Defendant also directs Plaintiffs to Defendant's response to

13  Request for Production 34, which requested the production of copies of the digital forensic images

14  that were collected from the Individuals' phones, upon execution by the parties of a Digital

15  Examination Agreement.

16

17       **INTERROGATORY NO. 33:**  Identify each and every text message that City has been

18  unable to recover for the following custodians: Mayor Jenny Durkan, Police Chief Carmen Best,

19  Fire Chief Harold Scoggins and Idris Beauregard.  For each text message that the city is unable to

20  recover, identify the sender, the recipient, the date and time of the text message, and whether the

21  text message contained an attachment.

22       **OBJECTION**:  Defendant incorporates by reference each of its general objections as

23  though set forth herein.  Defendant objects to this interrogatory as premature because Defendants'

24  investigation is ongoing.  Defendant also objects because this interrogatory seeks information

25  protected by the attorney work product doctrine.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 23
(Case No. 20-cv-00983)

1    **ANSWER**:  Subject to and without waiving any objections, Defendant answers that its

2    investigation is ongoing and that it will supplement this response once it has determined that it has

3    the information available to it making it possible for the City to identify with particularity which

4    text messages, if any, the City is not able to recover from some source.

5    **FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 33:**  Subject to

6    and without waiving any objections, the City incorporates its answer to Interrogatory Nos. 28, 29,

7    and 31 as though set forth herein.  The City has been unable to recover any texts during the

8    windows set forth in its response to Interrogatory Nos. 28 and 31 from the Affected Custodians'

9    devices.  The City is continuing its efforts to reconstruct these missing messages using the process

10   described in its answer to Interrogatory No. 29.

11

12   **INTERROGATORY NO. 34:**  Identify all of the City and the Individuals' actions taken

13   to preserve evidence relating to the Lawsuit following June 25, 2020, including all efforts to

14   preserve, collect and review any data contained on the Individuals' Electronic Devices.  Separate

15   your response by the unique actions taken by City and the Individuals.

16   **OBJECTION**:  Defendant incorporates by reference each of its general objections as

17   though set forth herein.  Defendant objects to this interrogatory because it seeks information

18   protected by the attorney-client privilege and/or work product doctrine, and because it seeks

19   discovery on discovery.

20   **ANSWER**:  Subject to and without waiving any objections, Defendant answers that it

21   provided litigation hold notices to each Individual.  The litigation hold notice asked each recipient

22   to search for and preserve potentially responsive documents.  Separately, emails sent or received

23   by an employee using their City-issued email account are automatically preserved on the City's

24   servers.  The City also has contracted with SMARSH, a technology company that makes a product

25   that can be used for the cloud-based preservation and archiving text messages, to preserve text

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 24
(Case No. 20-cv-00983)

1    messages.  The SMARSH app has now been installed on certain City employees' Electronic

2    Devices, including Chief Scoggins' and Mayor Durkan's current iPhones.

3           The City believes that each current City employee took steps to comply with the litigation

4    hold notice once they received it and did not thereafter knowingly take any actions to delete texts

5    in a manner that would result in them not being preserved in some form.  While the City has no

6    knowledge that former City employees acted differently, questions regarding what steps they

7    might have taken to preserve responsive materials should be directed at them directly or via their

8    counsel.

9           **FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 34:**  Subject to

10   and without waiving any objections, the City further answers as follows.

11          Plaintiffs filed their complaint on June 24, 2020, and served the City on June 26.  Based on

12   the information then available to the City, including the Complaint, Plaintiffs' June 27 and June 30

13   letters, and the City's understanding of the relevant events, the City began issuing litigation holds

14   to City employees.  A list of City employees to whom litigation holds were sent in this action, and

15   the dates on which they were issued, is set forth in Attachment A to these supplemental answers.

16   The City also issued litigation holds in two other protest-related actions that cover materials

17   relating to the CHOP/CHAZ – *Estate of Taylor v. City of Seattle*, Case No. 20-2-14351-1 SEA

18   (King Cnty. Sup. Ct.), and *Black Lives Matter Seattle-King County, et al v. City of Seattle*, Case

19   No. 2:20-cv-887 (W.D. Wash.).  The list of hold recipients in these cases and the dates they

20   received the hold also is set forth in Attachment A.

21          The litigation hold notice issued in this action (and the *Taylor* and *BLM* cases) contained a

22   description of the case, and listed categories of documents that each recipient needed to preserve.

23   Among the types of documents that the litigation hold instructed employees to preserve were text

24   messages, emails, memoranda, and meeting minutes.  The litigation hold also included a FAQ

25   attachment instructing employees to not delete documents that again referenced text messages on

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 25
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

employees' mobile devices.  Finally, the litigation hold directed employees to search devices and locations where potentially relevant documents might exist, including their city-issued cell phones, to determine whether any such responsive documents were existed on the various devices and locations.

During the relevant time period, the City's policy for the retention of text messages was for employees to retain them in place, on their phones, once they had received a litigation hold notice. If the employee was not under litigation hold, the employee's retention obligations were as set forth in the standard document retention schedules issued by the Washington Secretary of State. It was the City's understanding that all of the employees were retaining their texts and other records as directed by the City.

In or around November 2020, the City of Seattle entered a contract with SMARSH to begin implementing automatic text message preservation for certain high level City personnel, including Mayor Durkan, Chief Diaz, and Chief Scoggins, each of whom implemented it at some point after the City started utilizing SMARSH.

**INTERROGATORY NO. 35:**  Identify all instances in which any of the Individuals have undergone training or instruction of their obligations under the Public Records Act, (the "PRA"), RCW 42.56.001, et seq. and any investigations that are being conducted into the City's document preservation obligations under the PRA relating to any of the Individuals since January 1, 2019.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as though set forth herein.  Defendant objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence as the City's PRA obligations are separate and apart from, and not relevant to, any claims alleged in this lawsuit.  Defendant also objects that the phrases "training or instruction" and "investigations that are being conducted into" are vague and

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 26
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1    ambiguous.  Defendant objects to this interrogatory to the extent any investigation would be

2    confidential or privileged.

3         **ANSWER**:  Subject to and without waiving any objections, Defendant states that PRA

4    training is often a component part of various trainings that employees are required to take, and that

5    it would be unduly burdensome for the City to be required to list every occasion where a City

6    employee participated in a formal or informal training that touched on the PRA.  Defendant also

7    answers that separate and apart from formal trainings, City personnel regularly receive informal

8    instruction on their obligations under the PRA.

9         Further, pursuant to Rule 33(d), Defendant will produce copies of certificates documenting

10   the formal training sessions that various Individuals took during the relevant period, from which

11   responsive information may be obtained.

12        The only investigation of which the City is aware regarding the City's preservation

13   obligations under the PRA that arguably relates to any of the Individuals during the specified time

14   period is SEEC Case NO. 21-WBI-0304-1.  Should the City become aware of any other responsive

15   investigations, it will supplement this answer in compliance with Rule 26(e).

