# EXHIBIT 2

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

_____

HUNTERS CAPITAL, LLC, et al.,    )
                                 )
                Plaintiff,       )
                                 )
            vs.                  ) No. 20-cv-00983-TSZ
                                 )
CITY OF SEATTLE,                 )
                                 )
                Defendant.       )
_____


VIDEOTAPED VIDEOCONFERENCE 30(b)(6) DEPOSITION

UPON ORAL EXAMINATION OF

CITY OF SEATTLE

(JENNIFER WINKLER)

_____


Seattle, Washington


(All participants appeared via videoconference.)




DATE TAKEN:   JANUARY 6, 2022

REPORTED BY:  CINDY M. KOCH, RPR, CRR, CCR #2357

a347dc6c-aa60-488b-aa73-a487f12bdc64

Hunters Capital, LLC v. City of Seattle          30(b)(6) Jennifer Winkler

Page 17

1      But for us, a record is regardless of the

2  format or characteristic, and it wouldn't matter if it

3  was a text or an email, we would provide the retention

4  and the information necessary based off of that.

5  BY MR. REILLY-BATES:

6      Q.  Okay.  So you haven't had any specific

7  conversations with the mayor's office specifically about

8  text messages; is that correct?

9          MR. CRAMER:  Objection.  Form.

10      A.  Correct.

11  BY MR. REILLY-BATES:

12      Q.  Okay.  Are there any Citywide policies,

13  procedures, or retention schedules that specifically

14  address public records that exist on cellphones or

15  portable electronic devices, such as text messages?

16      A.  We have an advice sheet that we have created.

17      Q.  Okay.  And does that advice sheet state the

18  City's policies as to -- with respect to cellphones or

19  text messages?

20      A.  It states that the ==text messages are considered==

21  ==a record and therefore will follow the same retention==

22  ==policy that exists for other types of similar records==

23  ==within the department.==

24      Q.  When was that advice sheet created, do you

25  think?

a347dc6c-aa60-488b-aa73-a487f12bdc64

Hunters Capital, LLC v. City of Seattle        30(b)(6) Jennifer Winkler

Page 33

1    BY MR. REILLY-BATES:

2        Q.   Okay.   Are there any City policies or

3    procedures that address the use of iCloud or other

4    cloud-based storage systems to store public records?

5        A.   I am not aware of any City policy regarding

6    that.

7        Q.   Are you aware that public records could reside

8    on a cloud-based storage program such as iCloud or

9    Google Docs or some kind of Google backup database?

10               MR. CRAMER:   Objection.   Form.

11       A.   I am aware that there could be some departments

12   that use iCloud for backing up cellphones.   The records

13   management program does not advise or recommend using

14   cloud-based solutions such as Google Docs for any type

15   of public record storage.

16   BY MR. REILLY-BATES:

17       Q.   And why is that?

18       A.   We do not own Google Docs.

19       Q.   Okay.   Any other reasons?

20       A.   I'm sorry.   Could you please repeat that?

21       Q.   Sure.   Any other reasons?

22       A.   The City records management program feels it is

23   best that City records be on City-stable platforms, such

24   as Microsoft 365 or network files and drives, in order

25   to best ensure the integrity and stability of the

a347dc6c-aa60-488b-aa73-a487f12bdc64

Hunters Capital, LLC v. City of Seattle        30(b)(6) Jennifer Winkler

Page 34

1   records for long-term or storage for retention policies.

2       Q.   Are there any guidelines or backup -- or any

3   guidelines or advice sheets that specifically rate --

4   relate to backups of files on Apple iPhones?

5       A.   I am not aware of any.

6       Q.   Do you -- do you have any awareness of -- of

7   the percentage of City employees that use Apple

8   products, cellphones, for their work-related duties?

9            MR. CRAMER:  Objection.  Vague.

10      A.   No.

11  BY MR. REILLY-BATES:

12      Q.   Do you have any -- does the City have any

13  policies or procedures that relate to the recovery of

14  data from -- or public records from employees who are

15  scheduled to leave employment with the City?

16      A.   I am not aware of an overall City policy.

17  Departments may have implemented off-boarding checklists

18  to work with employees when they leave the City.

19      Q.   So there's no advice sheet or policy that

20  specifically instructs City -- City employees who are

21  charged with off-boarding another City employee as to

22  what to do to preserve public records prior to them

23  leaving.  Is that correct?

24      A.   Our office may have an advice sheet on that.  I

25  can't recall offhand.

BUELL REALTIME REPORTING, LLC
206.287.9066 I 800.846.6989

a347dc6c-aa60-488b-aa73-a487f12bdc64

Hunters Capital, LLC v. City of Seattle          30(b)(6) Jennifer Winkler

Page 77

```
 1              C E R T I F I C A T E

 2

 3    STATE OF WASHINGTON

 4    COUNTY OF PIERCE

 5

 6         I, Cindy M. Koch, a Certified Court Reporter in

 7    and for the State of Washington, do hereby certify that

 8    the foregoing transcript of the deposition of Jennifer

 9    Winkler, having been duly sworn, on January 6, 2022, is

10    true and accurate to the best of my knowledge, skill and

11    ability.

12         IN WITNESS WHEREOF, I have hereunto set my hand

13    and seal this 13th day of January, 2022.

14

15

16         _____
           CINDY M. KOCH, CCR, RPR, CRR
17

18    My commission expires:

19    JUNE 9, 2022

20

21

22

23

24

25
```

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

a347dc6c-aa60-488b-aa73-a487f12bdc64



# E R R A T A

**CASE NAME:**   Hunters Capital, LLC v. City of Seattle

**DATE TAKEN:** 1/6/2022

**WITNESS:**     30(b)(6) Jennifer Winkler

## CORRECTIONS

| Page | Line | Now Reads | Should Read |
|------|------|-----------|-------------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

_____
Signature of Deponent

1325 Fourth Avenue, Suite 1840  Seattle, Washington  98101
708 Market Street, Suite 408  Tacoma, Washington  98402
Seattle 206.287.9066   Tacoma 253.235.0111
e-mail info@buellrealtime.com   www.buellrealtime.com



# D E C L A R A T I O N

**CASE NAME:** Hunters Capital, LLC v. City of Seattle

**DATE TAKEN:** 1/6/2022

**WITNESS:** 30(b)(6) Jennifer Winkler

I declare under penalty of perjury under the laws of the State of

Washington that I have read my within deposition, and the same is true and

accurate, save and except for changes and/or corrections, if any, as indicated by

me on the ERRATA flyleaf page hereof.

_Jennifer Winkler_
_____
30(b)(6) Jennifer Winkler

Signed on the ____31____ day of _____January_____, 202_2_ .

1325 Fourth Avenue, Suite 1840  Seattle, Washington  98101
708 Market Street, Suite 408  Tacoma, Washington  98402
Seattle 206.287.9066   Tacoma 253.235.0111
e-mail info@buellrealtime.com   www.buellrealtime.com