# EXHIBIT 4

Hunters Capital, LLC v. City of Seattle                    Chris Steel

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

_____

HUNTERS CAPITAL, LLC, et al.,    )
                                 )
              Plaintiff,         )
                                 )
         vs.                     ) No. 20-cv-00983
                                 )
CITY OF SEATTLE,                 )
                                 )
              Defendant.         )
_____

VIDEOTAPED VIDEOCONFERENCE DEPOSITION

UPON ORAL EXAMINATION OF

CHRIS STEEL

_____

Seattle, Washington

(All participants appeared via videoconference.)

DATE TAKEN:  MARCH 9, 2022

REPORTED BY:  CINDY M. KOCH, RPR, CRR, CCR #2357

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

31def205-0843-4943-84ed-3dc3c4d15b9a

Hunters Capital, LLC v. City of Seattle                    Chris Steel

Page 46

1      Q.  But you said you were -- you were aware of a

2   lawsuit relating to CHOP; correct?

3           MR. CRAMER:  Objection.  Vague as to time.

4      A.  I -- I mentioned that the City was being sued

5   because of CHOP.  I said I wasn't familiar or did not

6   know what entities were doing it.

7   BY MR. REILLY-BATES:

8      Q.  Okay.  When -- when did you become aware that

9   some entities were suing the City over CHOP?

10     A.  I honestly don't -- I can't answer the

11  question.  I don't know when I became aware of it.

12     Q.  Would it have been in 2020 or 2021, do you

13  think?

14     A.  I really can't honestly answer that question

15  because I'm not sure.

16     Q.  Okay.  Can you tell me why the City did not set

17  up iCloud accounts for Apple users prior to August 2020?

18           MR. CRAMER:  Objection.  Form.

19           You can testify as to your personal knowledge.

20     A.  My personal knowledge is that it was a -- it

21  was because of security concern -- concerns with iCloud.

22  BY MR. REILLY-BATES:

23     Q.  And what -- what are those security concerns?

24     A.  I don't know specifics on them.  Just my --

25  my -- in some discussions I had, why we -- why -- why an

31def205-0843-4943-84ed-3dc3c4d15b9a

Hunters Capital, LLC v. City of Seattle                    Chris Steel

Page 47

1   iCloud account wasn't being used or -- by the City,
2   was -- the feedback I'd received was due to security
3   issues with -- with the access.
4        Q.  And can you tell me more about those
5   discussions?  Who was involved?
6        A.  It would have been with Seattle IT.
7        Q.  Okay.  And when -- when were those discussions?
8        A.  I can't -- I can't put my finger on a
9   particular time.  It would have been more so in the time
10  frame when we were switching to iPhones, to AT&T, so
11  that August of 2020 area.
12       Q.  Who in Seattle IT were you talking to about
13  those issues?
14       A.  His name is Edward Fattal.
15       Q.  And why would it be okay for individual City
16  employees to set up their own iCloud accounts, but not
17  to have the City set up an iCloud account for the
18  individuals?
19            MR. CRAMER:  Objection.  Foundation.  Calls
20  for speculation.
21            You can answer as to your personal knowledge.
22       A.  I can't -- I can't answer.  I don't know why,
23  other than the fact that you're talking about individual
24  user accounts, individuals having to maintain user
25  account information.

31def205-0843-4943-84ed-3dc3c4d15b9a

Hunters Capital, LLC v. City of Seattle                    Chris Steel

Page 48

1  BY MR. REILLY-BATES:

2      Q.  So you saw that as a problem, individuals

3  having to retain user account information, didn't you?

4              MR. CRAMER:  Objection.  Misstates

5  testimony.

6      A.  It's an issue.

7  BY MR. REILLY-BATES:

8      Q.  Why didn't you, Brian Kennedy, or anybody from

9  City IT take any actions to help save password

10  information for Seattle Police Department employee

11  users?

