# EXHIBIT 23

Case 2:20-cv-00983-TSZ   Document 140-23   Filed 10/28/22   Page 2 of 5

Estate of Taylor, et al. v. City of Seattle, et ano. / City of Seattle, et al.                                          Carmen Best - Vol. II

Page 330

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY
_____

| | |
|---|---|
| The Estate OF SUMMER JOLIE WILLIAMS TAYLOR, by and through MATTHEW D. TAYLOR, Personal Representative,<br><br>            Plaintiffs,<br><br>   vs.<br><br>CITY OF SEATTLE, a governmental entity; STATE OF WASHINGTON, a governmental entity; and DAWIT KELETE, a single man,<br><br>            Defendants. | No. 21-2-07115-1 SEA |

AND

| | |
|---|---|
| THE ESTATE OF SUMMER JOLIE WILLIAMS TAYLOR, by and through MATTHEW D. TAYLOR, Personal Representative, ZOE ADBERG, SARA ANDERSON, MEGAN BUSS, GRACE CARMACK, LEANNA CARR, AISLING COONEY, ABIE EKENEZAR, EDWARD FARMER, NIMA FORGHANI, NOAH FOWLER, ZACHARY GARDNER, IAN GOLASH, GRACE GREGSON, MIRANDA HARDY, LEXUS HARTLEY, CLAYTON HOLLOBAUGH, JASON SCHIERER, as guardian ad litem for minor MALICHI HOWE a.k.a. BRYAUNA HOWE, JESSE HUGHEY, AUBREANNA INDA, MARY JURGENSEN, TIMOTHY KAUCHAK, JENNA KINYON, BEN | No. 20-2-14351-1 SEA<br><br>VIDEO-RECORDED VIDEOCONFERENCE DEPOSITION OF CARMEN BEST VOLUME II<br><br> *CAPTION  CONTINUES* |

REPORTED BY:  LORRIE R. CHINN, RPR,
Washington Certified Court Reporter No. 1902
Oregon Certified Court Reporter No. 97-0337

Case 2:20-cv-00983-TSZ   Document 140-23   Filed 10/28/22   Page 3 of 5

Estate of Taylor, et al. v. City of Seattle, et ano. / City of Seattle, et al.                            Carmen Best - Vol. II

Page 369

1  discussion about the fact that various texts -- not
2  just of you, but of the mayor, chief of the fire
3  department also, that your texts were not saved.  I
4  don't want to spend a lot of time on this, but I want
5  to ask you a couple of questions about it.  All right?
6       A.   (Nodding head).
7       Q.   In your own words, why were texts deleted from
8  your phone?
9       A.   On occasion I would delete texts, you know,
10 periodically when there was, you know, a buildup of
11 texts on my phone.  You know, my understanding is that,
12 you know, transitory texts could be deleted as long as
13 they weren't decision making or anything of that
14 nature.  So periodically, you know, I deleted those
15 texts, again, with transitory information.
16      Q.   How periodically did you delete them?
17      A.   No specific cadence to that at all.
18      Q.   And how much gig or whatever did you have
19 available on your phone?  Why did you think you needed
20 to do that?
21           MR. SHAW:  Objection.  Compound.
22      A.   Yeah.
23      Q.   It was compound.
24      A.   I have no idea.
25      Q.   Let me go back.  It was compound.  Why did you

Case 2:20-cv-00983-TSZ   Document 140-23   Filed 10/28/22   Page 4 of 5

Estate of Taylor, et al. v. City of Seattle, et ano. / City of Seattle, et al.                              Carmen Best - Vol. II

Page 370

1  delete them?
2       A.  Just periodically when there's a buildup of
3  messages, you know, I would just delete them.  They
4  were transitory and no reason to keep them on the
5  phone.  No particular cadence to that, just as I do now
6  with my personal phone.
7       Q.  What's a transitory text?  What does that
8  mean?
9       A.  Transitory means just basic not policy making,
10 no decision -- not policy making, not decision making,
11 not, you know, anything specific to that nature.
12 Typically just informational, you know, transitory
13 communication.
14      Q.  From whom?
15      A.  It didn't really matter.  I got all kinds of
16 texts from all sorts of folks that, you know, from --
17 you know, from community members, from, you know, other
18 staff, you know, all -- you know, a number -- a wide
19 variety of people, you know, would send me messages
20 that are, again, transitory in nature.
21      Q.  Do you understand --
22      A.  I wasn't doing -- I wasn't doing policy making
23 on texts.  I'll put it that way.
24      Q.  Why would you think that you could delete
25 anything as a public employee off of a public phone?

Page 438

1      REPORTER'S CERTIFICATE

2

3      I, LORRIE R. CHINN, the undersigned Certified Court

4  Reporter, pursuant to RCW 5.28.010 authorized to administer

5  oaths and affirmations in and for the State of Washington, do

6  hereby certify:

7      That the sworn testimony and/or remote proceedings, a

8  transcript of which is attached, was given before me at the

9  time and place stated therein; that any and/or all witness(es)

10 were duly sworn remotely to testify to the truth; that the

11 sworn testimony and/or remote proceedings were by me

12 stenographically recorded and transcribed under my

13 supervision, to the best of my ability; that the foregoing

14 transcript contains a full, true, and accurate record of all

15 the sworn testimony and/or remote proceedings given and

16 occurring at the time and place stated in the transcript; that

17 a review of which was requested; that I am in no way related

18 to any party to the matter, nor to any counsel, nor do I have

19 any financial interest in the event of the cause.

20      WITNESS MY HAND AND DIGITAL SIGNATURE this 2nd day of

21 June, 2022.

22

23 _____
   LORRIE R. CHINN, RPR, CCR
24 Washington State Certified Court Reporter No. 1902
   Oregon State Certified Court Reporter No. 97-0337
25 lorrie.chinn@chinncourtreporting.com