HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNTERS CAPITAL, LLC, et al.,

Plaintiffs,

v.

CITY OF SEATTLE,

Defendant.

Case No. 20-cv-00983

DECLARATION OF ERIC GREENING

I, Eric Greening, declare as follows:

1. I am an Assistant Chief with the Seattle Police Department. I am over age 18, competent to be a witness, and make this declaration based on facts within my own personal knowledge.

2. I have been employed by the Seattle Police Department since 1994, beginning my career with the department as a patrol officer. I have been promoted through the ranks during my tenure at the department and most recently, I was promoted to Assistant Chief in 2017. I am currently the Assistant Chief of the Collaborative Policing Bureau and was recently named one of three finalists for the position of Police Chief.

3. In the summer of 2020, I was the Assistant Chief of the Special Operations Bureau.

4. I do not specifically recall ever texting one-on-one with Chief Best about CHOP,

DECLARATION OF ERIC GREENING - 1
(Case No. 20-cv-00983)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

but I do recall being included in multiple command staff group text threads.

5. I do not believe that I ever texted one-on-one with Fire Chief Scoggins or Mayor Durkan about CHOP. I also do not believe I texted one-on-one with Idris Beauregard, Ken Neafcy, or Chris Fisher about CHOP.

6. During June 2020, my work phone was a Galaxy S8 phone.

7. From after work on Friday, October 16, 2020 through the morning of October 26, 2020, I was on vacation, primarily in Michigan.

8. At some point during the early part of my vacation, I could not recall my phone's passcode and became locked out of my phone. On approximately October 20, 2020, I called my assistant, Celina Villa, about my locked work phone. Because I was on vacation and in Michigan, I anticipated resolving the issue with my phone when I returned to work on Monday, October 26, 2020.

9. I returned to work on the morning of Monday, October 26, 2020, at which point I provided my phone to Ms. Villa. It was my understanding that she planned to work with an SPD mobile phone coordinator to try to resolve the issue. I understand that Ms. Villa contacted Brian Kennedy, an SPD Mobile Phone Coordinator, about my phone issues.

10. I did not direct Ms. Villa or Mr. Kennedy to reset my phone.

11. I did not direct Ms. Villa or Mr. Kennedy to delete any of the text messages on my phone.

12. I do not recall having any interaction with Mr. Kennedy regarding my phone on October 26, 2020.

13. My phone was returned to me later that same day or the next, at which point I was able to access and use it again.

14. It was never my intent when getting locked out of my phone, or when giving it to my assistant, that any text messages on it that might be relevant to this lawsuit be destroyed so they

DECLARATION OF ERIC GREENING - 2
(Case No. 20-cv-00983)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

would not be provided to the other side in the lawsuit.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 27th day of October, 2022, at Seattle, Washington.

/s/
_____
ERIC GREENING

DECLARATION OF ERIC GREENING - 3
(Case No. 20-cv-00983)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717