HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SEATTLE, <br><br> Defendant. | Case No. 20-cv-00983-TSZ <br><br> CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS MOTION FOR SPOLIATION SANCTIONS AGAINST PLAINTIFFS HUNTERS CAPITAL; RICHMARK LABEL; MATTHEW PLOSZAJ; CAR TENDER; BERGMAN'S LOCK & KEY; WADE BILLER; AND ONYX HOMEOWNERS ASSOCIATION <br><br> NOTED ON MOTION CALENDAR: NOVEMBER 15, 2022 |

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................................1

II.   ARGUMENT........................................................................................................................1

    A.   The City has Made its Threshold Showing that Plaintiffs Spoliated ESI. ................. 1

        1.   Plaintiffs Failed to Take Reasonable Steps to Preserve their Messages. ........ 1

        2.   Biller's and the Signal Plaintiffs' ESI Cannot be Restored or Recovered..... 2

    B.   Hunters, Richmark, Car Tender, and Ploszaj Intentionally Deleted Messages. ........ 3

    C.   Plaintiffs' Failure to Preserve their Messages Prejudiced the City............................ 5

    D.   The Court Should Sanction Plaintiffs for Spoliating Evidence.. ............................... 6

III.  CONCLUSION.....................................................................................................................6

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS- i
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

# TABLE OF AUTHORITIES

**Cases**

Page

*Belew-Nyquist v. Quincy School District No. 144*
   2020 WL 6845934 (E.D. Wa. Nov. 20, 2020) .................................................................. 1

*Colonies Partners, L.P. v. County of San Bernardino,*
   2020 WL 1496444 (C.D. Cal. Feb. 27, 2020) ............................................................. 3, 4

*Coward v. Forestar Realty, Inc.,*
   2017 WL 8948347 (N.D. Ga. Nov. 30, 2017) ................................................................ 2

*Fast v. GoDaddy.com LLC,*
   340 F.R.D. 326, n.3 (D. Ariz. 2022) ............................................................................... 3

*Nissen v. Pierce County,*
   357 P.3d 45 (Wash. 2015) ............................................................................................... 2

*Skyline Advanced Technology Services v. Shafer,*
   2020 WL 13093877 (N.D. Cal. Jul. 14, 2020) ............................................................... 5

**Statutes and Rules**

Fed. R. Civ. P. 37(e)(1) ............................................................................................................ 5

Fed. R. Civ. P. 37(e)(2) ............................................................................................................ 3

RCW 42.56 ................................................................................................................................ 2

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS- ii
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

## I. INTRODUCTION

Plaintiffs' opposition elides key facts and further establishes Plaintiffs' failure to preserve text and Signal messages from key individuals. In arguing against sanctions, Plaintiffs seek a double standard, where they can destroy their contemporaneous, highly relevant texts going to the heart of their causation and damages claims without consequence while the City's inadvertent loss of texts that have been shown to be duplicative and irrelevant based on the City's massive reconstruction effort, should result in a default judgment. They cannot have it both ways.

Hunters and Richmark's owners collectively seek millions in damages and deleted *all* of their texts for many months after CHOP. Neither of them has provided any credible explanation for failing to preserve critical evidence or to take any steps to rectify their deletions via means available to do so. Other Plaintiffs tried to hide their missing ESI during discovery (Ploszaj) or deleted their messages while the City's discovery requests for them were pending (Car Tender). Others (Biller/Onyx) offer new excuses that directly contradict earlier, different ones. And while each of the Signal Plaintiffs tries to explain away their use of Signal, none has explained why they believed they had no duty to preserve their Signal data. The City's motion should be granted.[1]

## II. ARGUMENT

**A. The City has Made its Threshold Showing that Plaintiffs Spoliated ESI.**

**1. Plaintiffs Failed to Take Reasonable Steps to Preserve their Messages.**

Plaintiffs concede that Hunters, Richmark, Ploszaj, and Car Tender did not reasonably preserve their messages, but do argue that Biller/Onyx and Bergman's took reasonable steps[2] by preserving them on their phones, which was the same policy the City had for its employees' texts. While the City explained the unique security and technical reasons for its preserve-in-place policy, Plaintiffs have not explained why they did not back up their texts earlier.[3]

---

[1] Plaintiffs have now produced the emails of Jill Cronauer that had not been timely produced in discovery and are reviewing her text messages for additional responsive messages, so the City withdraws that portion of its motion, while the parties work to resolve Plaintiffs' discovery failings. Because Plaintiffs' efforts are apparently ongoing, the City respectfully requests that the Court re-open discovery for a limited period so the Parties can deal with the issue.

