# EXHIBIT 33

JOHN MCDERMOTT
1/19/2022

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

_____

HUNTERS CAPITAL, LLC, et al.,   )
                                )
              Plaintiffs,       )
                                )
          vs.                   )   No. 20-cv-00983-TSZ
                                )
CITY OF SEATTLE,                )
                                )
              Defendant.        )
_____

ZOOM 30(b)6 Deposition Upon Oral Examination

of

SRJ dba CAR TENDER - JOHN McDERMOTT
_____

DATE:  Wednesday, January 19, 2022

REPORTED BY:  Mindy L. Suurs, CSR No. 2195

Electronically signed by Mindy Suurs (101-257-931-8021)                                   0d2c8c2d-1a4c-47a8-bb60-54cc0e30f4a8

JOHN MCDERMOTT
1/19/2022

Page 47

1   you can technically secure it would be via video as well

2   as, you know, having the ability to have two-way

3   communication.

4        Q.   Okay.

5        A.   Similar to that which we're having now.

6        Q.   Similar to -- oh, you mean in this -- in the

7   video Zoom?  Is that what you're referring to?

8        A.   Yep.

9        Q.   I see.  Okay.  And then it looks like --

10  withdrawn.

11            So then Car Tender hired Pro-Vigil in 2021?

12       A.   Yes.

13       Q.   And just to remind me, you moved to the Shoreline

14  location in November 2020; is that right?

15       A.   November 2nd, 2020, correct.

16       Q.   Right.  And there was no fence in the new

17  location at that time?

18       A.   That's correct.

19       Q.   Okay.  So did you have any other video

20  surveillance at that location before hiring Pro-Vigil?

21       A.   We did not have any prior to hiring Pro-Vigil.

22       Q.   Okay, got it.  Okay.  So I'd like to just talk a

23  little bit more about the move from Capitol Hill to

24  Shoreline.

25       A.   Okay.

Electronically signed by Mindy Suurs (101-257-931-8021)                    0d2c8c2d-1a4c-47a8-bb60-54cc0e30f4a8

Page 215

```
 1            MR. WEAVER:  Objection.
 2       A.   I know she works there, but I don't know that
 3   she's the owner.
 4   BY MS. IVERSON:
 5       Q.   Okay.  She works at Northwest Liquor?
 6       A.   Yeah.
 7       Q.   Okay.  And did you say you think a couple of the
 8   restaurant owners were in the Signal group?
 9       A.   I don't know if they were restaurant owners, but
10   I believe Cafe Argento may have been, but I don't know
11   exactly who all was in.
12       Q.   Okay.  Faizel --
13       A.   I think they were apartment owners more than
14   Faizel.
15       Q.   Okay.  But does -- but was Faizel in the group?
16       A.   I don't honestly know.
17       Q.   Okay.  And you think apartment owners.  Anyone
18   else that you can think of who was in the group?
19       A.   Not that I can think of.
20       Q.   Okay.  So I think you said you used the messages
21   to monitor what was going on; is that right?
22       A.   Yeah.
23       Q.   And did you monitor what was going on by reading
24   the messages in the group?
25       A.   Yeah.
```

Electronically signed by Mindy Suurs (101-257-931-8021)                              0d2c8c2d-1a4c-47a8-bb60-54cc0e30f4a8

JOHN MCDERMOTT
1/19/2022

Page 216

1      Q.   Yes?  Okay.  Did you ever respond to any
2  messages?
3      A.   I'm fairly certain I responded to one or two of
4  them, but how many I don't know.
5      Q.   And do you have copies of those messages still?
6      A.   I do not.
7      Q.   Okay.  And did you ever retain copies of them?
8      A.   I gave my phone to Hunters Capital -- or not
9  Hunters Capital, but to the attorneys to get whatever was
10  on my phone off of my phone.
11      Q.   Okay.  Did you ever take screen shots of the
12  messages?
13      A.   No.
14      Q.   All right.  And I think you said at some point
15  you removed the app from your phone; is that right?
16      A.   Correct.
17      Q.   Okay.  And do you remember around when that was?
18      A.   To be perfectly honest, I have no idea.
19      Q.   Okay.  And so would it have been before you moved
20  to Shoreline?
21      A.   Yes, because it was causing me a lot of stress.
22      Q.   Okay.  And so what -- I think you said the
23  security team was in this group.  And just to clarify, the
24  security team you're referencing that was in the Signal
25  group -- is that the same security firm that you hired for

Electronically signed by Mindy Suurs (101-257-931-8021)                    0d2c8c2d-1a4c-47a8-bb60-54cc0e30f4a8

JOHN MCDERMOTT
1/19/2022

Page 269

1                    REPORTER'S CERTIFICATE

2

            I, Mindy L. Suurs, the undersigned Certified Court
3    Reporter, pursuant to RCW 5.28.010, authorized to
     administer oaths and affirmations in and for the State of
4    Washington, do hereby certify:

5

            That the foregoing testimony of JOHN McDERMOTT
6    was given before me at the time and place stated therein
     and thereafter was transcribed under my direction;

7

            That the sworn testimony and/or proceedings were by me
8    stenographically recorded and transcribed under my
     supervision, to the best of my ability;

9

            That the foregoing transcript contains a full, true,
10   and accurate record of all the sworn testimony and/or
     proceedings given and occurring at the time and place
11   stated in the transcript;

12           That the witness, before examination, was by me duly
     sworn to testify the truth, the whole truth, and nothing
13   but the truth;

14           That I am not a relative, employee, attorney, or
     counsel of any party to this action or relative or employee
15   of any such attorney or counsel and that I am not
     financially interested in the said action or the outcome
16   thereof;

17

     DATE:  January 25, 2022
18

19

20

21

22   _____
     Mindy L. Suurs
23   Certified Court Reporter #2195

24

25

ROUGH & ASSOCIATES INC
office@roughandassociates.com      206.682.1427 3515 SW Alaska St Seattle WA 98126