THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF SEATTLE,<br><br>　　　　　　　　　　Defendant. | Case No. 2:20-cv-00983-TSZ<br><br>SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE<br><br>**NOTE ON MOTION CALENDAR:**<br>November 15, 2022 |

I, Angelo J. Calfo, declare as follows:

1. I am an attorney with Morgan Lewis & Bockius LLP and represent Plaintiffs in the above-captioned action. I am over eighteen years of age and am competent to testify herein. I make the following statements based on my personal knowledge.

2. On October 28, 2022, after the close of discovery, and after Plaintiffs had already filed their Motion for Sanctions, and without any prior notice, the City produced updated text message reconstruction files for Durkan, Best, Scoggins, Beauregard, Fisher and Greening.

SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE
(Case No. 2:20-cv-00983-TSZ) - 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

3.	The reconstruction of former Mayor Jenny Durkan's text messages included some relevant text messages that had been manually deleted by former Mayor Jenny Durkan. A copy of Excerpts of Text Messages from the former Mayor Jenny Durkan are attached hereto as Exhibit 1. This Exhibit 1 contains a selection of some of the 191 text messages that were manually deleted by former Mayor Jenny Durkan, as well as the text messages that were sent immediately before and after the manually deleted text messages.

4.	In Brandon Leatha's expert report, Exhibit C, he identified 191 text messages that were manually deleted by Mayor Durkan. *See* Dkt. 105-1, Ex. 6, pp. 14-15, and Ex. C thereto. Mr. Leatha was able to determine that the former Mayor Jenny Durkan had manually deleted text messages by looking at gaps on a messages table that was extracted from the former Mayor's phone. *Id.* An empty row on the text message table meant a manually deleted text message. *Id.* Mr. Leatha's Ex. C to his report shows the dates and times of the last known message before any deleted rows and the next row after any deleted rows. Mr. Leatha's Ex. C looks like this:

**Exhibit C – Former Mayor Durkan's Deleted Text Messages**

| Deleted Message Count | Previous Message Date (PT) | Following Message Date (PT) | Deletion Type |
|---|---|---|---|
| 5746 | Unknown | 6/25/20 10:38:48 AM | 30-day Retention Setting |
| 11 | 6/25/20 12:33:43 PM | 6/26/20 6:43:14 AM | Manual User Deletion |
| 1 | 6/26/20 9:08:57 AM | 6/26/20 10:41:09 AM | Manual User Deletion |
| 4 | 6/30/20 8:38:02 AM | 6/30/20 12:07:09 PM | Manual User Deletion |
| 7 | 6/30/20 12:07:52 PM | 6/30/20 9:27:21 PM | Manual User Deletion |
| 3 | 7/1/20 11:45:10 AM | 7/2/20 12:16:00 AM | Manual User Deletion |
| 1 | 7/2/20 9:49:06 AM | 7/2/20 9:58:34 AM | Manual User Deletion |
| 2 | 7/2/20 9:58:34 AM | 7/2/20 6:28:56 PM | Manual User Deletion |
| 1 | 7/5/20 11:59:58 AM | 7/6/20 2:10:07 PM | Manual User Deletion |
| 3 | 7/6/20 10:45:12 PM | 7/7/20 8:22:59 AM | Manual User Deletion |
| 1 | 7/7/20 8:24:15 AM | 7/7/20 8:28:15 AM | Manual User Deletion |
| 1 | 7/7/20 8:28:15 AM | 7/7/20 8:28:51 AM | Manual User Deletion |
| 3 | 7/7/20 8:28:51 AM | 7/7/20 8:37:38 AM | Manual User Deletion |
| 4 | 7/7/20 8:43:46 AM | 7/7/20 1:19:31 PM | Manual User Deletion |
| 1 | 7/7/20 1:38:56 PM | 7/7/20 5:04:18 PM | Manual User Deletion |
| 4 | 7/7/20 5:05:31 PM | 7/7/20 8:33:04 PM | Manual User Deletion |
| 4 | 7/8/20 6:48:13 AM | 7/8/20 8:36:35 PM | Manual User Deletion |

SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE
(Case No. 2:20-cv-00983-TSZ) - 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Dkt. 105-1, Ex. 6, Ex. C.  So, any text messages that the City has recovered from the time period "gap" should be the missing manually deleted text messages identified by Mr. Leatha on Ex. C of his expert report.  In addition, Mr. Leatha determined that 64 of the manually deleted messages "were deleted between August 21, 2020, and October 15, 2020, and another 4 messages [were deleted] between October 15, 2020 and November 19, 2020."  *See* Dkt. 105-1, Ex. 6 (Leatha Report), p. 15.  So, a good portion of the 191 manually deleted messages were deleted after Michelle Chen had discovered that Mayor Jenny Durkan was missing text messages on August 21, 2020.  *See* Dkt. 105-1, Ex. 7, City's Supp. ROG. Resp. to ROG No. 23, p. 6 ("Michelle Chen, former counsel to the Mayor, discovered on or about August 21, 2020, that text messages from before June 25,2020, were missing from the iPhone 11 the Mayor was using at that time.")

