THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUNTERS CAPITAL, LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF SEATTLE,<br><br>        Defendant. | No. 2:20-cv-00983-TSZ<br><br>**PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT SETH STOUGHTON**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>February 17, 2023 |

PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT
SETH STOUGHTON
(Case No. 2:20-cv-00983-TSZ)

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
+1.206.274.6400

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................... 1
II.  BACKGROUND ............................................................................................................ 1
     A.   Professor Stoughton Offers Opinions Based on Untethered, Unspecified Police Practices ........................................................................................................ 1
III. STANDARD OF REVIEW ............................................................................................. 3
IV.  ARGUMENT .................................................................................................................. 3
V.   CONCLUSION ............................................................................................................... 5

PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT
SETH STOUGHTON
(Case No. 2:20-cv-00983-TSZ)

-i-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
+1.206.274.6400

## I.  INTRODUCTION

The City has disclosed, and intends to rely on, the testimony of Professor Seth Stoughton, an expert offering the opinions that the unprecedented acts of the Seattle Police Department were reasonable in light of "generally accepted principles in policing." However, his analysis is unreliable. It is based on abstract, generalized principles that are fully, intentionally divorced from any consideration of actual police practices and tactical guidance. From these largely undocumented principles that Professor Stoughton has not studied in any depth, he extrapolates that the Seattle Police's actions at issue in this case were "reasonable" even though he admits that they are without precedent in the history of policing. These opinions are untethered and unsupported, and the Court should exclude them as unreliable under Federal Rule of Evidence 702.

## II.  BACKGROUND

### A.  Professor Stoughton Offers Opinions Based on Untethered, Unspecified Police Practices

Professor Stoughton's opinions in this case are that the Seattle Police Department acted in accordance with "generally accepted principles in policing" when it (1) evacuated the East Precinct on June 8, 2020; (2) implemented a policy of not providing in-person police responses to the neighborhood at issue in this case from June 9 to July 1, 2020, except for "mass-casualty events"; and (3) erected a bunker around the East Precinct from July 2020 through April 2021. Declaration of Tyler S. Weaver ("Weaver Decl."), Ex. 1 [Stoughton Expert Report, April 28, 2022] at 24.[1]

Professor Stoughton has not specified, and apparently cannot specify, the source of the principles upon which he relies for his opinions. Nowhere in his Report does Professor Stoughton cite a source for the principles he applied, and when asked at deposition to explain the principles he was relying on, he stated:

---

[1] Plaintiffs' challenge is primarily to the first two of these opinions. The third opinion is based on the same problematic foundation as the first two, but this brief focuses on Professor Stoughton's analysis underlying the first two opinions.

PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT
SETH STOUGHTON
(Case No. 2:20-cv-00983-TSZ)

-1-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
+1.206.274.6400

> One of them is the – the sort of priority list. … Preservation of life, both of the officers and – well, in priority order, innocent bystanders first, officers second, and criminal suspects kind of a distant third.
>
> Another of which is what is now probably 50 years of tactical principles, everything from conflict avoidance to tactical withdrawal to really the theory of how police officers and agencies manage risk.
>
> Another generally accepted practice is – or principle, excuse me, is just working within the constraints you have. …
>
> ….
>
> There … are probably other more particular principles that we can get into, concepts of imminent threat, for example. … But at a broad level … the generally accepted principles [] is how police departments should think about balancing competing priorities in high-pressure incidents.

Weaver Decl., Ex. 2 [Stoughton Deposition, August 30, 2022] at 87:5-88:15 (discussing first opinion), *Id*. at 98:5-99:13 ("principles … arise organically from the profession itself"; some are written down, some are not), *Id*. at 162:21-163:7 (same principles underlie his second opinion).

Professor Stoughton's personal experience in the area is limited. He has no experience dealing with the type of protests at issue here; indeed, he claims that no police department in history has ever faced a situation like that faced by the Seattle Police Department. *Id.* at 102:20-103:12. At most, he worked for two years as part of a "riot response and crowd control team," has not focused on protest responses as an academic, and, while he is aware of and has read about a few potentially analogous circumstances, he has not studied them in connection with providing his opinions in this case. *Id.* at 32:20-35:3, 37:21-38:17.

In addition, Professor Stoughton provides no framework or methodology for how he reached his opinions based on the highly generalized concepts he relies upon. Importantly, he specifically disavows that actual police practices or tactical guidance support his opinion in any way. *Id.* at 88:16-25 ("*I'm distinguishing … between generally accepted principles and practices, like specific things you do*. I'm not aware of any resource that talks about the generally accepted practice of evacuating a police department." (emphasis added)), *Id*. at 94:9-97:13 ("when I say

PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S EXPERT SETH STOUGHTON (Case No. 2:20-cv-00983-TSZ)

-2-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
+1.206.274.6400

generally accepted police principle, it's a – it's – abstract. It's conceptual. It's, you know, something like the preservation of our human life is our highest priority.").

As a result, he cannot point to any instance in which a police department has *ever* taken the steps taken by the Seattle Police Department that he has opined were reasonable. There is no tactical guidance indicating that withdrawal from a police precinct is a reasonable practice. He is not aware of any source suggesting that evacuation of a police facility is a reasonable method to minimize the risk of harm to officers and the public, and he cannot point to a single instance in which another police department has evacuated a building in response to an anticipated protest. Weaver Decl., Ex. 2 at 88:16-21, 99:14-21, 102:20-103:12. Nor is he aware of any other department that has ever, in response to an occupation protest, such as the Capitol Hill Occupied Protest ("CHOP"), decided not to respond in person to a 9-1-1 call other than for situations deemed "critical life safety emergencies." *Id*. at 172:14-23.

