HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUNTERS CAPITAL, LLC, et al.,

          Plaintiffs,

   v.

CITY OF SEATTLE,

          Defendant.

Case No. 20-cv-00983-TSZ

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND VAN ZANDT

**NOTE ON MOTION CALENDAR: FEBRUARY 17, 2023**

**ORAL ARGUMENT REQUESTED**

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND VAN ZANDT
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD .......................................................................................................... 2

III. ARGUMENT ........................................................................................................................ 3

    A. Shane's Testimony Should Be Excluded. ................................................................ 3

        1. Shane's Improper Legal Opinions Should Be Excluded. ............................. 4

        2. Shane's Testimony Is Irrelevant and Unhelpful to the Jury. ........................ 6

        3. Shane's Testimony Is Not Properly Grounded in the Facts of the Case, Nor Is it Based on Reliable Principles and Methods............................................ 8

    B. Piza's Testimony Should Be Excluded Because it does not Address the Relevant Causal Question in this Case.................................................................................... 10

    C. Van Zandt's Damages Testimony Should Be Excluded to the Extent it Fails to Disaggregate Covid-19 Harms from Alleged CHOP Harms................................... 11

IV. CONCLUSION................................................................................................................... 14

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND VAN ZANDT - i
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

# TABLE OF AUTHORITIES

Page

**Cases**

*Animal Legal Def. Fund v. Olympic Game Farm, Inc.,*
    591 F. Supp. 3d 956 (W.D. Wa. 2022) ................................................................................ 7

*Avila v. Willits Environmental Remediation Trust,*
    633 F.3d 828 (9th Cir. 2011) ................................................................................................ 3

*Blue Sky Advocates v. State,*
    107 Wn.2d 112 (1986) ........................................................................................................ 11

*Chambers-Castanes v. King Cty.,*
    100 Wn.2d 275 (1983) .......................................................................................................... 5

*City of Spokane v. Canyon Greens, LLC,*
    107 Wn. App. 1005, 2001 WL 772498 (3d Div. July 10, 2001) ........................................ 12

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) ..................................................................................................... *passim*

*Ellis v. Costco Wholesale Corp.,*
    657 F.3d 970 (9th Cir. 2011) ................................................................................................ 2

*Elsayed Mukhtar v. California State Univ., Hayward,*
    299 F.3d 1053 (9th Cir. 2002) .............................................................................................. 2

*Estate of Barabin v AstenJohnson, Inc.,*
    740 F.3d 457 (9th Cir. 2014) .............................................................................................. 13

*First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cty.,*
    482 U.S. 304 (1987) ............................................................................................................ 12

*Flint v. Hart,*
    82 Wn. App. 209 (3d Div. 1996) ....................................................................................... 12

*Fontana v. City of Federal Way,*
    2014 WL 202104 (W.D. Wa. Jan. 17, 2014) ....................................................................... 4

*Grundy v. Thurston Cty.,*
    155 Wn.2d 1 (2005) (en banc) ............................................................................................. 6

*In re Ballot Title Appeal of City of Seattle Initiatives 107-110,*
    183 Wn. App. 379 (2014) .................................................................................................... 5

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - ii
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

*Kitsap Cty. v. Kitsap Rifle & Revolver Club,*
  184 Wn. App. 252 (2014) .................................................................................................. 9

*Kumho Tire Co., Ltd. v. Carmichael*
  526 U.S. 137 (1999) ......................................................................................................... 3

*Lakey v. Puget Sound Energy, Inc.,*
  176 Wn.2d 909 (2013) ..................................................................................................... 9

*Lust v. Merrell Dow Pharms., Inc.,*
  89 F.3d 594 (9th Cir. 1996) .............................................................................................. 3

*Miotke v. City of Spokane,*
  101 Wn.2d 307 (1984) ................................................................................................... 11

*Nationwide Transport Finance v. Cass Info. Sys., Inc.,*
  523 F.3d 1051 (9th Cir. 2008) ................................................................................. 3, 4, 5

*Pande Cameron & Co. of Seattle, Inc. v. Cent. Puget Sound Regional Transit Auth.,*
  610 F. Supp. 2d 1288 (W.D. Wa. 2009) ........................................................................ 12

*Pinal Creek Group v. Newmont Mining Corp.,*
  352 F. Supp. 2d 1037 (D. Ariz. 2005) ......................................................................... 3, 6

*Samuels v. Holland Am. Line-USA, Inc.,*
  656 F.3d 948 (9th Cir. 2011) ........................................................................................... 3