16        **FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 35:**  Subject to

17   and without waiving any objections, the City clarifies its initial answer by stating that the only

18   investigation of which the City is aware regarding the City's preservation obligations under the

19   applicable retention schedules and statutory requirements that arguably relates to any of the

20   Individuals during the specified time period is SEEC Case No. 21-WBI-0304-1.

21

22        **INTERROGATORY NO. 36:**  State all actions taken by Mayor Jenny A. Durkan and / or

23   the Mayor's Office's compliance with the PRA since January 1, 2017, including the preservation,

24   collection, archiving and review of electronically stored data on Mayor Jenny A. Durkan's phone

25   and other Electronic Devices.  Include in your answer any directions that Mayor Jenny A. Durkan

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 27
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  gave concerning the preservation and collection of her electronically stored data.

2      **OBJECTION**:  Defendant incorporates by reference each of its general objections as

3  though set forth herein.  Defendant objects to this interrogatory because it is vague and ambiguous.

4  Defendant also objects because the interrogatory is overly broad, unduly burdensome, and not

5  reasonably calculated to lead to the discovery of admissible evidence to the extent it deals with the

6  PRA, which is not relevant to this litigation.

7      **ANSWER**:  Subject to and without waiving any objections, Defendant answers that it has

8  always been the policy of Mayor Durkan and the Mayor's Office to comply with the PRA and to

9  take reasonable steps to preserve records.  In this regard, email is automatically backed up and

10  stored.  And the Mayor's text messages sent using her City-issued iPhone currently are backed up

11  and preserved by the SMARSH application.  Prior to the City's contract with SMARSH, it was the

12  Mayor's understanding that all of her text messages were being preserved on her Electronic Device

13  and/or the associated iCloud account.

14      At all times relevant to this interrogatory, the Mayor's Office had one or more employees

15  whose responsibility it was to manage PRA requests necessitating a response from the Mayor's

16  Office.  If a PRA request was received that required production of the Mayor's text messages, the

17  standard practice was for a Mayor's Office employees to take the Mayor's City-issued phone and

18  search it for responsive data, including text messages.  When the Mayor first took office, this

19  process typically involved taking screen shots of the responsive texts for production to the

20  requestor.  Later, the Mayor's Office started using a tool called iExplorer to do so.

21      At all times since she was elected, the Mayor's direction to Mayor's Office personnel has

22  been that personnel in the Mayor's Office should take every reasonable step necessary to comply

23  with both the letter and the spirit of the PRA, and to preserve all records or other materials covered

24  by the PRA, as well as materials covered by outstanding litigation hold notices and other

25  applicable retention obligations.

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 28
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 36:**  Subject to and without waiving any objections, the City further responds that the iPhone 8 Plus that Mayor Durkan was using in Summer 2019 was backed up by Michelle Chen to Chen's work computer on or around August 29, 2019.  The City was able to use that back-up to obtain the Mayor's messages from prior to the date of that back-up.  The iPhone 8 Plus was replaced on or about October 30, 2019.  In early July 2021, Colleen O'Reilly Bernier at the Mayor's Office located this phone in a pouch in a desk drawer.  The City was able to obtain texts through October 30, 2019 from this phone.

On or about August 21, 2020, Michelle Chen backed up the iPhone 11 that the Mayor was using at that time to her (Chen's) work computer.  This process created an image from which the City was able to access messages from June 25, 2020 forward.  Because Chen's work computer needed updates to both iTunes and iExplorer, she asked one of the Mayor's Office IT staff, Regi Alencastro, to assist her in facilitating this back up.

After discovering during that back-up process that Mayor Durkan's phone only had texts from June 25 forward, Chen, Kim Ferreiro and Stacy Irwin (Mayor's Office PRA employees), and Alencastro and Emmanuel Arhu (Mayor's Office IT), investigated and tried to recover the missing texts.  IT staff analyzed the Mayor's "cracked screen" iPhone 8 Plus that she had used until July 9, 2020, but the City understands that that phone had been factory reset by the Mayor's Office IT in or around early August.  It was their practice at the time to reset phones approximately a month after a new phone was provided, so the old phone could be disposed of or put back into circulation.

Thereafter, on or about September 18, 2020, one of the City's forensic analysts, Braden Heil, also took an image of the iPhone 8 Plus to see if he could locate any of the missing texts.  He could not.

**INTERROGATORY NO. 37:**  Identify all of the applications downloaded on the

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 29
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

Individuals' Electronic Devices, including phones, that existed on their phones at any time from
June 1, 2020 to the present.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as
though set forth herein.  Defendant also objects because this request is overly broad and unduly
burdensome, and because it is not reasonably calculated to lead to the discovery of admissible
evidence.  Defendant objects because the terms "applications" and "downloaded" are vague and
ambiguous as used in this interrogatory.

**ANSWER**:  Subject to and without waiving any objections, Defendant directs Plaintiffs to
Defendant's answer to Interrogatory No. 32.  With the limited exceptions set forth below,
Defendant is not aware of any applications that were downloaded (as opposed pre-installed) by any
of the Individuals on their electronic devices that contained the ability to instant message other
than the native messaging application and Microsoft Teams.  Teams messages, to the extent any
existed, would have been collected as part of the City's earlier production efforts, as they are also
maintained on a cloud-based server.

Additionally, Chief Scoggins may have had WhatsApp on a work-issued Electronic Device
at some point in time, but it is not currently downloaded on his phone and he cannot recall whether
it was on his phone at any point between June 8, 2020 and July 1, 2020.  As noted in response to
Interrogatory No. 32, even if it had been downloaded on his phone at that time, he did not use it to
communicate regarding the CHOP or CHOP Zone.

Pursuant to Rule 33(d), Defendant also directs Plaintiffs to Defendant's response to
Request for Production 34, which requested the production of copies of the digital forensic images
that were collected from the Individuals' phones, upon execution by the parties of a Digital
Examination Agreement.

**FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 37:**  Subject to
and without waiving any objections, the City further answers that the parties have agreed that this

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 30
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

interrogatory seeks only the identification of messaging and "file back up" apps that were downloaded on the Individuals' phones.  The City has previously identified all messaging apps on the Individuals' phones.  Based on information currently available to the City, it understands that none of the Individuals downloaded and had on their phones other apps where messages would have been backed up.

**INTERROGATORY NO. 38:**  Identify all persons other than Jenny Durkan, Carmen Best, Harold Scoggins, Shannon Anderson, Valerie Anderson, Idris Beauregard, Christopher Fisher, Eric Greening, Kenneth Neafcy, or Deanna Nolette, for whom the City is missing text messages or other electronically stored data relating to this Lawsuit.