12              MR. CRAMER:  You can answer as to your

13  personal knowledge, if you have any.

14      A.  It's -- it's just not part of our process.

15  It's never -- we don't -- we don't maintain passwords of

16  other individuals.

17  BY MR. REILLY-BATES:

18      Q.  Has that ever been something that you or your

19  colleagues have considered?

20              MR. CRAMER:  Objection.  Foundation.

21          You can testify as to your involvement.

22      A.  No.  Mainly for privacy and security issues.

23  BY MR. REILLY-BATES:

24      Q.  What privacy and security issues were you

25  concerned about?

31def205-0843-4943-84ed-3dc3c4d15b9a

Page 49

1    A.  Having someone else's password.

2    Q.  From 2017 through 2019, would you say it was

3  the routine practice of Seattle Police Department to

4  keep public records, including text messages?

5          MR. CRAMER:  Objection.  Foundation.

6       You can testify --

7    A.  I can't --

8          MR. CRAMER:  -- as to your personal

9  knowledge.

10   A.  I can't answer that question.

11 BY MR. REILLY-BATES:

12   Q.  Do you know whether it was Chief Best's habit

13 to preserve and keep text messages from 2017 through

14 2019?

15          MR. CRAMER:  Objection.  Calls for

16 speculation.

17   A.  I have no -- no idea.

18 BY MR. REILLY-BATES:

19   Q.  In your act- -- interactions with her, did you

20 ever have a chance to look at the text messages that she

21 had on her phone?

22   A.  No.  No reason to.

23   Q.  Did -- did you have any -- help Chief Carmen

24 Best troubleshoot any IT issues in the time period from

25 June 2020 to her resignation in September of 2020?

31def205-0843-4943-84ed-3dc3c4d15b9a

Hunters Capital, LLC v. City of Seattle                    Chris Steel

Page 94

1                    C E R T I F I C A T E

2

3    STATE OF WASHINGTON

4    COUNTY OF PIERCE

5

6         I, Cindy M. Koch, a Certified Court Reporter in

7    and for the State of Washington, do hereby certify that

8    the foregoing transcript of the deposition of Chris

9    Steel, having been duly sworn, on March 9, 2022, is true

10   and accurate to the best of my knowledge, skill and

11   ability.

12        IN WITNESS WHEREOF, I have hereunto set my hand

13   and seal this 15th day of March, 2022.

14

15

16   _____

17   CINDY M. KOCH, CCR, RPR, CRR #2357

18

19   My commission expires:

20   JUNE 9, 2022

21

22

23

24

25

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

31def205-0843-4943-84ed-3dc3c4d15b9a



# E R R A T A

**CASE NAME:** Hunters Capital, LLC v. City of Seattle

**DATE TAKEN:** 3/9/2022

**WITNESS:** Chris Steel

## CORRECTIONS

| Page | Line | Now Reads | Should Read |
|------|------|-----------|-------------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

_____
Signature of Deponent

1325 Fourth Avenue, Suite 1840  Seattle, Washington  98101
708 Market Street, Suite 408  Tacoma, Washington  98402
Seattle 206.287.9066  Tacoma 253.235.0111
e-mail production@buellrealtime.com  www.buellrealtime.com



# DECLARATION

**CASE NAME:**  Hunters Capital, LLC v. City of Seattle

**DATE TAKEN:** 3/9/2022

**WITNESS:**  Chris Steel

      I declare under penalty of perjury under the laws of the State of Washington that I have read my within deposition, and the same is true and accurate, save and except for changes and/or corrections, if any, as indicated by me on the ERRATA flyleaf page hereof.

Chris Steel

Signed on the ___18___ day of ___MARCH___, 202_2_.

1325 Fourth Avenue, Suite 1840  Seattle, Washington  98101
708 Market Street, Suite 408  Tacoma, Washington  98402
Seattle 206.287.9066   Tacoma 253.235.0111
e-mail production@buellrealtime.com   www.buellrealtime.com