[2] *Belew-Nyquist v. Quincy Sch. Dist. No. 144*, 2020 WL 6845934, *11 (E.D. Wa. Nov. 20, 2020) (laying out factors).

[3] Plaintiffs handwave away their own conduct that is analogous to, and often significantly worse than, the issues that
(footnote continued on next page)

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS - 1
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

***Biller/Onyx:*** Plaintiffs made no effort to collect or image Biller's phone until May 24, 2021, 11 months after Plaintiffs filed the case and six months after the City served discovery requests on Biller and Onyx seeking "all documents (including without limitation ... texts) reflecting any communications" concerning CHOP. At that time, Biller's phone still worked. Cramer Reply Dec., Ex. 26, at 14; Ex. 27, at 14. Plaintiffs' decision to wait almost a year to try to collect Biller's texts from a phone he had stopped using months earlier was not reasonable.[4]

***Bergman's:*** Unlike the City, Plaintiffs have not explained why Thompson's texts were not backed up or collected before he lost his phone in October 2020 (when some City employees also lost their texts). Nor do they explain why they did not attempt to preserve the texts on other Bergman's employees' phones, despite Thompson testifying they texted about CHOP's impact on the business. *Id.*, Ex. 28, at 104; 107.[5] Bergman's did not take reasonable steps to preserve ESI.

**2.   Biller's and the Signal Plaintiffs' ESI Cannot be Restored or Recovered.**

***Biller/Onyx:*** Plaintiffs' new position that Biller's texts are retrievable improperly seeks to shift Plaintiffs' discovery burden onto the City. *Coward v. Forestar Realty, Inc.*, 2017 WL 8948347, *7 (N.D. Ga. Nov. 30, 2017) (describing obligation to produce ESI in accessible format). It also is contrary to Plaintiffs' stated reason for not producing his texts in discovery, when they claimed their vendor "would have to destroy the phone to see if it anything would be recovered." Cramer Dec., Ex. 12, at 10.[6] Biller's messages cannot be recovered; the City met its burden.

---

led to City employees' loss of texts, arguing that the City should be held to a higher standard. But neither the PRA (Ch. 42.56 RCW) nor the state records retention guidelines (Cramer Reply Dec., Ex. 35; Dkt. 140-34) require that the City preserve all text messages; the parties have the same litigation preservation obligations. The Court should weigh both parties' conduct and efforts at remediation in determining what sanctions, if any, it intends to impose in the case.

[4] Onyx had an independent obligation to preserve Biller's Onyx-related messages. Onyx's failure to ensure its ESI was preserved was exacerbated by its failure to preserve any other board members' texts. Cramer Dec., Ex. 12, at Ex. A; Cramer Reply Dec., Ex. 29 (Biller Dep. at 10-11). Faizel Khan, another Onyx HOA board member, and the owner of former plaintiff Café Argento (*see* Dkt. No. 59), also deleted his texts, including those about HOA topics like "[c]onversations with Mr. Biller about Onyx building security needs during CHOP" and "text communications with the security companies about coverage needs at Onyx." Cramer Dec., Ex. 11, at 3.

[5] Plaintiffs claim the City did not produce documents from its employees' personal phones, but this is not correct. Where the City was aware that employees used personal phones for City business it worked to obtain their texts consistent with *Nissen v. Pierce County*, 357 P.3d 45 (Wash. 2015). Cramer Reply Dec.., ¶ 7. In contrast, Plaintiffs did nothing to try to recover their spoliators' lost text messages from any other work-related or personal source.