5. Exhibit 1 contains excerpts of some of the former Mayor Jenny Durkan's 191 manually deleted text messages that the City was able to reconstruct to fill in *some* of the gaps that Mr. Leatha identified in Ex. C to his report.  The excerpted text messages in Exhibit 1 are color coded to make it easy to see which messages were the manually deleted messages and which messages came before and after the manually deleted text messages. The messages that came immediately before and after gaps identified by Mr. Leatha in his Ex. C are highlighted in yellow, like bookends, while the manually deleted messages (that have been reconstructed by the City) in between the bookends are highlighted in turquoise.

6. In the second row of Ex. C to Mr. Leatha's report, between the time of 12:33:43 p.m. on June 25, 2020 and 6:43:14 a.m. on June 26, 2020, Mr. Leatha observed that there were 11 deleted rows, indicating that there were 11 deleted text messages between those two time points. Ex. 1 contains two text messages from 12:33:43 p.m. on June 25, 2020 and 6:43:14 a.m. on June 26, 2020, that are highlighted in yellow (lines 1 and 13 of Ex. 1), and in between those two messages are the 11 manually deleted text messages that were recovered by the City.  These recovered text messages are highlighted in turquoise (lines 2-12).

SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE
(Case No. 2:20-cv-00983-TSZ) - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

7. There are also some gaps of missing manually deleted text messages identified on Ex. C to Mr. Leatha's report for which the City has not yet produced reconstructed text messages. Those "gaps" are identified on Exhibit 1 with the notation "STILL MISSING XX MESSAGES" and those lines are also highlighted in turquoise. For example, on June 30, 2020, between 12:07 and 9:27 p.m. there are still 5 manually deleted text messages that are still missing, which we have indicated with the notation above. *See* Ex. 1, lines 26-30. Two of the recovered manually deleted text messages (lines 24-25) that were near the 5 messages that are still missing were between former Mayor Durkan and former Chief Best about a call with City Attorney Pete Holmes. *See id.* This suggests that the missing text messages (lines 26-30) were also between the former Mayor and former Chief Best.

8. As noted above, Exhibit 1 depicts the 11 manually deleted text messages between the time of 12:33:43 p.m. on June 25, 2020 and 6:43:14 a.m. on June 26, 2020. *See* Ex. 1, lines 2-12. These manually deleted text messages are highly relevant to this case because they show the dates former Mayor Jenny Durkan became formally aware of this lawsuit. Then, on the next day, June 26, 2020, there is a message informing former Mayor Jenny Durkan which judge had been assigned this lawsuit. *See* Ex. 1, line 15. Once former Mayor Jenny Durkan, who was also a former U.S. Attorney, was informed of this lawsuit, a duty to preserve documents arose. Former Mayor Jenny Durkan's actions to factory reset, load an old backup and use the "disable" and deleted function, all occurred on July 4, 2020, <u>after</u> Mayor Durkan became aware of this lawsuit, and after Plaintiffs' counsel issued two preservation letters to the City. Dkt. 105-1, Ex. 6, pp. 12-15, *see also* Dkt. 105-1, Exs. 4 & 5 (Plaintiffs' two preservation letters). The former Mayor Durkan likely manually deleted these text messages in order to conceal the record of her becoming aware of this lawsuit.

9. The City gives no reason to think that "collaboration" between Durkan and Best never happened via text. In fact, it was just the opposite, as two of the manually deleted text

SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE
(Case No. 2:20-cv-00983-TSZ) - 4

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Tel +1.206.274.6400   Fax +1.206.274.6401

messages that are still missing appear in close temporal proximity to text messages from former Mayor Durkan to former Chief Best's personal cell phone number, suggesting that the missing manually deleted text messages were also between former Mayor Durkan to former Chief Best's personal cell phone. For example, the manually deleted text messages in Exhibit 1, lines 39-44 show that Mayor Durkan was texting Chief Best's personal phone to schedule a call, and there is one message (line 43) that is still missing that is in close temporal proximity to those messages. Then, on August 5, 2020, there was another manually deleted text message that is still missing that preceded a message from former Mayor Durkan to former Chief Best's personal cell making arrangements for a work-related call. *See* Ex. 1, lines 48-49.