### III.     STANDARD OF REVIEW

The proponent of an expert has the burden of proving the admissibility of the expert's proposed testimony. *Henricksen v. ConocoPhillips Co.*, 605 F. Supp. 2d 1142, 1154 (E.D. Wash. 2009). Testimony must be helpful to the jury to be admissible. Fed. R. Evid. 702(a). Thus, to present Professor Stoughton as an expert, the City must put forth sufficient evidence showing that (1) he is qualified to give his opinions, and (2) his opinions are both helpful and reliable. *See In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 984 F. Supp. 2d 1021, 1026 (C.D. Cal. 2013) ("The Rule 702 inquiry requires the Court to … assure that the expert had sufficient data, used reliable scientific methods, and applied those methods to the data in a reliable way. Finally, the Court must determine if the proffered expert testimony is helpful to the trier of fact.").

### IV.     ARGUMENT

The Court should exclude Professor Stoughton's offered opinions because they are unreliable. Expert testimony is admissible under Federal Rule of Evidence 702 only if it is "the product of reliable principles and methods, and … the expert has reliably applied the principles and methods to the facts of the case." Under this rule, "[t]o carry out its gatekeeping role, a district

PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT
SETH STOUGHTON
(Case No. 2:20-cv-00983-TSZ)

-3-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA  98101
+1.206.274.6400

court must find that an expert's testimony is reliable – an inquiry that focuses not on 'what the experts say,' … 'but what basis they have for saying it.'" *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022), *quoting Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315-16 (9th Cir. 1995). In other words, the analysis of reliability addresses "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Est. of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014), *overruled in part by United States v. Bacon*, 979 F.3d 766 (9th Cir.2020), (*Est. of Barbain* quoting *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999)). Particularly relevant to this case is that when an expert purports to apply principles and methods in accordance with professional standards, and yet reaches a conclusion that other experts in the field would not reach, a court can infer that the principles and methods have not been reliably applied. *See Lust By & Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Professor Stoughton's opinions offered in this case are unreliable under this standard. His opinions are based on amorphous, abstract concepts that are largely undocumented by Professor Stoughton or others, and which are not the focus of his studies, professional experience, or academic work. Weaver Decl., Ex. 2 at 32:20-35:3, 37:21-38:17, 87:5-88:15, 98:5-99:13, 162:21-163:7. They are, moreover, apparently not informed by any experience he has responding to protests similar to those that he is opining about.

And the principles Professor Stoughton relies on are, by his own admission, completely divorced from what police actually *do* in responding to protests. *Id.* at 88:16-25 ("I'm distinguishing … between generally accepted principles and practices, like specific things you do."), *Id.* at 94:9-97:13 ("when I say generally accepted police principle, it's a – it's – abstract. It's conceptual."). That disconnect from the reality on the streets has led him to unreliably opine that what the Seattle Police Department did with the East Precinct and the Red Zone was "reasonable" even though **no other police department has ever done something similar**. *Id.* at 88:16-21, 99:14-21, 102:20-103:12, 172:14-23.

When Professor Stoughton was asked about this inherent contradiction in his opinion and

PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT
SETH STOUGHTON
(Case No. 2:20-cv-00983-TSZ)

-4-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
+1.206.274.6400

testimony, he admitted that what police departments do and have done (and have never done before) is directly relevant to whether a particular practice is reasonable:

> Q.   Does [the fact that the adoption of the Red Zone was unprecedented] play in at all to your … consideration of whether this is in acceptance with generally accepted principles in policing?
>
> A.   Sure. It's certainly relevant. What have other agencies done in light of the circumstances they've faced, as I understand them. … [I]'s all kind of relevant. What happens in the industry? What is the generally accepted approach here? And what are the principles that underlie the accepted approach, if there is a generally accepted approach?

Weaver Decl., Ex. 2 at 172:24-173:9.  Yet Professor Stoughton specifically chose to not rely on actual police practices or tactics to inform his opinions.

Professor Stoughton's opinions are so malleable, divorced from precedent, and unreliable that he admits that it would probably also have been reasonable for the Seattle Police Department to do the exact *opposite* of what it did: fortify and defend the East Precinct on June 8, 2020, and clear out the occupation on June 9, 2020, before it became entrenched. *Id.* at 109:17-111:14, 165:9-168:12.  Indeed, it appears Professor Stoughton would opine that just about anything other than obviously immoral actions, such as shooting all protesters, would be on the "menu" of possibly reasonable responses. *Id.*

This kind of analysis, divorced from actual police practices, documented principles, experience, and academic study, is unreliable and must be excluded under Federal Rule of Evidence 702.

V.   **CONCLUSION**

Plaintiffs respectfully request that the Court exclude the expert opinions of Professor Seth Stoughton.

///

///

///

///

PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT
SETH STOUGHTON
(Case No. 2:20-cv-00983-TSZ)

-5-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
+1.206.274.6400

DATED this 2nd day of February, 2023.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Tyler S. Weaver*
Patricia A. Eakes, WSBA #18888
Angelo J. Calfo, WSBA #27079
Tyler S. Weaver, WSBA #29413
Gabriel Reilly-Bates, WSBA #52257
Andrew DeCarlow, WSBA #54471
Henry Phillips, WSBA #55152
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
angelo.calfo@morganlewis.com
tyler.weaver@morganlewis.com
gabriel.reillybates@morganlewis.com
andrew.decarlow@morganlewis.com
henry.phillips@morganlewis.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO EXCLUDE
TESTIMONY OF DEFENDANT'S EXPERT
SETH STOUGHTON
(Case No. 2:20-cv-00983-TSZ)

-6-

MORGAN, LEWIS & BOCKIUS LLP
Attorneys at Law
1301 Second Avenue, Suite 2800
Seattle, WA 98101
+1.206.274.6400