*Stop Staring! Designs v. Tatyana, LLC,*
  625 Fed. Appx. 328 (9th Cir. Aug. 31, 2015) ............................................................... 13

*Trevino v. Gates,*
  99 F.3d 911 (9th Cir. 1996) ........................................................................................... 14

*United States v. Bacon,*
  979 F.3d 766 (9th Cir. 2020) .................................................................................... 2, 14

*United States ex rel. Savage v. CH2M Hill Plateau Remediation Co.,*
  2021 WL 802086 (E.D. Wa. Jan. 6, 2021) .................................................................. 3, 5

*Vance v. XXXL Dev., LLC,*
  150 Wn. App. 39 (2d Div. 2009) ................................................................................... 11

*Wilson v. Key Tronic Corp.,*
  40 Wn. App. 802 (3d Div. 1985) .............................................................................. 11, 12

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - iii
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

**Rules**

Fed. R. Evid. 702 ................................................................................................................ *passim*

Fed. R. Evid. 702(a) .................................................................................................................. 2, 6

Fed. R. Evid. 702(b) ..................................................................................................................... 2

Fed. R. Evid. 702(c) ..................................................................................................................... 2

Fed. R. Evid. 702(d) ..................................................................................................................... 2

**Statutes**

RCW 2.60.020 ............................................................................................................................ 12

RCW 7.48.120 .............................................................................................................................. 6

**Other Authorities**

Wash. Const. art. XI, § 10 ............................................................................................................ 5

WPI 380.03 ................................................................................................................................... 8

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - iv
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 702, the City moves to exclude testimony from Plaintiffs' expert witnesses Dr. Jon M. Shane, Dr. Eric L. Piza, and Arik Van Zandt.[1] The testimony of these experts suffers from several serious flaws. Shane's testimony is irrelevant to the question of whether the City's actions created an actionable nuisance and accordingly is unhelpful to the jury. Shane dismisses the City's attempts to deescalate tensions prior to and during CHOP as unreasonable, even going so far as to characterize the City's efforts as "illegal," while wholly ignoring the City's longstanding, court-imposed obligation to employ de-escalation tactics, as well as the injunctive constraints it faced during CHOP. Shane's legal conclusions regarding the nature of the City's acts should be excluded as improper and his remaining opinion excluded as unhelpful and unreliable under FRE 702.

Piza's testimony should be excluded because it seeks to rebut a causal question not in issue. The causation issue in this case is whether the City's affirmative acts, as alleged by Plaintiffs—e.g., the City's placement of trash receptacles and ecoblocks, provision of lights, modified garbage and police services—caused either (1) an unreasonable interference with Plaintiffs' use and enjoyment (nuisance); or (2) a temporary deprivation of Plaintiffs' access to their properties. Piza opines generally that CHOP writ large caused an increase in crime, which is not relevant to either question. Piza notably does not (and, per the City's causal expert, likely could not) opine on whether the City's modification of police services interfered with Plaintiffs' access to or use and enjoyment of their properties. And despite Plaintiffs' obligation to establish a causal link between the City's alleged "affirmative" acts and the supposed increase in crime, Piza does not even attempt to address that question.

Finally, the analysis of Plaintiffs' damages expert, Van Zandt, fails to account properly for

---

[1] The Court granted the City's request to file an overlength brief not to exceed 18 pages. Recognizing the changes to the Local Civil Rules effective February 2, 2023, the City has limited its brief to 6300 words, which is the new length limitation for motions previously subject to an 18-page limit.

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 1
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

the impacts of the Covid-19 pandemic on Plaintiffs' rental and commercial tenants and businesses. Van Zandt's assumptions regarding Covid-19 are not grounded in a robust assessment of the commercial and residential market impacts ongoing during CHOP and beyond.  Because it lacks foundation, Van Zandt's analysis will not help the jury disaggregate the effects of Covid-19 from the effects of CHOP.  For these reasons, the testimony of Shane, Piza, and Van Zandt should be excluded.

## II.  LEGAL STANDARD

Expert testimony is admissible only to the extent that it will "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591–92 (1993).  This requirement "goes primarily to relevance" because "[e]xpert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."  *Daubert*, 509 U.S. at 591; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) ("[*Daubert*] requires a court to admit or exclude evidence based on its scientific reliability and relevance."); *Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1063 n. 7 (9th Cir. 2002) ("Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702."), *overruled in part by United States v. Bacon*, 979 F.3d 766, 770 (9th Cir. 2020).  To meet the "helpfulness standard" of Rule 702 and therefore be relevant, the expert testimony must also have "a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Daubert*, 509 U.S. at 591-92.