**OBJECTION**:  Defendant incorporates by reference each of its general objections as though set forth herein.  Defendant objects to this interrogatory because it is overly broad, unduly burdensome, and because it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this interrogatory because the terms "persons" and "missing" are vague and ambiguous.  Defendant further objects because this request is not proportionate to the needs of the case, because as written this interrogatory would cover all City employees and all time periods, which exceeds the scope of the Parties' ESI Agreement.

**ANSWER**:  Subject to and without waiving any objections, Defendant states that it does not have knowledge that any City employee that the City has identified as a custodian in the case other than the Individuals either lost or deleted any responsive or relevant text messages after they received the litigation hold in this matter.

Defendant's investigation is ongoing and Defendant specifically reserves the right to supplement its answer to this interrogatory as its investigation proceeds, in compliance with Rule 26(e).

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 31
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

DATED this 31ˢᵗ day of August, 2021.

HARRIGAN LEYH FARMER & THOMSEN LLP


By: _s/ Caitlin B. Pratt_
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    Kristin E. Ballinger, WSBA #28253
    Caitlin B. Pratt, WSBA #48422
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel:  (206) 623-1700
    arthurh@harriganleyh.com
    tylerf@harriganleyh.com
    kristinb@harriganleyh.com
    caitlinp@harriganleyh.com

*Attorneys for the City of Seattle*

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 32
(Case No. 20-cv-00983)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**Attachment A – Litigation Hold Recipients**

| *Hunters Capital, et al. v. City of Seattle* Case No. 20-cv-00983 (W.D. Wash.) | |
|---|---|
| **Name** | **Date Lit. Hold Issued** |
| Aguirre, Jesús | 7/22/2020 |
| Alencastro, Regi | 3/29/2021 |
| Alspaugh, Pamela | 9/29/2020 |
| Anderson, Shanon | 9/29/2020 |
| Anderson, Valarie | 7/27/2020 |
| Arhu, Emmanuel | 3/29/2021 |
| Auriemma, Anthony | 9/11/2020 |
| Baird, Laura | 7/22/2020 |
| Baird, Mark | 7/27/2020 |
| Beauregard, Idris | 10/20/2020 |
| Beck, Tara | 10/30/2020 |
| Best, Carmen | 7/27/2020 |
| Boatright, Rebecca | 7/27/2020 |
| Bolieu, Sabrina | 10/12/2020 |
| Byers, Susan | 9/22/2020 |
| Canceko, Lyle | 3/29/2021 |
| Chen, Michelle | 7/22/2020 |
| Cordner, Lesley | 7/27/2020 |
| Diaz, Adrian | 7/27/2020 |
| Durkan, Jenny | 7/22/2020 |
| Everett, Joseph | 7/22/2020 |
| Fields, Michael | 7/27/2020 |
| Fisher, Christopher | 7/27/2020 |
| Fong, Michael | 7/22/2020 |
| Formas, Stephanie | 9/29/2020 |
| Friedhoff, Andrea | 3/29/2021 |
| Furuto, Joey | 9/29/2020 |
| Goings, Calvin | 9/29/2020 |
| Greening, Eric | 7/27/2020 |
| Hara, Mami | 7/22/2020 |
| Hastings, Bryan | 7/22/2020 |
| Hightower, Kamaria | 9/29/2020 |
| Hirjak, Stephen | 7/27/2020 |
| Holmes, Peter | 7/22/2020 |
| Kennedy, Brian | Will supplement |
| Kline, Julie | 7/22/2020 |
| Landino, Gina | 7/22/2020 |

| | |
|---|---|
| Lee, Bobby | 9/29/2020 |
| Longanecker, Mindy | 7/22/2020 |
| Mahaffey, Thomas | 7/27/2020 |
| Maxie, Rodney | 9/22/2020 |
| Morgan, Darren | 9/22/2020 |
| Neafcy, Kenneth | 9/29/2020 |
| Nelson, Laurel | 9/29/2020 |
| Nollette, Deanna | 7/27/2020 |
| O'Reilly Bernier, Colleen | 3/29/2021 |
| Quirk, Patti | 9/22/2020 |
| Ranganathan, Shefali | 7/22/2020 |
| Rose-Akins, Nyjat | 7/22/2020 |
| Scoggins, Harold | 7/22/2020 |
| Sixkiller, Casey | 7/22/2020 |
| Socci, Angela | 7/27/2020 |
| Steel, Chris | Will supplement |
| Thompson, Adrienne | 7/22/2020 |
| Waters, Donna | 9/29/2020 |
| Wells, Michael | 10/12/2020 |
| Westphal, Meagan | 7/22/2020 |
| Williams, Christopher | 9/29/2020 |
| Zimbabwe, Sam | 7/22/2020 |

| *Estate of Taylor, et al. v. City of Seattle*<br>**Case No. 20-2-14351-1 SEA (King Cnty. Sup. Ct.)** ||
|---|---|
| **Name** | **Date Lit. Hold Issued** |
| Aagard, Lori | 3/18/2021 |
| Adams, David | 3/18/2021 |
| Adams, Westin | 7/20/2021 |
| Aguirre, Daniel | 3/18/2021 |
| Aguirre, Jesús | 3/19/2021 |
| Alcantara, Lora | 3/18/2021 |
| Aldrich, Newell | 3/18/2021 |
| Allen, David | 7/26/2021 |
| Allen, Matthew | 3/18/2021 |
| Allsopp, Darren | 3/18/2021 |
| Alspaugh, Pamela | 3/19/2021 |
| An, Noah | 3/18/2021 |
| Anderson, Carl | 3/18/2021 |
| Anderson, Shanon | 3/18/2021 |
| Anderson, Valarie | 3/18/2021 |
| Apreza, Ernesto | 3/18/2021 |

| | |
|---|---|
| Arana, Gabriele | 3/18/2021 |
| Arata, James | 3/18/2021 |
| Archuleta, Zayla | 3/18/2021 |
| Arulaid, Stephan | 6/2/2021 |
| Auderer, Daniel | 7/26/2021 |
| Auriemma, Anthony | 3/18/2021 |
| Avery, Monique | 3/18/2021 |
| Baird, Laura | 3/18/2021 |
| Baird, Mark | 3/18/2021 |
| Ballingham, Grant | 3/18/2021 |
| Balter, Lauren | 4/12/2021 |
| Banez, Joselito | 7/26/2021 |
| Barokas, Michael | 3/19/2021 |
| Barrington, Willie | 12/7/2020 |
| Barron, Lisa | 3/19/2021 |
| Basu, Aretha | 3/18/2021 |
| Bauer, Joseph | 3/18/2021 |
| Bauer, Nathan | 4/12/2021 |
| Beauregard, Idris | 3/19/2021 |
| Beck, Tara | 3/18/2021 |
| Behn, Demethra | 3/18/2021 |
| Belgarde, Anthony | 3/18/2021 |
| Benner, Devon | 3/18/2021 |
| Bergerson, Ethan | 3/18/2021 |
| Bergmann, Trent | 3/18/2021 |
| Beseler, Eric | 3/18/2021 |
| Best, Carmen | 3/18/2021 |
| Bettesworth, Anne | 3/19/2021 |
| Bissell, Ashlie | 3/18/2021 |
| Blackburn, Matthew | 6/25/2021 |
| Boatright, Rebecca | 3/18/2021 |
| Bolieu, Sabrina | 3/18/2021 |
| Bolton, Donald | 4/23/2021 |
| Bonesteel, Richard | 3/18/2021 |
| Bourdon, Jorge | 3/18/2021 |
| Bourns, Richard | 3/18/2021 |
| Braxton, Karissa | 3/18/2021 |
| Brewer, Alexander | 3/18/2021 |
| Briskey, Azrielle | 6/2/2021 |
| Britt, James | 3/18/2021 |
| Brooks, John | 3/18/2021 |
| Brown, Kamilah | 3/19/2021 |
| Brown, Robert | 3/18/2021 |
| Brownlee, Christopher | 3/18/2021 |
| Burgess, Nicholas | 3/18/2021 |