[6] No vendor submitted a declaration regarding Biller's phone issues and Leatha never looked at Biller's phone. Cramer Reply Dec., Ex. 30, at 16. At minimum, the Court should order Plaintiffs to try to recover the texts.

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS - 2
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

*Signal Plaintiffs:* The Signal Plaintiffs' Signal data also cannot be replaced. Biller does not dispute that he sent messages not captured in the third-party Signal spreadsheet. And none of the other Signal Plaintiffs testified with certainty that they did not send additional messages, just what they could "recall" two and half years later. Dkt Nos. 126-29; 134-38. This is why the actual Signal data from each of their phones was important. The third-party Signal spreadsheet also does not include key ESI that likely would have been included in Plaintiffs' individual productions, like when they joined Signal (which Plaintiffs' declarations only approximate), what their settings were, and when they deleted the app. All of this information is relevant and has been lost.[7]

**B.      Hunters, Richmark, Car Tender, and Ploszaj Intentionally Deleted Messages.**

The City has established that the above Plaintiffs acted with intent to deprive: they were on notice that their messages were potentially relevant and not only took no steps to preserve them but sought to keep incriminating facts out of evidence. *Colonies Partners, L.P. v. County of San Bernardino*, 2020 WL 1496444, *9 (C.D. Cal. Feb. 27, 2020). Where intent is established and (unlike Plaintiffs) the City is not seeking terminating sanctions, proof of prejudice is not required to award sanctions under Rule 37(e)(2); intent "strongly suggests the information would have been favorable to the other party." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 n.3 (D. Ariz. 2022).

*Hunters:* Plaintiffs do not dispute that Malone knew he was obligated to preserve his text messages beginning in June 2020 and that he did not preserve any of his text messages pre-dating March 26, 2021 (the day the City disclosed its text issues). Instead, Plaintiffs rely on Malone's declaration to argue that he "has consistently denied that he …deleted any text messages that were relevant to this case." Dkt. No. 122 at 2. But Malone does not deny that he deleted text messages related to the case; he denies only that he "intentionally" did so – a key distinction that Plaintiffs omit. *Id.* Plaintiffs similarly try to spin his declaration testimony that he "was not aware of ***certain*** City officials' deletion of their text messages" on March 26, 2021 into a broad statement that he was not aware of any "problems with City employees' phones" at that time. *Compare* Dkt.

---

[7] Former plaintiff NW Liquor's manager, DeYoung, lost her Signal messages only days after the City subpoenaed them in August 2022. Cramer Reply Dec., ¶15-16. They were not produced in the 19 months NW Liquor was a party.

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS - 3
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

No. 127, ¶12 *and* Dkt. No. 122, at 10.  Plaintiffs' choice to not recover any of the missing texts that were deleted from Malone's phone from Hunters employees' work phones other than Oaksmith's and Cronauer's also belies Hunters' claim that the losses were unintentional.  Had Malone's deletions truly been inadvertent, Hunters would have made some effort to satisfy its discovery obligations by obtaining them from other sources within its control, as the City did.[8]

**Richmark:**  Plaintiffs argue that Donner deleted his CHOP texts because it was his regular practice to delete his texts,[9] and that he did not know he was supposed to keep them.[10]  But Donner had been under an obligation to preserve his messages since at least June 11, 2020 and got a copy of Plaintiffs' June 27, 2020 litigation hold notice to the City.  *Id.*  Donner's excuse is further negated by his continuing to manually delete *all* of his texts for another 16 months, until October 21, 2021, long after he had received multiple litigation holds and was certainly aware of the need to retain his messages.[11]  Cramer Dec., Ex. 12 at p.5; Ex. 13 at 196-97.  Donner acted with intent.[12]

**Ploszaj:**  Ploszaj did not disclose his use or deletion of Signal during his deposition.  Cramer Reply Dec., at Ex. 32, at 131-32; 134-35.  When the City served an interrogatory asking him to identify anyone who had "participated in any conversations or communications using any messaging app, including … Signal," he again hid his participation.  Cramer Dec., Ex. 12, pp. 5-8.  His declaration likewise offers no explanation for why he hid his use of Signal and failed to preserve his data.  Ploszaj's actions evidence a clear intent to deprive the City of evidence.[13]

---

[8] Malone's claim his phone was lost in late May 2021 and then stolen is no excuse for his having deleted his texts months earlier, which was discovered when his phone was imaged on May 3, 2021, before it was lost or stolen.