10. On several other occasions, former Mayor Durkan also texted Chief Best's *personal* cell phone to make arrangements for a work-related call. One such text message exchange occurred on the evening of July 4, 2020, only hours after Mayor Durkan allegedly dropped her phone in salt-water. *See* Ex. 1, lines 37-38 (text messages at 7/4/20 at 8:18 p.m. and 8:19 p.m.).[1] So only hours after the former Mayor Durkan has asserted her phone was having trouble functioning (her excuse for the factory resetting of her phone), she was using it to text the former Chief Best's *personal* phone to tell her "Was just checking in on a few things Call when convenient. Thanks." Ex. 1, line 37. The former Chief Best received similar text messages from Mayor Durkan on July 14, 2020 (*See* Ex. 1, lines 45-46), and August 8, 2020 (see *id.*, lines 52-56). This shows that former Mayor Durkan was quite aware of former Chief Best's *personal* phone number, the two used that number for communication, and the City should have collected and produced relevant text messages from former Chief Best's *personal* phone.

---

[1] During his deposition, Chris Fisher confirmed that former Chief Carmen Best's phone number ending in 8889 was her work phone number and her phone number ending in "4481" is her personal phone number. *See* Deposition of Christopher Fisher, true and correct excerpts of which are attached hereto as Ex. 2, pp. 246:18 - 247:8. Mr. Fisher confirmed that by looking at his phone during the deposition. *Id.* In addition, some of the City's text message reconstructions identify Carmen Best's phone number ending in "4481" as her "home" number.

SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE
(Case No. 2:20-cv-00983-TSZ) - 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

11. But the City refused to collect text messages from several key City employees' personal phones in this case, and Chief Best wiped her *personal* phone in May 2021, after the City knew it had a problem with City employees wiping their phones, and around the time that Plaintiffs' counsel disclosed that they would be issuing a subpoena to former Chief Best in her personal capacity. *See* Dkt. 105, ¶¶ 52, 62-65, and *see* Declaration of Gabriel Reilly-Bates in support of Plaintiffs' Response to Defendant's Motion for Spoliation Sanctions; Dkt. 123, ¶15, Exs. 6, 7 and 10 (Dkt. Nos. 123-6, 123-7 and 123-10). The City had clear notice that its employees used their personal phones for work, but it utterly refused and or failed to collect ESI from personal devices.

12. The former Mayor's manually deleted text messages were not only scheduling or "phishing" messages, but they were also about substantive City matters. In addition to the text messages discussed above in which former Mayor Durkan was asking about this lawsuit, there were also manually deleted text messages between August 29, 2020 at 9:39 p.m. through August 29, 2020 at 10:37 p.m. (Ex. 1, lines 58-63), concerning the City's apprehension of two agitators who had [Molotov] "cocktails" and who were targeting "uncle Ike's and East Precinct." *Id.*, line 58. The messages informed former Mayor Durkan and former Chief Best that the City was "able to intervene prior to the deployment." *Id.* Another text message exchange from the former Mayor's manually deleted text messages informed the Mayor that "Operation Cal Anderson" would be occurring that morning, and that they expected it to take "a few hours." *Id.* at lines 66-69. Presumably, Assistant Mayor Casey Sixkiller was referring to a sweep of Cal Anderson Park.

13. Another text message exchange of manually deleted text messages involved a crime scene situation. *Id.*, lines 72-74. Finally, another text message exchange of recovered text messages that the former Mayor Durkan manually deleted was from June 30, 2020, and related to revising a letter to the CPC, the "Seattle Community Police Commission." *Id.*, lines 18-21.

SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE
(Case No. 2:20-cv-00983-TSZ) - 6

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*The City's Flawed Text Message Reconstruction*

14. During his deposition, the City's expert, Kevin Faulkner, admitted that he could not determine the exact number of restored text messages from any custodian due to the number of duplicate messages. *See* Faulkner Deposition Excerpts, true and correct copies of which are attached hereto as Ex. 3, at 171:1 – 171:2 (Durkan), 183:1-184:6 (Best), 191:12 – 192:24 (Neafcy, Scoggins, Beauregard and Greening).

15. The City's expert, Faulkner, admitted that the City's reconstructions would not have any messages that were solely between Mayor Durkan, Chief Best, Beauregard, Greening, Neafcy or Scoggins from June 1 to June 25, 2020 and messages between any combinations of those individuals would not be included in the City's reconstructions. *See id.*, at 168:1-169:6.

I declare under the penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing is true and correct.

DATED this 15th day of November, 2022 at Seattle, Washington.

                                           *s/ Angelo J. Calfo*
                                           Angelo J. Calfo

SUPPLEMENTAL DECLARATION OF ANGELO J. CALFO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE
(Case No. 2:20-cv-00983-TSZ) - 7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401