Federal Rule of Evidence 702 also requires the testimony to be "based on sufficient facts or data" and to be "the product of reliable principles and methods."  Fed. R. Evid. 702(b) & (c).  The expert must also "reliably appl[y] the principles and methods to the facts of the case."  Fed. R. Evid. 702(d).  The expert must possess sufficient knowledge "[a]nd the word 'knowledge'

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND VAN ZANDT - 2
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

connotes more than subjective belief or unsupported speculation." *Samuels v. Holland Am. Line-USA, Inc.*, 656 F.3d 948, 952 (9th Cir. 2011) (quotations omitted).

The court's analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. The district court acts as "the gatekeeper for the expert testimony to assure that it is both relevant and reliable." *Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 836 (9th Cir. 2011). The district court's gatekeeping function "applies to all expert testimony" not merely scientific testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). The party offering the testimony bears the burden of proving its admissibility. *See Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

The expert witness may not offer a "*legal conclusion*, i.e., an opinion on an ultimate issue of law" because "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transport Finance v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *United States ex rel. Savage v. CH2M Hill Plateau Remediation Co.*, 2021 WL 802086, at *1-*2 (E.D. Wa. Jan. 6, 2021) (unreported). "Accordingly, federal courts typically prohibit lawyers, professors, and other experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case." *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005).

### III.   ARGUMENT

**A.   Shane's Testimony Should Be Excluded.**

Shane offered two opinions regarding the City's actions prior to and during the CHOP. First, that the Seattle Police Department ("SPD") violated both "generally accepted police practices for delivering police service" and the Seattle City Charter by evacuating the East Precinct on June 8, 2020, the night before CHOP was formed. *See* Declaration of Erica R. Iverson in

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 3
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  Support of City's Rule 702 Motion (hereinafter "Iverson Dec.") Ex. 1 (Shane Rep. at 11). Second,

2  Shane opined that the SPD's decision to modify police response protocols within an area later

3  denominated as the "Red Zone" violated generally accepted police practices and the City Charter.

4  *Id.* Shane's opinions are irrelevant to the remaining issues in the case, unhelpful to the jury,

5  contain improper legal opinions, and are not grounded in any valid scientific methodology. His

6  testimony should be excluded in its entirety.

7         **1.**      **Shane's Improper Legal Opinions Should Be Excluded.**

8  Shane, a non-lawyer, opines that the vacation of the East Precinct prior to CHOP and the

9  City's modification of its police services during CHOP violated the Seattle City Charter. *E.g.*, Ex.

10  1 (Shane Rep. at 11, 18-20). Shane's testimony is grounded in his own improper—and incorrect—

11  legal interpretation of the requirements of the Seattle City Charter, which he claims imposes a "duty"

12  on the SPD to "maintain adequate police protection" in Capitol Hill. *Id.* (Shane Rep. at 19-20 &

13  n.48, 23-24). Even without addressing Shane's misapprehension of the public duty doctrine, *see id.*

14  (Shane Rep. at 20 n.48), whether the Mayor or Chief Mahaffey issued an "illegal order" to the SPD

15  
16  to "stand down" is not proper expert testimony, particularly for a non-legal expert. *Nationwide*

17  *Transp. Fin.*, 523 F.3d at 1059 ("legal conclusions" of expert "invaded the province of the trial

18  judge"); *Fontana v. City of Federal Way*, 2014 WL 202104, at *3 (W.D. Wa. Jan. 17, 2014)

19  (excluding expert testimony that officers "violated plaintiff's Fourth Amendment rights" or "used

20  excessive force" because such testimony constituted "impermissible legal conclusions").

21  Similarly, whether Mayor Durkan, Chief Mahaffey, or any other City official "violated the

22  City's Charter" is a question of law reserved for the court. *Nationwide Transp. Fin.*, 523 F.2d at

23  1059 (expert testimony regarding the application of UCC to the facts of the case "would, in effect,

24  instruct the jury regarding how it should decide the key question whether Cass violated a statute and

25  thus acted improperly"). To the extent the "lawfulness" of the City's actions is relevant to Plaintiffs'

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 4
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  nuisance claim, Shane should not be permitted to "instruct the jury" on that issue by way of his non-lawyer analysis. *See United States ex rel. Savage*, 2021 WL 802086, at *1-*2 (E.D. Wa. Jan. 6, 2021) (unreported) (excluding testimony of non-lawyer expert proffering opinions on the requirements of various regulations and other laws and their application to "the facts at issue"). To the extent the question of whether the City's decisions violated the City Charter is even relevant to Plaintiffs' remaining claims—and, as discussed *infra*, it is not—Shane's testimony goes to an "ultimate issue" of law and should be excluded. *Nationwide Transp. Fin.*, 523 F.3d at 1058.