| | |
|---|---|
| Burk, Nicholas | 3/18/2021 |
| Butenhoff, Dillon | 3/18/2021 |
| Byers, Susan | 3/18/2021 |
| Byrd, Samuel | 3/18/2021 |
| Campbell, Anthony | 4/12/2021 |
| Campbell, Jared T | 3/18/2021 |
| Campbell, Ronald | 4/12/2021 |
| Carpenter, Colin | 3/18/2021 |
| Caulfield, Riley | 3/18/2021 |
| Charnley, Laura | 6/2/2021 |
| Chen, Michelle | 3/18/2021 |
| Chesney, John | 3/18/2021 |
| Chin, Jonathan | 7/26/2021 |
| Christman, Christopher | 6/2/2021 |
| Clancy, Amy | 3/18/2021 |
| Clardy, Alex | 3/18/2021 |
| Clark, Matthew | 3/18/2021 |
| Clark, Molly | 3/18/2021 |
| Claxton, Justin | 3/18/2021 |
| Cleaves, Ernest | 6/2/2021 |
| Clenna, Bryan | 3/18/2021 |
| Cockbain, Daniel | 3/18/2021 |
| Coe, Sarah | 6/2/2021 |
| Consalvi, Elizabeth | 6/2/2021 |
| Cook, Linda | 4/12/2021 |
| Coomer, Benjamin | 3/18/2021 |
| Coonradt, Thomas | 7/26/2021 |
| Cooper, Michelle | 3/18/2021 |
| Copodonna, Robert | 7/26/2021 |
| Corcoran, Kyle | 7/26/2021 |
| Cordner, Lesley | 3/18/2021 |
| Costa-C, Rick-c | 3/18/2021 |
| Couet, Christopher | 3/18/2021 |
| Coutsoubos, Christena | 3/19/2021 |
| Cox, Alan | 3/19/2021 |
| Crooks, Danni | 7/26/2021 |
| Crumb, John | 6/2/2021 |
| Cuerpo, David | 12/7/2020 |
| Cuevas, Faride | 3/18/2021 |
| Culbertson, Sean | 3/18/2021 |
| Curtis, Daniel | 6/2/2021 |
| Dahline, Dennis | 3/19/2021 |
| DAlessandro, Julie | 3/19/2021 |
| Daly, Pat | 6/2/2021 |
| Danne, Carter | 3/18/2021 |

| | |
|---|---|
| Daranciang, Mikael | 7/26/2021 |
| Davis, Pierre | 6/2/2021 |
| Davis, Tyrone | 3/18/2021 |
| Davisson, George | 6/2/2021 |
| Dawson, Parker | 3/19/2021 |
| DeBella, Ernest | 7/26/2021 |
| Derrick, Anthony | 3/18/2021 |
| Diaz, Adrian | 3/18/2021 |
| Dickson, Jack | 7/26/2021 |
| Didier, Matthew | 3/18/2021 |
| Dietrich, Seth | 6/2/2021 |
| Dike, Tim | 3/18/2021 |
| Do, Jessica | 3/19/2021 |
| Domholt, Jason | 4/12/2021 |
| Dory, Mary | 3/19/2021 |
| Doss, Greg | 3/18/2021 |
| Downing, Brian | 6/2/2021 |
| Drummond, Jason | 3/18/2021 |
| Dunlap, Laurie | 3/19/2021 |
| Durkan, Jenny | 3/18/2021 |
| Dyment, James | 3/18/2021 |
| Eastgard, Erik | 4/12/2021 |
| Eastman, Michael | 3/18/2021 |
| Ebinger, Sina | 3/18/2021 |
| Eder, Dan | 3/18/2021 |
| Edison, Simon | 3/18/2021 |
| Edwards, Everett | 3/18/2021 |
| Edwards, Michael | 3/18/2021 |
| Eggers, Brandon | 3/18/2021 |
| Ellis, Randy | 3/18/2021 |
| Englund, Stephen | 3/18/2021 |
| Erickson, Lynn | 3/19/2021 |
| Estrada, Abraham | 7/26/2021 |
| Evans, Nicholas | 4/23/2021 |
| Everett, Joseph | 3/18/2021 |
| Farmer, LaKecia | 3/18/2021 |
| Feher, Ferenc | 3/19/2021 |
| Fields, Michael | 3/18/2021 |
| Finnell, Anthony | 3/19/2021 |
| Fiorini, Nadia | 7/26/2021 |
| Fischer, Raymond | 4/23/2021 |
| Fisher, Christopher | 3/18/2021 |
| Fitzpatrick, Helen | 12/7/2020 |
| Flick, Vanessa | 3/18/2021 |
| Flores, Bryan | 7/26/2021 |

| | |
|---|---|
| Floyd, Tamara | 3/18/2021 |
| Foley, Kyle | 3/18/2021 |
| Follette, Garrett | 6/2/2021 |
| Fong, Michael | 3/18/2021 |
| Formas, Stephanie | 3/18/2021 |
| Forst, Jordan | 4/12/2021 |
| Foy, Corey | 7/20/2021 |
| Frank, Tim | 3/19/2021 |
| Franz, Jesse | 3/18/2021 |
| Freese, Diana | 3/18/2021 |
| Freese, Michael | 3/18/2021 |
| Frieler, Benjamin | 7/26/2021 |
| Furuto, Joey | 3/19/2021 |
| Gaedcke, Anthony | 3/18/2021 |
| Gaffney-Bills, Gregory | 3/18/2021 |
| Garth Green, Marc | 3/18/2021 |
| Geoghagan, Jeff | 3/18/2021 |
| George, Janis | 7/26/2021 |
| Girello, Joshua | 3/18/2021 |
| Goings, Calvin | 3/18/2021 |
| Gonzales, Reba | 3/19/2021 |
| Gonzalez, Intern | 3/18/2021 |
| Gonzalez, Lorena | 3/18/2021 |
| Goodwin, Jonathan | 3/18/2021 |
| Gordillo, Canek X | 3/18/2021 |
| Gore, Michael | 3/18/2021 |
| Graesch, Jenifer | 4/23/2021 |
| Grant, Brandy | 3/18/2021 |
| Graves, Tobin | 3/19/2021 |
| Gray-McVey, Tay | 7/26/2021 |
| Grayson, Sandlin | 6/2/2021 |
| Grba, Mark | 3/19/2021 |
| Greene, Chris | 3/19/2021 |
| Greening, Eric | 3/18/2021 |
| Grenon, Bryan | 3/18/2021 |
| Griffin, Mike | 4/12/2021 |
| Griffin, William | 7/26/2021 |
| Grossman, Kevin | 3/18/2021 |
| Guzman, Kira | 4/12/2021 |
| Hackett, Colleen | 3/19/2021 |
| Hancock, Andrew | 3/18/2021 |
| Hancock, Robert | 3/18/2021 |
| Hanley, Thomas | 3/18/2021 |
| Hara, Mami | 3/19/2021 |
| Harmon, Mika | 3/18/2021 |