[9] Chief Best and Fisher had similar explanations for what happened to their texts, which Plaintiffs ignore in arguing for terminating sanctions.  Best and Fisher also thought their texts were backed up.  Donner was under no such belief.

[10] Plaintiffs' counsel in essence argues that while they sent litigation hold notices to the City in June 2020, they should be rewarded for failing to hold their own clients to the same standard.  Cramer Reply Dec., Ex. 31.  Not so.

[11] Plaintiffs' acknowledgement that Donner and Malone routinely deleted irrelevant texts during the lawsuit supports the City's argument in its Opposition that City employees did not violate their retention obligations by doing the same.  Even if Plaintiffs could point to some smattering of marginally relevant manual deletions by Durkan or others in the City's reconstruction, the number pales in comparison to Malone's deletion of more than 150 highly relevant texts (Cramer Dec., Ex. 3-4) and the untold number of relevant Donner texts that Richmark never even attempted to recover.

[12] Malone is a sophisticated businessman with experienced counsel.  His claim that he is not "tech savvy" does not excuse his spoliation.  *Colonies Partners*, 2020 WL 1496444 at *8.

[13] In fact, the Signal Plaintiffs all testified only to when they "discontinued" using Signal.  But not using the app is different than deleting it and would not delete its data.  Their declarations do not disclose when or why they each actually deleted their Signal data, indicating an intent to hide their actions and deprive the City of evidence.

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS - 4
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

*Car Tender:* McDermott's testimony is not credible. He originally testified that he deleted the Signal app from his phone before he relocated to Shoreline on November 2, 2020, "because it was causing [him] a lot of stress." Cramer Reply Dec., Ex. 33, at p. 47; 216. But in fact McDermott continued sending messages after that move. Cramer Dec., Ex. 19 at 114. McDermott now testifies that he did not actually "discontinue" using the app until January 2021, two months after he relocated and within days of answering the City's discovery requests for his CHOP-related communications. His decision to delete his Signal data from his phone, instead of preserving and producing it in response to the City's pending discovery requests, establishes an intent to deprive.

C.   **Plaintiffs' Failure to Preserve their Messages Prejudiced the City.**

Sanctions under Rule 37(e)(1) are available where the moving party has been prejudiced, such that it may have to rely on "incomplete and spotty" evidence at trial. *Skyline Advanced Tech. Svcs. v. Shafer,* 2020 WL 13093877, *10 (N.D. Cal. Jul. 14, 2020); *see also* Motion at 10. While the City undertook enormous efforts to recover texts that had been lost in order to demonstrate that Plaintiffs suffered no prejudice, Plaintiffs did nothing to make any similar showing, leaving the City without evidence from a key form of communication that Plaintiffs used to discuss CHOP.

*Richmark:* Donner concedes he texted with his friends and family about the alleged "chaos and violence in CHOP." These texts would be directly relevant to the City's defenses, both on issues relating to the challenges the City was facing and on the actual causes of Richmark's alleged damages. For instance, Richmark seeks more than $50,000 to re-paint a mural that was allegedly graffitied during CHOP, but the limited documents Richmark has produced show that the mural was graffitied *before* CHOP. His texts about these and other issues would likely have been central to the City's defense of Richmark's property damage and lost profits claims.

*Hunters:* Hunters cannot credibly claim that the deletion of every single Malone text from before March 26, 2021 did not prejudice the City. The snippets of his third-party text discussions that he shared with Oaksmith and Cronauer show that Malone sent (and then deleted) texts that bear materially on actual events in Cal Anderson and their actual impact on Hunters. Cramer Dec., Ex. 3 & 4. In contrast to the City, Hunters made no effort to recover such texts.