Moreover, because Shane's legal conclusions are wrong, the testimony is "not only superfluous but mischievous" and should be excluded. *Id.* at 1059. Setting aside that Plaintiffs nowhere have alleged a violation of the City Charter as the basis for any of their claims, *see generally, e.g.*, Dkt. 47; Dkt. 124; Dkt. 165, the City did not act unlawfully by modifying police services or vacating the East Precinct in the face of violent, police-targeted protests—in short, by deescalating conflict *en masse*. Shane's improper legal analysis first applies an inaccurate legal standard to argue that the City "owes a duty to the general public" to perform police functions and opine that abrogating that duty is automatically unlawful. Iverson Dec. at Ex. 1 (Shane Rep. at 20 & n.48). This analysis ignores that the Washington Supreme Court has declined to find an "actionable duty to provide police services" absent special circumstances inapplicable here. *Chambers-Castanes v. King Cty.*, 100 Wn.2d 275, 284-85 (1983) ("[W]e have consistently held . . . these duties . . . are unenforceable as to individual members of the public.").[2] Shane also ignores that the City was constrained by court order to use of less lethal force during the violent protests that

---

[2] The Seattle City Charter, which is "subject to and controlled by general laws" does not change the equation. Wash. Const. art. XI, § 10; *In re Ballot Title Appeal of City of Seattle Initiatives 107-110*, 183 Wn. App. 379, 384 (2014) ("Consequently, a general statute enacted by the legislature supersedes or modifies provisions of a city charter to the extent that they are in conflict.").

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 5
(Case No. 20-cv-00983-TSZ)

preceded the decision to vacate the East Precinct. Dkt. 112-26. And Shane ignores the court-supervised standards for the SPD's use of force tactics, pursuant to which SPD officers are *required* to deescalate. Dkt. 112-27 at 17; Iverson Dec. at Ex. 2 (SEA_00240629 ("Officers *shall use* de-escalation tactics. . . .") (emphasis added)).

The inaccuracy of Shane's legal conclusions and his misapplication of law to the facts highlights precisely why courts in the Ninth Circuit "exclude[] legal expert testimony concerning both what the law is and how it should be applied to the facts of a case." *Pinal Creek Grp.*, 352 F. Supp. 2d at 1043. Permitting Shane to testify—wrongly—about the City's legal obligations and duties prior to and during CHOP would unnecessarily confuse the jury and usurp the Court's role. Shane's improper legal opinions should be excluded.

**2.  Shane's Testimony Is Irrelevant and Unhelpful to the Jury.**

Plaintiffs' substantive due process, procedural due process, negligence, and *per se* takings claims have now been dismissed. Dkt. 165. Only nuisance and Plaintiffs' access-based takings theory remain. *Id.* Shane's testimony is irrelevant to both claims. Plaintiffs' remaining takings allegation is that CHOP protesters interfered with Plaintiffs' access to their properties and that City facilitation of CHOP exposes it to takings liability as a result. *E.g.*, Dkt. 124 at 25. Shane's opinions regarding the vacation of the East Precinct and the City's modifications to its delivery of police services are wholly irrelevant to the question of whether SDOT's placement of traffic barriers in fact impaired any Plaintiff's access during CHOP and should be excluded as unhelpful.[3] FRE 702(a); *Daubert*, 509 U.S. at 591.

To prevail on their nuisance claim, Plaintiffs must demonstrate that the City took affirmative,

---

[3] Shane does not appear to have considered Plaintiffs' locations or their proximity to the barriers in the formation of his opinions, further underscoring the irrelevance of his testimony to Plaintiffs' access claim.

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 6
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

"unlawful[]" actions that created a "substantial and unreasonable interference with the use and enjoyment of land." RCW 7.48.120 (defining nuisance); *Grundy v. Thurston Cty.*, 155 Wn.2d 1, 6 (2005) (en banc). Plaintiffs allege that the City created a nuisance in two ways: (1) by "providing concrete barriers" to CHOP participants that were then used to impede Plaintiffs' access to their properties, which "substantially and unreasonably interfered with Plaintiffs' . . . use and enjoyment of their properties," Dkt. 47, ¶ 222; and (2) by creating and maintaining unlawful conditions, "including excessive noise, public safety hazards, vandalism, and poor health and sanitation conditions," *id.*, ¶ 220. Neither nuisance theory requires examining whether the vacation of the East Precinct or modifying police response protocols in the "Red Zone" was aligned with generally accepted police practices or the Seattle City Charter.