| | |
|---|---|
| Harris, Alexandra | 7/26/2021 |
| Hastings, Bryan | 12/7/2020 |
| Havner, J | 3/19/2021 |
| Hay, Garret | 3/18/2021 |
| Hay, Kyle | 3/18/2021 |
| Hay, Phillip | 5/19/2021 |
| Hayes, John | 3/18/2021 |
| Hazard, Mark | 3/18/2021 |
| Hendry, Dawn | 6/2/2021 |
| Herbold, Intern | 3/18/2021 |
| Herbold, Lisa | 3/18/2021 |
| Hevly, Willa | 6/25/2021 |
| Hewitt, Brian | 4/12/2021 |
| Hightower, Kamaria | 3/18/2021 |
| Hill, Travis | 3/18/2021 |
| Hilton, Shaun | 6/2/2021 |
| Hirjak, Stephen | 3/18/2021 |
| Hoang, Anh | 3/18/2021 |
| Hockett, David | 7/26/2021 |
| Hogg, Hayden | 3/18/2021 |
| Hohlfeld, Amanda | 3/18/2021 |
| Holmes, Peter | 3/18/2021 |
| Holt, Kendall | 3/18/2021 |
| Hopper Manole, Theodore | 6/2/2021 |
| House, Erin | 3/18/2021 |
| Howard, Caleb | 3/18/2021 |
| Hughey, Benjamin | 3/18/2021 |
| Hunt, Brian | 7/26/2021 |
| Hurst, Samuel | 6/2/2021 |
| Huserik, Randall | 3/18/2021 |
| Hutton, Kate | 3/18/2021 |
| Israel, Gina | 3/18/2021 |
| Ivanov, Ilya | 3/18/2021 |
| Jackson, Justin | 6/2/2021 |
| Jackson, Nathan | 7/26/2021 |
| James, Mark | 7/26/2021 |
| Jandoc, Steven | 3/18/2021 |
| Jay, Tanner | 7/26/2021 |
| Jimenez, Jose | 3/18/2021 |
| Johnson, Aaron | 3/18/2021 |
| Johnson, Dion | 3/18/2021 |
| Johnson, Lorisa | 4/12/2021 |
| Johnson, Russell | 3/18/2021 |
| Jones, Abigail | 3/18/2021 |
| Jones, Nick | 3/18/2021 |

| | |
|---|---|
| Jones, Timothy | 3/18/2021 |
| Jordon, Travis | 3/18/2021 |
| Joy, Andrew | 3/18/2021 |
| Joyce, Dustin | 7/26/2021 |
| Juarez, Debora | 3/18/2021 |
| Juarez, Eli | 3/18/2021 |
| Juarez, Intern | 3/18/2021 |
| JuarezTwo, Intern | 3/18/2021 |
| Judge, Lisa | 3/19/2021 |
| Kamkar, Negheen | 3/18/2021 |
| Kang, Hudson | 7/26/2021 |
| Keating, Aaron | 3/18/2021 |
| Keating, Tyler | 4/12/2021 |
| Kebba, Michael | 3/18/2021 |
| Keller, Jared | 3/18/2021 |
| Kelley, Christopher | 3/18/2021 |
| Kellogg, Chelsea | 3/18/2021 |
| Kennedy, Brian | 6/2/2021 |
| Kerby, Matthew | 3/18/2021 |
| Kibbee, Todd | 3/18/2021 |
| Klatt, Walter | 3/18/2021 |
| Kline, Julie | 3/18/2021 |
| Knapp, Stephen | 3/18/2021 |
| Knick, Jennifer | 5/19/2021 |
| Knight, Joshua | 3/18/2021 |
| Komadina, Stephen | 3/19/2021 |
| Komljenovic, Marko | 7/26/2021 |
| Kraus, Brian | 5/19/2021 |
| LaClaire, Aimee | 3/18/2021 |
| Laina, Alan | 3/18/2021 |
| Lakin, Macaully | 3/18/2021 |
| Lancaster, Ryan | 3/18/2021 |
| Landino, Gina | 3/18/2021 |
| Lang, Chriseley | 3/18/2021 |
| Lang, Tadeo | 7/20/2021 |
| Lapierre, Scott | 3/18/2021 |
| Lasswell, Lori | 7/26/2021 |
| Lee, Bobby | 3/18/2021 |
| Lee, Enoch | 3/18/2021 |
| Lee, Jason | 7/26/2021 |
| Legaspi, Jonard | 3/18/2021 |
| Legault, Jeanne | 3/18/2021 |
| Legg, Brandon | 3/18/2021 |
| Lemke, Will | 3/18/2021 |
| Leung, Sekfai Paul | 3/18/2021 |