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS - 5
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

***Bergman's:***  Plaintiffs do not dispute that the City was prejudiced by Thompson's loss of his text messages, nor could they, as Thompson's lost texts were about "what's happening right there at the shop," and he produced no emails.  Opposition at 8-10; Cramer Reply Dec., ¶ 12.

***Biller/Onyx:***  Plaintiffs' claim that the City was not prejudiced by Biller and Onyx HOA's loss of text messages because "Onyx HOA did not use text messages to communicate at the board level" is simply not true.  The evidence shows that Biller and other board members deleted texts that included "[c]onversations … about Onyx building security needs during CHOP" and "text communications with the security companies about coverage needs at Onyx," both of which would have been relevant to Onyx's damages claim for security costs caused by CHOP.

***Signal Plaintiffs:***  Every Plaintiff representative who joined the Signal messaging groups did so after their preservation obligation arose, and with the knowledge that the groups had been formed to discuss the matters over which they have sued the City.  Yet all of them chose to delete and not preserve their Signal data while the case was pending.  As explained above, the third-party Signal spreadsheet is not a like for like replacement for the individuals' Signal data.  The City was prejudiced by the Signal Plaintiffs wholesale failure to preserve their Signal messages.[14]

**D.      The Court Should Sanction Plaintiffs for Spoliating Evidence.**

The City is entitled to the sanctions outlined in its motion[15], including an adverse inference against Hunters, Richmark, Car Tender, and Ploszaj, and an award of fees and costs as to the other Plaintiffs.[16]  Anything less, particularly if the Court grants Plaintiffs' motion for an adverse inference against the City, will unfairly reward Plaintiffs for their intentional destruction of ESI.

### III.      CONCLUSION

For the above reasons, the City respectfully requests that the Court grant its motion.

---

[14] Plaintiffs argue the Signal messages are not relevant because the City did not cite them in its summary judgment motion.  Plaintiffs' opposition likewise did not rely on any of the thousands of original and reconstructed text messages that the City has produced, because they are all consistent with the City's defenses or immaterial.

[15] The City also sought to preclude Hunters from introducing certain evidence ***only*** in connection with its lost rent claim based on Cronauer's apparent deletion of texts and emails relevant to that claim.  As Hunters has now produced those documents and is revisiting its document review process, the City withdraws that request for now.

[16] As the City noted in its Opposition, if the Court grants both parties' motions, it should direct them to bear their own costs and fees.  To do otherwise would punish the City more harshly than Plaintiffs, where the City went to great lengths to recover texts and Plaintiffs took no similar action to ameliorate the effect of their lost messages.

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS - 6
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

DATED this 15th day of November, 2022.

        ANN DAVISON
        Seattle City Attorney

        By: *s/ Joseph Groshong*
            Joseph Groshong, WSBA# 41593
            Assistant City Attorney
            Seattle City Attorney's Office
            701 Fifth Avenue, Suite 2050
            Seattle, WA 98104
            Tel: (206) 684-8200
            Fax: (206) 684-8284
            Joseph.Groshong@seattle.gov

        HARRIGAN LEYH FARMER & THOMSEN LLP

        By: *s/ Arthur W. Harrigan, Jr.*
        By: *s/ Tyler L. Farmer*
        By: *s/ Shane P. Cramer*
        By: *s/ Erica Iverson*
            Arthur W. Harrigan, Jr., WSBA #1751
            Tyler L. Farmer, WSBA #39912
            Shane P. Cramer, WSBA #35099
            Erica Iverson, WSBA #59627
            999 Third Avenue, Suite 4400
            Seattle, WA 98104
            Tel: (206) 623-1700
            arthurh@harriganleyh.com
            tylerf@harriganleyh.com
            shanec@harriganleyh.com
            ericai@harriganleyh.com

        *Attorneys for City of Seattle*

CITY OF SEATTLE'S REPLY IN SUPPORT OF ITS
MOTION FOR SPOLIATION SANCTIONS - 7
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717