Plaintiffs do not even allege that the vacation of the East Precinct itself caused the nuisance about which they complain. Their access-based nuisance claim is that the use of City barriers to fortify the area created a nuisance when those barriers were commandeered by third parties. Dkt. 47, ¶¶ 218, 219; Dkt. 165 at 33. Their claim that the City created "unreasonable conditions" is based on the City's provision of "portable toilets, handwashing stations, and dumpsters for protesters' use"—none of which relates to the SPD's actions. Dkt. 165 at 35. Neither argument requires any finding of fact related to the vacation of the East Precinct, let alone a finding regarding the soundness of the City's rationale for doing so. Shane's testimony regarding the propriety of vacating the East Precinct, whether based on generally accepted policing principles or the Seattle City Charter, is wholly irrelevant to Plaintiffs' nuisance claim.

Similarly, the propriety of modifying police response protocols in the midst of an occupied protest does not relate to the question of whether those modifications in fact created a nuisance. The *sine qua non* of a nuisance inquiry involves the *effect* of the "conduct" complained of—that is,

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 7
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

whether the conduct "interferes unreasonably with other persons' use and enjoyment of their property." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 591 F. Supp. 3d 956, 973 (W.D. Wa. 2022). Whether the decision to modify emergency services was aligned with generally accepted policing practices has no bearing on whether the so-called "Red Zone," once in place, actually interfered with Plaintiffs' use and enjoyment.[4] Shane's testimony should be excluded in its entirety under FRE 702 on the grounds that it is not relevant to any element of the nuisance or access claim and thus will not assist the jury.

### 3. Shane's Testimony Is Not Properly Grounded in the Facts of the Case, Nor Is it Based on Reliable Principles and Methods.

Shane does not explain the methodology he applied to determine that the City's actions were not taken in accordance with generally accepted police practices. Shane never explains what "generally accepted police practices" even are. The only principle Shane articulates appears to be that police officers may not "stand down" or modify their practices unless they are faced with a threat of imminent harm. Iverson Dec. Ex. 1 (Shane Rep. at 20); Iverson Dec. Ex. 4 (Shane Dep. at 188:2-189:15). Shane does not cite any manuals, presentations, regulations, administrative guidance, directives, or any other documents to identify the source of this principle.[5] And in fact, this principle contravenes the de-escalation principles that SPD officers are obligated to follow, under the supervision of this Court. Iverson Dec. Ex. 2 (SEA_00240629-SEA_00240630). His

---

[4] This rationale does not apply to the City's police practices expert, Seth Stoughton, whose assessment of the SPD's decision making prior to and during CHOP is substantially broader than Shane's. Stoughton's report addresses the overall reasonableness of the SPD's tactical decisions, including but not limited to their alignment with generally accepted police practices, in a manner that will assist the jury to balance the reasonableness of the City's actions. *See* WPI 380.03 (Nuisance—Balancing Test); *compare* Iverson Dec. Ex. 3 (Stoughton Rep. at 25 (discussing "range of reasonable responses" *and* 34 (decision to modify police response required officials "to balance multiple priorities")) *with* Iverson Dec. Ex. 1 (Shane Rep. at 11 (evaluating only the alignment of two City decisions with generally accepted police practices)).

[5] During his deposition, Shane finally speculated as to a handful of decades-old guidelines that generally informed his opinion but does not offer a comprehensive description of his methods or whether they are still in practice. *See* Iverson Dec. Ex. 4 (Shane Dep. at 16-18).

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 8
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

testimony is unhelpful to the jury and should be excluded for that reason as well.

Shane's testimony also fails to assist the jury in its determination of the "reasonableness" of the City's modification of police services during CHOP. "If particular conduct interferes with the comfort and enjoyment of others, nuisance liability exists only when the conduct is unreasonable." *Kitsap Cty. v. Kitsap Rifle & Revolver Club*, 184 Wn. App. 252, 276 (2014). Reasonableness is determined "by weighing the harm to the aggrieved party against the social utility of the activity." *Id.* at 277 (quoting *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909. 923 (2013)). The "social utility" of modifying police services requires examining the factors that City officials balanced when making their modification decision, including the reasonableness of the City's belief that <u>not</u> modifying police response protocols in the midst of a police-oriented protest would incite further violence. Shane admittedly does not assess the reasonableness of the City's decision using the facts and assumptions applicable to and underlying this case—including because he ignores the constraints the City faced with respect to de-escalation and use of force. Iverson Dec. Ex. 2 (SEA_00240629-SEA_00240630); Dkt. 112-26; Dkt. 112-27. His opinion is unhelpful to the jury for that reason as well and should be excluded.