| | |
|---|---|
| Lewis, Andrew | 3/18/2021 |
| Lewis, Intern | 3/19/2021 |
| Lilje, Matthew | 3/18/2021 |
| Lockhart, Mariko | 3/18/2021 |
| Long, Ryan | 7/26/2021 |
| Longanecker, Mindy | 3/18/2021 |
| Longley, Larry | 3/18/2021 |
| Loux, Kent | 3/18/2021 |
| Lu, Jacky | 3/19/2021 |
| Luckie, Scott | 3/18/2021 |
| Maehler, Jamison | 3/18/2021 |
| Mahaffey, Thomas | 3/18/2021 |
| Maier, Mae | 3/18/2021 |
| Maks, Paige | 5/19/2021 |
| Malenchenko, Aleksandr | 7/26/2021 |
| Mantilla, Andres | 3/18/2021 |
| Marion, John | 3/18/2021 |
| Marshall, Aaron | 3/18/2021 |
| Martin, Marcus | 3/18/2021 |
| Maxie, Rodney | 3/18/2021 |
| Mayer, Grant | 3/18/2021 |
| McGehee, Alexandra | 3/19/2021 |
| Mckee, Vaughn | 3/18/2021 |
| McLean, Alyson | 3/18/2021 |
| McMullen, Joshua | 3/18/2021 |
| Meyer, Timothy | 3/18/2021 |
| Meza, Miroslava | 3/19/2021 |
| Miller, Austin | 3/18/2021 |
| Miller, Charles | 3/18/2021 |
| Miller, Matt | 3/19/2021 |
| Miller, Rene | 3/18/2021 |
| Miller, William | 3/18/2021 |
| Mills, Bryan | 3/18/2021 |
| Milstead, Brett | 3/18/2021 |
| Mondragon, Ronald | 3/19/2021 |
| Monreal, Esteban | 3/18/2021 |
| Monroe, Susanna | 3/18/2021 |
| Mooney, Thomas | 6/2/2021 |
| Moore, Sean | 3/18/2021 |
| Morales, Intern | 3/19/2021 |
| Morales, Tammy | 3/19/2021 |
| Morasco, Anthony | 3/18/2021 |
| Moreland, Taylor | 3/18/2021 |
| Morgan, Darren | 3/18/2021 |
| Morrison, Ben | 3/18/2021 |

| | |
|---|---|
| Mosqueda, Intern | 3/18/2021 |
| Mosqueda, Teresa | 3/18/2021 |
| Moss, Scott | 3/18/2021 |
| Mudd, Jeffery | 6/2/2021 |
| Munnis, Timothy | 12/7/2020 |
| Muoio, Brian | 3/18/2021 |
| Murray, Wade | 4/23/2021 |
| Myerberg, Andrew | 3/19/2021 |
| Neafcy, Kenneth | 3/18/2021 |
| Nelson, Daniel | 3/18/2021 |
| Nelson, Dylan | 3/18/2021 |
| Nelson, Laurel | 3/18/2021 |
| Ness, Brehon | 3/18/2021 |
| Nesteruk, Liliya | 3/18/2021 |
| Newburn, Tori | 4/12/2021 |
| Nguyen, Peter | 3/18/2021 |
| Nguyen, Vy | 3/18/2021 |
| Nicholson, Erin | 6/2/2021 |
| Nollette, Deanna | 3/18/2021 |
| Norton, Andrew | 3/18/2021 |
| Nyland, Kelsey | 3/18/2021 |
| Oakland, Nathaniel | 6/2/2021 |
| Olson, Peter | 3/18/2021 |
| Olson, Todd | 3/18/2021 |
| Osborne, Joseph | 3/18/2021 |
| Othon, Loren | 3/18/2021 |
| Owens, Sara | 6/2/2021 |
| Page, Jeffrey | 3/18/2021 |
| Palyu, Cheryl | 6/2/2021 |
| Parikh, Sejal | 3/18/2021 |
| Passarella, David | 3/18/2021 |
| Patterson, Nathan | 3/18/2021 |
| Pearson, Joshua | 3/19/2021 |
| Pecore, Jason | 3/18/2021 |
| Pedersen, Alex | 3/18/2021 |
| Pedersen, Intern | 3/19/2021 |
| Perkins, Grainne | 3/18/2021 |
| Persun, Terry | 3/18/2021 |
| Peterson, Richard | 5/19/2021 |
| Phillips, Kalae | 7/26/2021 |
| Pieper, Peter | 7/20/2021 |
| Pirak, Dwayne | 3/18/2021 |
| Pitts, Dan | 3/19/2021 |
| Pleasant-Brown, Amanda | 3/18/2021 |
| Powell, Marc | 3/18/2021 |

| | |
|---|---|
| Qualls, Jacob | 7/26/2021 |
| Quirk, Patti | 3/18/2021 |
| Raas, Andreas | 3/19/2021 |
| Radcliffe, Todd | 7/26/2021 |
| Ranganathan, Shefali | 3/18/2021 |
| Ray, Mackenzie | 3/18/2021 |
| Read, Sam | 3/18/2021 |
| Rees, Brian | 3/18/2021 |
| Register, Sabrina | 3/19/2021 |
| Reiter, Cody | 3/18/2021 |
| Renner, Michael | 3/18/2021 |
| Reyes Jr, Daniel | 4/12/2021 |
| Reyes, Felix | 3/18/2021 |
| Rezentes, Stephanie | 7/26/2021 |
| Richards, Alan | 3/18/2021 |
| Ridlon, Anthony | 3/18/2021 |
| Robinson, Deanna | 7/26/2021 |
| Rogers, Matt | 3/19/2021 |
| Rogers, Shauna | 6/2/2021 |
| Rose-Akins, Nyjat | 3/18/2021 |
| Rosenblum, Jonathan | 3/18/2021 |
| Runolfson, Kevin | 3/18/2021 |
| Rurey, Joshua | 3/18/2021 |
| Rusher, Eric | 7/26/2021 |
| Safranek, Kristofer | 3/18/2021 |
| San Miguel, Shelley | 3/18/2021 |
| Santos, Chris | 3/19/2021 |
| Sather, James | 3/18/2021 |
| Satterwhite, Patrick | 7/26/2021 |
| Sausman, Aaron | 3/18/2021 |
| Sawant, Kshama | 3/18/2021 |
| Schmanke, Kim | 12/7/2020 |
| Schoenberg, Brett | 3/18/2021 |
| Schreckengost, Jay | 3/19/2021 |
| Schulkin, Rachel | 3/18/2021 |
| Scoggins, Harold | 12/7/2020 |
| Seelig, Shannan | 3/18/2021 |
| Selfridge, Ty | 6/25/2021 |
| Shank, Gabriel | 4/12/2021 |
| Sharp, Michael | 3/19/2021 |
| Shea, Michael | 3/18/2021 |
| Shepherd, Jaraea | 7/20/2021 |
| Shier, Christopher | 6/2/2021 |
| Silvernail, Devin | 3/19/2021 |
| Simbeck, Paul | 7/26/2021 |