Shane repeatedly mischaracterizes other facts and bases his opinion on those inaccurate facts. For example, Shane concludes that the decision to vacate the East Precinct was contrary to generally accepted police practices because no other police department in history has ever taken the same action "in anticipation of possible crimes that might be committed." Iverson Dec. Ex. 1 (Shane Rep. at 23). Shane assumes that the City's actions were entirely anticipatory, ignoring the actual violence and vandalism (i.e., crimes) ongoing prior to CHOP's formation. Dkt. 112-3 (Durkan Dep. at 96:21-25); Dkt. 112-6 (Mahaffey Dep. at 75:10-23); Dkt. 112-4 (Scoggins Dep. at 129:19-130:2); *see also* Dkt. 112-7 (Ploszaj Dep. at 78:11-13)). Shane at times characterizes the SPD's actions during CHOP

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 9
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

as a total "abrogat[ion of] police protection," ignoring his own acknowledgement that the SPD did not cease providing services entirely but instead modified their response protocols to protect officers responding to calls from within a designated area being occupied by anti-police protesters. Iverson Dec. Ex. 1 (Shane Rep. at 17, 19, 23). Shane's report lacks a basis in the facts of this case and should be excluded under FRE 702.

B. **Piza's Testimony Should Be Excluded Because it does not Address the Relevant Causal Question in this Case.**

Piza offers a strained analysis that he claims shows the SPD's withdrawal from the East Precinct caused an increase in crime during CHOP. *See generally* Iverson Dec. Ex. 5 (Piza Rep. at 1-3). But Piza's study uses an invalid design that renders his desired causal inference impossible to draw. To assess the causal link Piza seeks to draw, one would need to compare: (A) the number of crimes that would have occurred in the CHOP area had the police not vacated the area and continued to deliver unmodified police services while protests remained ongoing; with (B) the number of crimes that actually occurred in the CHOP area during CHOP. Instead, Piza compares: (A) the number of crimes that would have occurred in the CHOP area absent CHOP; with (B) the number of crimes that actually occurred in the CHOP area during CHOP. *See, e.g.*, *id.* (Piza Rep. at 2 ("*CHOP's effect on crime* was tested in three separate intervention areas.") (emphasis added); *id.* at 17 ("To evaluate the potential change in crime *following the establishment of the CHOP zone*.") (emphasis added); *id.* at 14-16 (using street segments of other Seattle neighborhoods not experiencing a CHOP protest to compare crime rates between non-CHOP and CHOP areas)). Piza's study accordingly offers insight only into the purported causal link between CHOP itself and crime. The study cannot tell the factfinder anything about the causal link between the City's affirmative actions during CHOP and crime rates. *See generally* Iverson Dec. Ex. 6 (Lanfear Rep. at Section 7.2).

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 10
(Case No. 20-cv-00983-TSZ)

This flaw in Piza's causation analysis requires exclusion of the entire report. The testimony simply does not (and cannot) opine on the causal question at issue in this case: whether the City's actions (e.g., placing portable toilets and lights in the CHOP area, removing lights, altering garbage pickup, modifying police services) caused the alleged nuisance—i.e., CHOP. To the extent Piza's study seeks to understand the effects of the SPD's withdrawal from the East Precinct, its relevance is even more tenuous. *See* Iverson Dec. Ex. 5 (Piza Rep. at 7 ("this study may further be considered a test of police abolition" given the SPD's vacation of the East Precinct)). As Plaintiffs made clear during briefing on the City's summary judgment motion, neither of their remaining claims is based on the City's decision to vacate the East Precinct. Dkt. 124 at 16 (citing City's alleged support and facilitation of CHOP, post-formation, as basis for nuisance claim); *id.* at 23 (citing City's alleged encouragement of protesters' physical occupation of CHOP during CHOP as basis for access takings claim). Piza's analysis is therefore irrelevant to Plaintiffs' remaining claims and thus unhelpful to the jury.

**C.    Van Zandt's Damages Testimony Should Be Excluded to the Extent it Fails to Disaggregate Covid-19 Harms from Alleged CHOP Harms.**

With the Court's dismissal of all but two of Plaintiffs' causes of action, Plaintiffs are now entitled to seek damages only for their nuisance and access-based takings claims. The measure of damages for Plaintiffs' nuisance claim is the "diminished rental or use value" of each Plaintiff's specific piece of real property. *Wilson v. Key Tronic Corp.*, 40 Wn. App. 802, 811 (1985); *see also Miotke v. City of Spokane*, 101 Wn.2d 307, 332 (1984) ("Where the injury to land is temporary, the measure of damages is the diminished rental value if the property is to be rented, or the diminished value of its use if the property is to be used by the owner."), *abrogated in part by Blue Sky Advocates v. State*, 107 Wn.2d 112, 121 (1986). Plaintiffs are entitled to nuisance damages only for the period during which the nuisance actually existed. *Vance v. XXXL Dev., LLC*, 150 Wn.