| | |
|---|---|
| Sims, Katherine | 3/19/2021 |
| Sixkiller, Casey | 3/18/2021 |
| Socci, Angela | 3/18/2021 |
| Solan, Michael | 3/18/2021 |
| Somer, Sasha | 3/18/2021 |
| Souriall, Jordan | 3/18/2021 |
| Spady, Kelly | 3/18/2021 |
| Specht, Samuel | 3/18/2021 |
| Speer, Tyler | 7/20/2021 |
| St John, Pamela | 3/18/2021 |
| Stampfl, Brian | 3/18/2021 |
| Steel, Chris | 6/2/2021 |
| Stewart, Steven | 3/18/2021 |
| Stoltz, Aaron | 3/18/2021 |
| Stone, Steven | 3/18/2021 |
| Strauss, Dan | 3/23/2021 |
| Strauss, Daniel | 3/18/2021 |
| Strauss, Intern | 3/19/2021 |
| Stribling, Anne | 3/18/2021 |
| Sullivan, Brendan | 3/18/2021 |
| Sullivan, Jennifer | 3/18/2021 |
| Sweeney, David | 3/18/2021 |
| Swift, BrynDel | 3/18/2021 |
| Sylvester, David | 3/18/2021 |
| Tebeau, Lena | 3/18/2021 |
| Teeter, Michael | 3/18/2021 |
| Terrell, Robert | 4/23/2021 |
| Terry, David | 3/18/2021 |
| Thaler, Toby | 3/19/2021 |
| Thomas, Brianna | 3/18/2021 |
| Thometz, Casey | 3/18/2021 |
| Thompson, Aaron | 3/18/2021 |
| Thompson, Adrienne | 3/18/2021 |
| Thorpe, Jacob | 3/19/2021 |
| Tietjen, Michael | 3/18/2021 |
| Tinsley, Kristin | 12/7/2020 |
| To, Jeffrey | 4/12/2021 |
| Todorov, Kalin | 3/18/2021 |
| Toman, Christopher | 3/18/2021 |
| Tomlinson, Greg | 3/18/2021 |
| Touch, Darozyl | 3/19/2021 |
| Truscott, Lauren | 3/18/2021 |
| Tsai, Amy | 3/19/2021 |
| Turla, Alexis | 3/19/2021 |
| Tuttle, Heidi | 7/26/2021 |

| | |
|---|---|
| Tyler, Trevor | 6/2/2021 |
| Underwood, Yvonne | 3/18/2021 |
| Upton, Nathan | 3/18/2021 |
| Vaaga, Joshua | 3/18/2021 |
| Vallier, Cara | 3/19/2021 |
| Vega, Henry | 3/18/2021 |
| Vergara, Sergio | 3/18/2021 |
| Virdone, Ted | 3/18/2021 |
| Waldorf, Kirk | 3/18/2021 |
| Waldorf, Kirk | 7/26/2021 |
| Walsh, Tom | 12/7/2020 |
| Walter, Eric | 3/18/2021 |
| Ward, Daniel | 3/18/2021 |
| Warnock, David | 3/18/2021 |
| Washington, Quindelia | 3/18/2021 |
| Waters, Donna | 3/19/2021 |
| Watkins, Cole | 7/26/2021 |
| Weber, Bryan | 3/18/2021 |
| Wells, Michael | 3/18/2021 |
| West, Andrew | 3/18/2021 |
| Westphal, Meagan | 3/18/2021 |
| Whicker, Brian | 3/18/2021 |
| Wigoda, Gabriella | 7/26/2021 |
| Willenberg, Trevor | 3/18/2021 |
| Williams, Christopher | 3/19/2021 |
| Williams, Corey | 3/18/2021 |
| Williams, Joel | 3/23/2021 |
| Willis, Ronald | 3/18/2021 |
| Wilske, Steve | 3/18/2021 |
| Wong, Mark | 3/18/2021 |
| Woollum, Mary | 3/18/2021 |
| Worstman, Mark | 6/2/2021 |
| Wright, Nicholas | 4/23/2021 |
| Yuen, Mae | Will supplement |
| Yurczyk, Scott | 3/19/2021 |
| Zech, Roxanne | 3/18/2021 |
| Zentner, Chad | 3/18/2021 |
| Zieger, Kerry | 5/19/2021 |
| Ziemer, Joshua | 3/18/2021 |
| Ziemkowski, Adam | 3/18/2021 |
| Zimbabwe, Sam | 3/18/2021 |
| Zwaschka, Andrew | 3/18/2021 |

**_Black Lives Matter Seattle-King County, et al v. City of Seattle_**

| Case No. 2:20-cv-887 (W.D. Wash.) | |
|---|---|
| **Name** | **Date Lit. Hold Issued** |
| Aagard, Lori | 7/8/2020 |
| Adams, David | 7/8/2020 |
| Alcantara, Lora | 7/8/2020 |
| Aldrich, Newell | 7/23/2020 |
| Allen, Matthew | 7/8/2020 |
| Allsopp, Darren | 7/24/2020 |
| An, Noah | 7/23/2020 |
| Anderson, Shanon | 7/8/2020 |
| Apreza, Ernesto | 7/23/2020 |
| Arata, James | 7/8/2020 |
| Archuleta, Zayla | 7/24/2020 |
| Ballingham, Grant | 7/8/2020 |
| Barokas, Michael | 7/23/2020 |
| Barron, Lisa | 7/23/2020 |
| Basu, Aretha | 7/23/2020 |
| Bauer, Joseph | 7/8/2020 |
| Bergmann, Trent | 7/8/2020 |
| Best, Carmen | 7/8/2020 |
| Bettesworth, Anne | 7/23/2020 |
| Boatright, Rebecca | 7/8/2020 |
| Britt, James | 7/8/2020 |
| Brooks, John | 7/8/2020 |
| Brown, Robert | 7/8/2020 |
| Byrd, Samuel | 7/8/2020 |
| Carpenter, Colin | 7/8/2020 |
| Chen, Michelle | 7/23/2020 |
| Clancy, Amy | 7/21/2020 |
| Clardy, Alex | 7/23/2020 |
| Clenna, Bryan | 7/21/2020 |
| Cooper, Michelle | 7/8/2020 |
| Cordner, Lesley | 7/8/2020 |
| Costa-C, Rick | Will supplement |
| Cox, Alan | 7/23/2020 |
| Cuerpo, David | 7/23/2020 |
| Cuevas, Faride | 7/23/2020 |
| Dahline, Dennis | 7/23/2020 |
| DAlessandro, Julie | 7/23/2020 |
| Davis, Tyrone | 7/8/2020 |
| Derrick, Anthony | 7/23/2020 |

| | |
|---|---|
| Diaz, Adrian | 7/21/2020 |
| Didier, Matthew | 7/8/2020 |
| Dike, Tim | 7/8/2020 |
| Dory, Mary | 7/23/2020 |
| Doss, Greg | 7/23/2020 |
| Durkan, Jenny | 7/23/2020 |
| Dyment, James | 7/8/2020 |
| Eastman, Michael | 7/8/2020 |
| Ebinger, Sina | 7/8/2020 |
| Eder, Dan | 7/23/2020 |
| Edwards, Michael | 7/8/2020 |
| Erickson, Lynn | 7/23/2020 |
| Farmer, LaKecia | 7/23/2020 |
| Feher, Ferenc | 7/23/2020 |
| Finnell, Anthony | 7/23/2020 |
| Fisher, Christopher | 7/8/2020 |
| Fitzpatrick, Helen | 7/23/2020 |
| Floyd, Tamara | 7/8/2020 |
| Fong, Michael | 7/23/2020 |
| Formas, Stephanie | 7/23/2020 |
| Frank, Tim | 7/23/2020 |
| Freese, Diana | 7/8/2020 |
| Freese, Michael | 7/21/2020 |
| Gaedcke, Anthony | 7/21/2020 |
| GarthGreen, Marc | 7/21/2020 |
| Geoghagan, Jeff | 7/8/2020 |
| Gonzales, Reba | 7/23/2020 |
| Gonzalez, Intern | 7/23/2020 |
| Gonzalez, Lorena | 7/23/2020 |
| Gordillo, Canek X | 7/8/2020 |
| Gore, Michael | 7/21/2020 |
| Graves, Tobin | 7/23/2020 |
| Grba, Mark | 7/23/2020 |
| Greene, Chris | 7/23/2020 |
| Greening, Eric | 7/8/2020 |
| Grenon, Bryan | 7/8/2020 |
| Grossman, Kevin | 7/8/2020 |
| Hastings, Bryan | 7/23/2020 |
| Havner, J | 7/23/2020 |
| Hayes, John | 7/8/2020 |
| Herbold, Intern | 7/23/2020 |