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 11
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

App. 39, 43 (2d Div. 2009) (damages incurred during ongoing nuisance recoverable after nuisance has abated).  In this case, the alleged nuisance was the CHOP, which necessarily abated after the City cleared the area of CHOP protesters and reoccupied the East Precinct.  Dkt. 165 at 33-34, 37 ("Plaintiffs' nuisance claim is based on the City's affirmative actions in support of CHOP."); Iverson Dec. Ex 7. (Van Zandt Dep. 36:13-24) ("Q. But there would be no event prior to June 8th that would be categorized as due to CHOP, correct? . . . A. I wouldn't think so.").

Because no claim for a temporary taking of access exists under Washington law, the appropriate measure of damages is unclear.[6]  *See Pande Cameron & Co. of Seattle, Inc. v. Cent. Puget Sound Regional Transit Auth.*, 610 F. Supp. 2d 1288, 1305 (W.D. Wa. 2009) (no damages available for permanently modified access to property where "plaintiff and his customers still have access to the property").  For purposes of this motion, the City assumes that the measure of damages would be similar to the measure of damages for a temporary regulatory taking, i.e., the market value of the use of land during the period of the temporary taking.  *See First Eng. Evangelical Lutheran Church of Glendale v. Los Angeles Cty.*, 482 U.S. 304, 318-19 (1987).[7]

Where damages are warranted, the jury's objective is "to place the injured party in the condition in which he would have been had the wrong not occurred." *Flint v. Hart*, 82 Wn. App. 209, 222 (3d Div. 1996).  This goal must be accomplished without "result[ing] in a windfall to the plaintiff." *Id.* at 221.  Van Zandt does not tie his analysis to either measure of damages that may be available to Plaintiffs upon a finding of City liability.  In particular, Van Zandt does not

---

[6] The City separately has moved for reconsideration of the Court's denial of its summary judgment motion as to the access claim, on the grounds that no such cause of action exists in Washington. Dkt. 167.  If the Court denies the City's motion for reconsideration and the access claim remains, the City requests that the Court certify the question of the appropriate measure of damages to the Washington Supreme Court.  RCW 2.60.020.

[7] Moreover, any damages awarded as a result of nuisance liability could not also be awarded as condemnation damages if the Plaintiffs prevail on their lack of access claim. *See, e.g.*, *City of Spokane v. Canyon Greens, LLC*, 107 Wn. App. 1005, 2001 WL 772498, at *6 (3d Div. July 10, 2001) (unreported) (dismissing nuisance claim after jury verdict awarded damages for nuisance and inverse condemnation for the same properties); *accord Wilson*, 40 Wn. App. at 816 (3d Div. 1985) ("Where nuisance and inverse condemnation claims are brought together, permanence of damage is required.").

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 12
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  sufficiently disaggregate the effects of the Covid-19 pandemic, which was ongoing during CHOP,
2  from the effects of CHOP itself.  Even if the City is found liable for harms suffered because of
3  CHOP, Plaintiffs should not be permitted to recover from the City for harms they simultaneously
4  suffered because of Covid.[8]

5  Van Zandt does not grapple with the effects of Covid-19 on the commercial real estate
6  market other than by referencing a single Colliers market report from Q4 of 2021, nearly a year-
7  and-a-half after CHOP ended.  Iverson Dec. Ex. 8 (Van Zandt Rep. at 10).  Without attaching the
8  Colliers report, Van Zandt describes it as stating that commercial tenants adopted a "wait and see
9  approach" for rentals and that rental rates of certain commercial properties "were largely
10 unaffected."  *Id.* (Van Zandt Rep. at 10).  Van Zandt otherwise accounts for the effects of Covid-
11 19 by adopting the self-serving observations of Plaintiffs—for example, by accepting Hunters
12 Capital's representations that its tenants moved out of their spaces "because of CHOP."  Iverson
13 Dec. Ex. 7 (Van Zandt Dep. 44:1-9) (testifying that Hunters Capital representative relayed
14 Gamestop "moved out because of CHOP"); *id.* (Van Zandt Dep. 60:15-63:7).  From the Colliers
15 report and his discussions with Plaintiffs, Van Zandt concludes that Covid-19 increased the
16 vacancy period for Hunters Capitals' commercial properties by 50%.  Iverson Dec. Ex. 8 (Van
17 Zandt Rep. at 10).  That is, Van Zandt assumes it should have taken 50% longer for Hunters
18 Capital to re-let its commercial spaces than it would have taken had Covid-19 not been a factor.
19 *Id.*  His calculations of lost rental value follow from this unfounded assumption.