| | |
|---|---|
| Herbold, Lisa | 7/23/2020 |
| Hightower, Kamaria | 7/23/2020 |
| Hill, Travis | 7/8/2020 |
| Hirjak, Stephen | 7/8/2020 |
| Hohlfeld, Amanda | 7/23/2020 |
| House, Erin | 7/23/2020 |
| Israel, Gina | 7/8/2020 |
| Johnson, Aaron | 7/21/2020 |
| Jones, Nick | 7/23/2020 |
| Juarez, Debora | 7/23/2020 |
| Juarez, Intern | 7/23/2020 |
| JuarezTwo, Intern | 7/23/2020 |
| Judge, Lisa | 7/23/2020 |
| Kamkar, Negheen | 7/23/2020 |
| Kebba, Michael | 7/21/2020 |
| Kelley, Christopher | 7/8/2020 |
| Kellogg, Chelsea | 7/23/2020 |
| Kibbee, Todd | 7/8/2020 |
| Kline, Julie | 7/23/2020 |
| Komadina, Stephen | 7/23/2020 |
| Lang, Chriseley | 7/8/2020 |
| Legault, Jeanne | 7/23/2020 |
| Leung, Sekfai Paul | 7/8/2020 |
| Lewis, Andrew | 7/23/2020 |
| Lockhart, Mariko | 7/24/2020 |
| Luckie, Scott | 7/8/2020 |
| Mahaffey, Thomas | 7/8/2020 |
| McGehee, Alexandra | 7/23/2020 |
| McLean, Alyson | 7/23/2020 |
| Meza, Miroslava | 7/23/2020 |
| Miller, Austin | 7/23/2020 |
| Miller, Matt | 7/23/2020 |
| Mondragon, Ronald | 7/23/2020 |
| Moore, Sean | 7/8/2020 |
| Mosqueda, Intern | 7/23/2020 |
| Mosqueda, Teresa | 7/23/2020 |
| Moss, Scott | 7/8/2020 |
| Myerberg, Andrew | 7/23/2020 |
| Nelson, Daniel | 7/21/2020 |
| Nguyen, Peter | 7/24/2020 |
| Nguyen, Vy | 7/23/2020 |

| | |
|---|---|
| Nollette, Deanna | 7/8/2020 |
| Nyland, Kelsey | 7/23/2020 |
| Osborne, Joseph | 7/8/2020 |
| Page, Jeffrey | 7/8/2020 |
| Parikh, Sejal | 7/23/2020 |
| Pearson, Joshua | 7/23/2020 |
| Pedersen, Alex | 7/23/2020 |
| Perkins, Grainne | 7/23/2020 |
| Pleasant-Brown, Amanda | 7/24/2020 |
| Raas, Andreas | 7/23/2020 |
| Ranganathan, Shefali | 7/23/2020 |
| Rees, Brian | 7/21/2020 |
| Reiter, Cody | 7/23/2020 |
| Renner, Michael | 7/8/2020 |
| Rogers, Matt | 7/23/2020 |
| Rosenblum, Jonathan | 7/23/2020 |
| Runolfson, Kevin | 7/8/2020 |
| Santos, Chris | 7/23/2020 |
| Sather, James | 7/8/2020 |
| Sawant, Kshama | 7/23/2020 |
| Schmanke, Kim | 7/23/2020 |
| Schreckengost, Jay | 7/23/2020 |
| Sharp, Michael | 7/23/2020 |
| Somer, Sasha | 7/23/2020 |
| Stampfl, Brian | 7/21/2020 |
| Strauss, Daniel | 7/23/2020 |
| Sullivan, Jennifer | 7/8/2020 |
| Sweeney, David | 7/8/2020 |
| Swift, BrynDel | 7/23/2020 |
| Sylvester, David | 7/8/2020 |
| Tebeau, Lena | 7/23/2020 |
| Teeter, Michael | 7/8/2020 |
| Thomas, Brianna | 7/23/2020 |
| Thompson, Adrienne | 7/23/2020 |
| Tietjen, Michael | 7/8/2020 |
| Tinsley, Kristin | 7/23/2020 |
| Toman, Christopher | 7/8/2020 |
| Truscott, Lauren | 7/8/2020 |
| Tsai, Amy | 7/23/2020 |
| Underwood, Yvonne | 7/8/2020 |
| Upton, Nathan | 7/8/2020 |

| | |
|---|---|
| Virdone, Ted | 7/23/2020 |
| Williams, Joel | 7/8/2020 |
| Wilske, Steve | 7/8/2020 |
| Yurczyk, Scott | 7/23/2020 |
| Ziemer, Joshua | 7/8/2020 |
| Ziemkowski, Adam | 7/23/2020 |

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I, Florine Fujita, declare that I am employed by the law firm of Harrigan Leyh Farmer & Thomsen LLP, a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

4

5

On August 31, 2021, I caused a true and correct copy of the foregoing document to be served on counsel listed below in the manner indicated:

6

7

Patty A. Eakes
Angelo J. Calfo
Tyler S. Weaver
Andrew DeCarlow
Henry Phillip
Gabriel Reilly-Bates
CALFO EAKES LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
pattye@calfoeakes.com
angeloc@calfoeakes.com
tylerw@calfoeakes.com
andrewd@calfoeakes.com
henryp@calfoeakes.com
gaber@calfoeakes.com

☐ Via Hand Delivery
☐ Via First Class Mail
☐ Via Facsimile
☒ Via Electronic Mail
☐ Via CM/ECF

8

9

10

11

12

13

14

15

DATED this 31st day of August, 2021.

16

17

*s/ Florine Fujita*
_____
Florine Fujita, Legal Assistant
florinef@harriganleyh.com

18

19

20

21

22

23

24

25

PLAINTIFFS' SECOND SET OF INTERROGATORIES
TO THE CITY AND THE CITY'S OBJECTIONS AND FIRST
SUPPLEMENTAL ANSWERS THERETO - 33
(Case No. 20-cv-00983)