20 Without a robust market valuation analysis to determine the true effects of Covid-19 on the

---

[8] Allowing Plaintiffs to recover damages incurred due to Covid-19 would not only result in a "windfall" vis-à-vis the City's conduct but would also put Plaintiffs in a superior economic position to the many other businesses in Seattle that suffered from the effects of Covid-19.  Plaintiffs' back-door recovery for Covid-19 harms could open the floodgates for other creative litigants to attempt to recoup economic losses suffered during the pandemic through indirect channels.

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 13
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717

1  commercial and residential real estate markets during and after CHOP,[9] Van Zandt's Covid-19
2  assumptions lack proper foundation. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 466
3  (9th Cir. 2014) ("*Daubert* continues to require that the proponent of expert testimony lay a proper
4  foundation, but now laying a proper foundation means establishing relevancy and reliability rather
5  than mere general acceptance."), *overruled in part by United States v. Bacon*, 979 F.3d 766, 770
6  (9th Cir. 2020); *Trevino v. Gates*, 99 F.3d 911, 922-23 (9th Cir. 1996) (not erroneous to exclude
7  expert damages testimony for lack of foundation).

8      The same fatal flaw applies to Van Zandt's analysis of the residential real estate market.
9  To account for Covid-19's effects on the residential market, Van Zandt "adjusted the average
10 monthly revenue for the 12-month period immediately prior to CHOP to account for the expected
11 Covid-19 impact." Iverson Dec. Ex. 8 (Van Zandt Rep. at 33). Van Zandt does not furnish *any*
12 basis for the Covid-19 adjustments he made. His adjustments are accordingly arbitrary, and his
13 calculations lack proper foundation. *Trevino*, 99 F.3d at 923.

14     Van Zandt's analysis of the alleged commercial and residential real estate losses of the
15 property-owner-and-manager plaintiffs (Hunters Capital, Madrona, Redside, and Richmark) will
16 not assist the jury in disaggregating the effects of CHOP from the effects of Covid-19 in the
17 commercial real estate market and accordingly should be excluded under FRE 702 as unhelpful.
18 *Daubert*, 509 U.S. at 591.

### IV. CONCLUSION

20     For the foregoing reasons, the City requests that the Court exclude testimony from the
21 following experts: Shane, Piza, and Van Zandt.

---

[9] Particularly because Van Zandt is not a real estate market appraiser, he should not be permitted to opine on the effects of Covid-19 on the commercial real estate market in a vacuum. *See Stop Staring! Designs v. Tatyana, LLC*, 625 Fed. Appx. 328, 330 (9th Cir. Aug. 31, 2015) (unreported) (excluding damages testimony from expert "lacking expertise in the industry").

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE
TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND
VAN ZANDT - 14
(Case No. 20-cv-00983-TSZ)

DATED this 2nd day of February, 2023.

I certify that this memorandum contains 5,009 words, in compliance with the Local Civil Rules.

ANN DAVISON
Seattle City Attorney

By: *s/ Joseph Groshong*
    Joseph Groshong, WSBA# 41593
    Assistant City Attorney
    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104
    Tel: (206) 684-8200
    Fax: (206) 684-8284
    Joseph.Groshong@seattle.gov

HARRIGAN LEYH FARMER & THOMSEN LLP

By: *s/ Arthur W. Harrigan, Jr.*
By: *s/ Tyler L. Farmer*
By: *s/ Shane P. Cramer*
By: *s/ Erica R. Iverson*
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    Shane P. Cramer, WSBA #35099
    Erica R. Iverson, WSBA #59627
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel: (206) 623-1700
    arthurh@harriganleyh.com
    tylerf@harriganleyh.com
    shanec@harriganleyh.com
    ericai@harriganleyh.com

*Attorneys for City of Seattle*

CITY OF SEATTLE'S RULE 702 MOTION TO EXCLUDE TESTIMONY BY PLAINTIFFS' EXPERTS SHANE, PIZA, AND VAN ZANDT - 15
(Case No. 20-cv-00983-TSZ)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700   FAX (206) 623-8717